IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927

| | |
|---|---|
| BRENT ROBERTS and, <br> REGINALD E. BLOOM, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> GASTON COUNTY, NORTH CAROLINA, CHAD BROWN, In His Individual Capacity, and STEPHEN ZILL, In His Individual Capacity, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT CHAD BROWN'S AMENDED BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant Chad Brown ("Brown") offers this brief in support of his Motion to Dismiss Plaintiffs' Amended Complaint ("Complaint") as follows:

## INTRODUCTION

Pursuant to the Federal Rules of Civil Procedure Rules 12(b)(1)(2) and (6), Brown moves to dismiss all claims asserted against him for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted. Gaston County is governed by an elected Board of Commissioners ("Board") provided with authority to organize the county government. N.C.G.S. 153A-76. Brown is an elected member of the Board and was selected as the Chairman in accordance with N.C.G.S. 153A-39. [D.E. 31, ¶2]. The General Assembly provides the "Chief of Police of the Gaston County Police Department shall, subject to the approval of the Board, be appointed to office by the County Manager." N.C. State Law 1983- 904(3). No individual member of the Board is given superior authority or ability to act unilaterally with approval of appointment. *Id.*

1

Case 3:24-cv-00927-FDW-DCK    Document 53    Filed 04/04/25    Page 1 of 18

Plaintiffs allege violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 for racial discrimination and retaliation, but Plaintiffs failed to exhaust administrative remedies, failed to state a claim upon which relief can be granted. This Court lacks jurisdiction over Plaintiffs' Title VII claim for failure to exhaust all necessary administrative remedies. Brown was not named as a Respondent nor mentioned in any Equal Employment Opportunity Commission ("EEOC") Charge. [D.E. 31, Ex. 2-5]. Plaintiffs' Title VII claim fails because Brown is not their "employer" and is time-barred as more than 180 days have passed.

"Plaintiffs who do not prevail under Title VII cannot prevail under §§ 1981 or 1983." *Settle v. Baltimore County*, 34 F. Supp. 2d 969, 995 (D.Md. 1999) ("Plaintiff's . . . failure to establish a prima facie case under Title VII . . . is fatal to his claims under §§ 1981 [and] 1983." For the same reasons, Plaintiffs' claims under §§ 1981 and 1983 fail. Thus, Plaintiffs do not allege sufficient factual allegations against Brown. Brown is entitled to qualified, sovereign and legislative immunity. When a government official is sued in their individual capacity, qualified immunity applies "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Sovereign immunity extends to state agencies and other government entities properly characterized as "arms" of the State. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993). "Members of local governmental bodies are entitled to absolute legislative immunity from claims against them arising out of their actions in a legislative capacity." *Roberson v. Mullins*, 29 F.3d 132, 134 (4th Cir. 1994). Brown is entitled to immunity and should be dismissed.

## STATEMENT OF FACTS

Brown is an elected official who sits as the Chairman of the Board. [D.E. 31, ¶2]. Brown has been Chairman since December 2022 and served since 2016. [*Id.* at ¶8]. Despite Plaintiffs' EEOC charges against Gaston County, Brown has never been served, been a Respondent, or mentioned in any EEOC Charge, nor has a Notice of a Right to Sue been issued [*Id.*, Ex. 2-5]. Plaintiffs never allege Brown's actions fell outside of the scope of his duties as an elected official. [*See* D.E. 31]. A single commissioner may not select or appoint a Police Chief, and just like the other commissioners, Brown merely approved the County Manager's appointment of the Police Chief. [*Id.* at ¶¶7, 37].

## ARGUMENT

A motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must give defendants "fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555. The complaint must be supported by factual allegations. *Id.* While legal conclusions can provide the framework of the complaint, neither legal conclusions nor conclusory statements are sufficient themselves, and such statements are not entitled to presumption of truth. *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, Plaintiffs must allege "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* "Threadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Generally, a court's evaluation under Rule 12(b)(6) is limited to allegations within the complaint, but the court may also consider documents incorporated. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). Additionally, the court may take judicial notice of public records. Fed. R. Evid. 201; *Tellabs, Inc. v. Makor Issues & Rts Ltd.*, 551 U.S. 308, 322 (2007).

Pursuant to Rule 12(b)(1) and (2), a case must be dismissed where the Court lacks jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court lacks jurisdiction for failure to exhaust administrative remedies as civil actions under Title VII may be brought only "against the respondent named in the charge." § 2000e-5(f)(1); *Alvarado v. Bd. of Tr. of Montgomery Cmty. Coll.*, 848 F.2d 457, 458 (4th Cir. 1988). Since Brown is not a named party within Plaintiffs' EEOC charges nor issued a "Notice of Right to Sue" letter, the claims against Brown should be dismissed. [D.E. 31, Ex. 3].

**A. Plaintiffs' failed to exhaust administrative remedies with the EEOC as to Brown as to their Title VII claim.**

Brown is not a named party; directly or indirectly through any attachment as to Plaintiffs' EEOC Charges. [D.E. 31, Ex. 2-5]. The naming requirement under Title VII precludes a plaintiff from stating a claim against any defendant not named in an EEOC charge. *Dale v. N.C. Sch. of Sci. & Mathematics Found.*, No. 1:23CV501, 2024 U.S. Dist. LEXIS 165921, at *7 (M.D.N.C. Sep. 16, 2024). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "Rather than a formality to be rushed through," the exhaustion requirement is "an integral part of

4

the Title VII enforcement scheme." *Chacko v. Patuxent Inst.,* 429 F.3d 505, 510 (4th Cir. 2005). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

Here, Brown was not named in any EEOC charge, no Right to Sue Notice has been issued with respect to Brown, and his name did not appear in any Charge. [D.E. 31, Ex. 2-5]. Therefore, Plaintiffs' Title VII claim should be dismissed as to Brown.

### 1. Brown is not an "employer" under Title VII.

Plaintiffs allege they are employees of the County not Brown. [D.E. 31, ¶¶ 2-3]. Individual employees are not liable in their individual capacities for Title VII violations because such individuals are not "employers" under Title VII. *Ward v. Coastal Carolina Healthcare PA*, 597 F. Supp 2d 567 (E.D.N.C. 2009) (internal citations omitted). Because Brown is an individual sued in his individual capacity, he is not considered an "employer" within the Title VII definition and any Title VII claim should be dismissed as to Brown. [See D.E. 31].

### 2. Plaintiffs' Title VII claims are at least partially time-barred.

"In order to state a claim for a violation of Title VII, the plaintiff must file an EEOC charge within 180 days after the alleged unlawful employment action occurs." *Beall v. Abbott Lab.*, 130 F.3d 614, 620 (4th Cir. 1997); 42 U.S.C.A. § 2000e-5(e)(1). Failure to file a timely complaint with the EEOC bars the claim in federal court. *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994) While Plaintiffs' charges were not filed against Brown, the allegations within the charges allege discrimination occurred on August 5, 2023 and on November 14, 2023, which was filed outside the 180-day statute of limitations. [D.E. 31, ¶¶58, 62, 77, 82; Ex. 2, 4-5].

Therefore, the allegations are at least partially time-barred Title VII claims and should be dismissed.

### B. Plaintiffs' §§ 1981 and 1983 claims are improper against Brown.

Plaintiffs' assertion of individual capacity claims pursuant to §§ 1981 and 1983 against Brown fail as Brown is a state actor and sued in his individual capacity. [See D.E. 31].

#### 1. Plaintiff cannot maintain a § 1981 claim as Brown was acting in his capacity as a state actor.

"The rights protected by [§ 1981] are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). "[W]hen suit is brought against a state actor, § 1983 is the exclusive federal remedy for violation of the rights guaranteed in § 1981." *Dennis v. Cnty of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).

Plaintiffs alleged Brown was acting under color of state law, exercising powers given to him by virtue of his role as Chairman. [D.E. 31, p. 35]. Thus, Brown was acting as a state actor and "cannot be the target of a § 1981 claim." *Simmons v. City of Southport*, No. 7:21-CV-130-BO, 2022 U.S. Dist. LEXIS 137968, 2022 WL 3093741, *9 (E.D.N.C. Aug. 2, 2022). Accordingly, Plaintiffs' § 1981 claims against Brown should be dismissed for failure to state a claim.

#### 2. Plaintiffs' § 1983 claims fail based on individual capacity.

"[T]o successfully maintain a § 1983 action, the plaintiff bears the burden of proving (1) the defendant was acting under color of state law in the actions complained of, and (2) the defendant deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). If there is no violation of a federal right, there is no basis for a § 1983 action. *Cannon v. City of Emporia*, 1997 U.S. Dist. LEXIS 23557, *7-8 (E.D. Va. 1997). "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18, 102 S. Ct. 445, 70 L.

6

Ed. 2d 509 (1981) (internal quotations omitted). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "[M]ere incantation of the term 'individual capacity' is not enough to transform an official capacity action to an individual capacity action." *Adams v. Ferguson*, 884 F.3d 219 (4th Cir. 2018). Lawsuits against officials in their individual capacities require assertions that the official in question was personally involved in the deprivation of a plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). "By its essential nature, an individual or personal capacity suit against an officer seeks to hold the officer personally liable for wrongful conduct taken in the course of [his] official duties." *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015); see *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995) (citing *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir.1991) (finding a personal capacity claim where "the unconstitutional conduct alleged involves [the defendant's] individual actions and nowhere alludes to an official policy or custom that would shield him from individual culpability")).

Plaintiffs failed to state sufficient allegations for Brown for a § 1983 claim. [See D.E. 31]. Plaintiffs allege Brown and Zill participated in the selection process for a new Chief of Police and/or Assistant Chiefs of Police and altered County's promotional policies to discriminate, but Plaintiffs do not allege how these actions personally involved Brown nor deprived them of their rights. [D.E. 31, ¶ 113]. Instead, these are at most "discretionary authority regarding operational aspects of government." *Spell v. McDaniel*, 824 F.2d 1380, 1386 (4th Cir. 1987). "Absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position." *Boone v. Goldin*, 178 F.3d 253, 256-57 (4th Cir. 1999).

7

Roberts admits his transfer into a different role was not a reduction in salary, only patrol made it dangerous and he works less preferred hours. [D.E. 31, ¶ 71]. Plaintiffs' allegations are based on Brown's statutory obligations as one of the members of the Board and are mere conclusory statements. [*Id.* at ¶¶7, 37]. Plaintiffs lack factual allegations how Brown violated or deprived any Constitutional right. *Id.* Plaintiffs allege Zill and Brown departed from County's policies to discriminate. *Meadows*, 66 F.3d at 61. Plaintiffs do not contend County's policies were the moving force behind discriminatory conduct and do not contend discriminatory actions were outside the scope of official duties. *Auriemma v. Rice*, 957 F.2d 397, 400 (7th Cir. 1992) ("Liability for unauthorized acts is personal; to hold the municipality liable … the agent's action must implement rather than frustrate the government's policy."). Thus, Plaintiffs have failed to state a claim.

### a. Plaintiffs lack standing to bring a claim.

Plaintiffs must show they have standing to bring their claims. *Raines v. Byrd*, 521 U.S. 81, 818 (1997). To establish standing, Plaintiffs must "show (i) that [they] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion v. Ramirez, LLC*, 141 S. Ct. 2190, 2203 (2021).

Plaintiffs failed to allege an injury in fact or a "personal stake" sufficient to confer Article III standing as to any claims related to the promotional process. *Raines*, 521 U.S. at 818. Plaintiffs do not have standing to challenge the November 2023 Chief of Police process because neither participated in that process, and neither was directly injured or subjected to discrimination.

### b. Brown is not the final decision-maker and the § 1983 claim is essentially a *respondeat superior* claim.

Perceptions of an employee's own qualifications or performance level are irrelevant – only the decisionmaker's perception matters. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960-61 (4th Cir. 1996). "Job performance and relative employee qualifications are widely recognized as valid, non-discriminatory basis for any adverse employment decision." *Id.* at 960. Absent a policy to the contrary, an employer is not constrained or required to promote according to or even consider seniority. *Hux v. City of Newport News, Va.*, 451 F.3d 311, 316 (4th Cir. 2006). Whether an individual has "final policymaking authority" necessary for municipal liability is a matter of state law and is a question for the court. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 118 (1988). "If the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be indistinguishable from *respondeat superior* liability." *Id.* at 127. If a municipality's policymakers could insulate the municipality from liability just by delegating policymaking authority, § 1983 could not serve its purpose. *Praprotnik*, 485 U.S. at 126-127. When the discretionary decisions of a municipal official are constrained by policies he did not make, those policies are the act of the municipality, not the subordinate's departures from them. *Id.* at 127. When a municipal official's discretionary decisions are subject to review by the authorized policymakers of the municipality, the municipality retains the authority to determine whether the official's conduct conforms with its policies. *Id.* A municipality's ratification or approval of the official's discretionary decisions is chargeable to the municipality because the municipality's decision is final. *Id.*

Plaintiffs allege Defendants changed the August 2024 Assistant Chief of Police process to exclude Roberts because of his race but not Bloom despite being the same race. [D.E. 31, ¶¶63, 100(f)]. Though Plaintiffs believe they were qualified for the Assistant Chief positions, Plaintiffs' perceptions of their own qualifications or performance level are irrelevant and decisions based on

9

job performance and employee qualifications are widely recognized as valid, non-discriminatory basis for any adverse employment decision. These conclusory allegations are without foundation and do not show that Brown is the "final policy making authority" for the County as there is no specific policy cited. Plaintiff concedes Brown is one member of the multi-member Board yet contends he "holds significant influence" over County's affairs regarding its operational policies and procedures, deprived Plaintiffs of the right to be free from race discrimination and altered longstanding promotional policies to discriminate against Plaintiffs by citing North Carolina State Law 1983-904, H626 ("S.L. 1983-904") regarding the statutory qualifications for selection of the Chief of Police by the County Manager. [*Id.* at ¶¶8, 46, 63-64, 92, 97, 98, 100, 107, 133, 115]. Pursuant to S.L. 1983-904, the Police Chief is appointed by the County Manager, subject to the approval of the Board, and is thereafter, "responsible and accountable to the County Manager for the fulfillment of all the duties and responsibilities" of the Gaston County Police Department ("GCPD"). S.L. 1983-904, Sec. 3. The Board may establish additional GCPD employment requirements as well as "general rules, regulations, and requirements for the conduct and services of the employees of the [GCPD]…" S.L.1983-904, Sec. 4. Promotions within GCPD "shall be made by the Chief of Police pursuant to policies and procedures adopted by the Board of s . . ." S.L. 1983-904, Sec. 8. Gaston County Civil Service Board "shall review the personnel policies of the [GCPD] and shall make recommendations to the County Manager for revisions of the police personnel policy and the Board shall review and adopt the personnel policies of the [GCPD], making such changes as it deems necessary and in the best interests of the [GCPD] and the County." S.L. 1983-904, Sec. 16(e).

     Plaintiffs' reliance on S.L. 1983-904 is misplaced as it contradicts Plaintiffs' contention that Brown and Zill are the "final policy making authority" for County as neither the Police Chief nor the Board Chairman are identified as "final policymakers" under this law. Because Plaintiffs'

10

claims are unsupported by law, this Court is not required to accept this contention as true and should not do so. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (the court "need not accept the legal conclusions drawn from the facts, and [they] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"). Rather than alleging the County's policy is the "moving force" behind the alleged constitutional deprivation, Plaintiffs claim County and Board "through the efforts of" Brown and Zill departed from the County's policy. [D.E. 31, ¶100]; *Praprotnik*, 485 U.S. at 127. Thus, Plaintiffs simply alleged 1983 liability against County based on *respondeat superior* and should be dismissed.

### C. Plaintiffs' claims are barred by applicable immunities.

Any alleged wrongdoing is barred by qualified, governmental, and sovereign immunities. Brown performed official governmental and legislative duties and did not violate a clearly protected right of Plaintiffs. [See D.E. 31].

#### 1. Brown is entitled to qualified immunity since "clearly established" right was violated.

Plaintiffs' insufficiently pled that Brown violated Plaintiffs' clearly established rights, and Brown is entitled to qualified immunity as any actions were within his capacity as a government official. *Torchinsky v. Siwinski*, 942 F.2d 257, 261 (4th Cir. 1991). Qualified immunity shields "government officials performing discretionary functions…from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). The violated "…right must not be defined 'at a high level of generality' but with precision." *City & Cnty. of S.F. v. Sheehan*, 575 U.S. 600 (2015), *Mays v. Sprinkle*, 992 F.3d 295, 301 (4th Cir. 2021). All individual or personal capacity claims against a government official are barred unless he acted "plainly incompetent . . . knowingly violate[d] the law." *Ashcroft v. al- Kidd*, 563 U. S. 731, 743, 563 U.S. 731, 131 S. Ct. 2074, 2085, 179 L. Ed. 2d 1149,

11

1160 (2011). A Court reviewing qualified immunity considers whether "the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). Thus, if there has been no constitutional violation, the officer is entitled to qualified immunity. *Id*. If the facts could establish a constitutional violation, the Court must analyze whether the constitutional right alleged to have been violated was "clearly established" at the time of the officer's actions. *Id*. The inquiry into whether a right is clearly established must "be undertaken in light of the specific context of the case" and "not as a broad general proposition." *Id*. The right would be "clearly established" for qualified immunity purposes by decisions of the U.S. Supreme Court, the Fourth Circuit Court of Appeals, or the highest court of the state where the case arose. *Wilson v. Layne*, 141 F.3d 111, 114 (4th Cir. 1998). This inquiry is limited to the law at the time of the incident, as "an official could not be reasonably expected to anticipate subsequent legal developments." *Harlow*, 457 U.S. at 818. It is well settled that officials are entitled to qualified immunity if there are no factual allegations the defendant had a reason to know. *Mays,* 992 F.3d at 302.

Plaintiffs have not alleged Brown deprived them of any constitutional rights that were clearly established at the time of the action. [See D.E. 31]. Plaintiffs' generic statements and broad propositions do not demonstrate a "clearly established" right. *Id.* Brown maintains he is entitled to qualified immunity and should be dismissed.

### 2. Brown is also entitled to sovereign immunity when implementing policy.

The Eleventh Amendment also precludes suits against a state by one of its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662- 63, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). This immunity extends to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.,* 242 F.3d 219, 222 (4th Cir. 2001). Waiver of sovereign immunity does not apply to claims "based upon the exercise or performance or the failure to exercise or perform a

12

Case 3:24-cv-00927-FDW-DCK    Document 53    Filed 04/04/25    Page 12 of 18

discretionary function or duty on the part of [the United States], whether or not the discretion involved be abused." *Blanco Ayala v. United States*, 982 F.3d 209, 214 (4th Cir. 2020). "Determining whether the discretionary function exception applies requires application of a two-pronged test. *Wood v. United States*, 845 F.3d 123, 128 (4th Cir. 2017). First, the court must evaluate "whether the conduct in question involves an element of judgment or choice." *Id.* The exception does "not apply when a federal statute, regulation, or policy specifically prescribes a course of action for [a government] employee to follow." *Ayala*, 982 F.3d at 214. Second, "[i]f the challenged conduct is the product of judgment or choice," the court must analyze "whether the challenged conduct is of the kind that the discretionary function exception was designed to shield, i.e., a decision based on considerations of public policy." *Clendening v. United States*, 19 F.4th 421, 432 (4th Cir. 2021) cert. denied, 143 S. Ct. 11, 214 L. Ed. 2d 222 (2022). "In conducting this analysis, the court considers the decision 'in the objective, or general sense' to determine whether it is one '[the court] would expect inherently to be grounded in considerations of policy,' not whether the government agent involved in the case actually contemplated policy considerations in making their decisions." *Baum v. United States*, 986 F.2d 716, 721 (4th Cir. 1993).

The allegations against Brown are mere conclusionary statements of actions made within Brown's official capacity. [See D.E. 31]. Second, Brown's actions, along with all other members of the Board, were policy-level choices as the Board is tasked with making policy and approving nominations, such as Chief of Police, which requires some discretion. [*Id.* at ¶¶7, 37]. In general, approval of a County Manager's nomination requires all Board members to exercise discretion in approval or denial. *Id.* Thus, Brown is entitled to sovereign immunity.

13

### 3. Brown is also entitled to legislative immunity while performing policy changes.

Legislative immunity guarantees the right "of legislators to be free from arrest or civil process for what they do or say in legislative proceedings." *Wash. Suburban Sanitary Comm'n*, 631 F.3d at 180-81. "[L]ocal legislators are entitled to absolute immunity from § 1983 liability for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (holding local officials performing legislative functions are protected by legislative immunity). "The determination of legislative immunity is based on the function being fulfilled— not the title of the actor claiming immunity." *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 470 (4th Cir. 2012). Actions that qualify as legislative "typically involve the adoption of prospective . . . rules that establish a general policy affecting the larger population. They also generally bear the outward marks of public decision making." *Wash. Suburban Sanitary Comm'n*, 631 F.3d 174, 177 (4th Cir. 2011).

Creating and changing governmental policies are assigned authority of the Board. N.C.G.S. §153A-77. The Board is given powers to perform legislative activities for County and any action to change policy by the Board within a legislative capacity. [D.E. 31, ¶113]. Any changes to promotional processes were within the legislative authority of the Board and affected a larger population, the entire Gaston County Police Department, which employs 150 officers and 100 civilians. [*Id.* at ¶¶4-7]. As a result, Brown is entitled to legislative immunity.

### CONCLUSION

Pursuant to the Federal Rules of Civil Procedure Rules 12(b)(1)(2) and (6) and all applicable immunities, Brown moves to dismiss all claims for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted.

This the 4th day of April, 2025.

                              **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

                    BY:   */s/ Jennifer B. Milak*
                              Jennifer B. Milak
                              State Bar No. 28853
                              P.O. Box 19207
                              Raleigh, NC 27619-9207
                              Telephone: (919) 873-0166
                              Facsimile: (919) 873-1814
                              jmilak@teaguecampbell.com
                              ***Attorney for Defendant Chad Brown***

## NO USE OF ARTIFICIAL INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

## WORD COUNT CERTIFICATION

Pursuant to this Court's Initial Scheduling Order, the undersigned hereby certifies that the word count for this Memorandum, not including the case caption, signature block, certification of service, or any certificates of counsel, is 4,479 words.

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing in the above-entitled action upon all other parties to this cause through the Court's electronic filing system and as follows:

Jenny L. Sharpe
J Sharpe, PLLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
sharpeattorney@gmail.com
***Attorney for Plaintiff***

Julie H. Foshbinder
Foshbinder Law Office
840 Seneca Place
Charlotte, NC 28210
jhanfos2@gmail.com
***Attorney for Plaintiff***

Kathleen K. Lucchesi
Daniel Q. Leake II
Jackson Lewis
200 South College Street
Suite 1550
Charlotte, NC 28202
Kathleen.Lucchesi@jacksonlewis.com
Daniel.Leake@jacksonlewis.com
***Attorneys for Defendants Gaston County and Stephen Zill***

This the 4th day of April, 2025.

          **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

          BY: __*/s/ Jennifer B. Milak*__
                Jennifer B. Milak
                ***Attorneys for Defendant Chad Brown***