IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927

| | |
|---|---|
| BRENT ROBERTS and, <br> REGINALD E. BLOOM, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> GASTON COUNTY, NORTH CAROLINA, CHAD BROWN, In His Individual Capacity, and STEPHEN ZILL, In His Individual Capacity, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT CHAD BROWN'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Chad Brown ("Brown") submits this Reply to Plaintiffs' Response in Opposition of Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Response") to Plaintiffs' Amended Complaint ("Complaint") for failure to state a claim upon which relief may be granted.

**I. Plaintiffs' failed to state a claim against Brown.**

While Plaintiffs only need to provide fair notice of the claim and the basis for such claim to survive a motion to dismiss, the Complaint must provide factual allegations that rise above speculation. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010) ("[A]lthough [the] complaint conclusory alleges that [Plaintiff] was terminated based on his race, it does not assert facts establishing the plausibility of that allegation."). Plaintiffs concede that the only allegation asserted in their Complaint as to Brown is pursuant to Section 1983. [D.E. 49, p.6]. When a suit is brought against a state actor, such as Brown, 42 U.S.C. § 1983 "is the exclusive

1

federal remedy for violation of the rights guaranteed in § 1981." *Id.*; *Dennis v. Cnty of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).

Plaintiffs do not allege that Defendant Brown was their supervisor, employer, or was the decision-maker for matters concerning their employment. Instead, Plaintiff alleges it was the Board of Commissioners who was charged with providing policy direction, was responsible for establishing policies and procedures, and who had the final policy making authority. [D.E. 31, ¶¶ 6, 7, and 8]. With respect to who received promotions within the Police Department, Plaintiff alleges it was the Chief of Police who made all promotion decisions. [D.E. 31, ¶¶ 9, 18, and 46]. While making the conclusory statement that Defendant Brown substantially influenced others without any supporting factual allegations, Plaintiff failed to allege Defendant Brown was responsible for or even principally responsible for any employment related decision concerning the Plaintiffs.

Plaintiffs' allegations are classic defendant-unlawfully-harmed-me accusations without any foundation in fact or law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, Brown is entitled to applicable immunities under the law.

**A. Plaintiffs' concedes Title VII and Section 1981 claims are improper, and Plaintiffs' Section 1983 claims fail as a matter of law.**

Plaintiffs concede no Title VII or Section 1981 claim is asserted against Brown. [D.E. 49, p.6]. Plaintiffs' acknowledge that Section 1983 must be used as the vehicle to make a Section 1981 claim against a state actor to show that Brown intended to discriminate against them based on their race, and the discrimination interfered with their contractual interests. [D.E. 49, p.6]; *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006). A Section 1981 claim alleging race as a motivating factor will not withstand a motion to dismiss. *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 337-341 (2020). Plaintiffs "must initially plead

2

and ultimately prove that, but for race, [they] would not have suffered the loss of a legally protected right." *Id.* at 341.

Plaintiffs state in their Complaint and Response that their race was both a "motivating factor" and "the" factor in decisions that resulted in discrimination. [D.E. 31, ¶¶ 88, 102-03, 113]. However, allegations of a motivating factor do not withstand a motion to dismiss and therefore are improper. *Comcast*, 589 U.S. at 337-341 (2020). No individual member of the Board, including Brown, is given superior authority or ability to act unilaterally. N.C. State Law 1983- 904(3) states the "Chief of Police of the [GCPD] shall, subject to the approval of the Board, be appointed to office by the County Manager." Plaintiffs allege that Brown's "direct participation" in the selection process of Police Chief and/or Assistant Chiefs resulted in discrimination against them. [D.E. 49, p.7-8]. However, Brown's statutorily defined official role in the process is to, along with all other members of the Board, approve or disapprove of the nomination of Chief of Police by County Manager. N.C. State Law 1983- 904(3). Plaintiffs assert that Brown is an "enabler" of decisions based on discrimination against them, but this conclusory statement does not equate to a "but for" factor required under law. *Id.*

Similarly, Plaintiffs are unable state an adverse action by Brown that made them "worse off." [D.E. 49, p.8]. Plaintiffs position that Brown made them "worse off" by modifying GCPD policies as Chairman of the Board and inserting himself into the selection process for Chief and Assistant Chief, with unlawful motivation of race discrimination is plain wrong. [D.E. 49, p. 10]. The authority to modify these GCPD policy, including the promotional process of the police department, does not lie with Brown. First, any promotions within GCPD "shall be made by the Chief of Police pursuant to policies and procedures adopted by the Board of Commissioners . . ." S.L. 1983-904, Sec. 8. Those policies and procedures are adopted by the Board as a whole not by

3

a single board member such as Brown. *Id.* Second, the Gaston County Civil Service Board "shall review the personnel policies of the [GCPD] and shall make recommendations to the County Manager for revisions of the police personnel policy and the Board of County Commissioners shall review and adopt the personnel policies of the [GCPD], making such changes as it deems necessary and in the best interests of the [GCPD] and the County." S.L. 1983-904, Sec. 16(e). The authority to change personnel policies lies with the Gaston County Civil Board, who makes recommendations to the County Manager, and the Board may review and adopt policies as necessary. The duty to modify policies does not lie with Brown or even solely with the Board, and Plaintiff's assertion of discrimination based upon this theory is improper. [D.E. 49, p. 8]. Plaintiff does not cite a specific policy that has been changed only that job requirements have changed for the years of experience required for Chief of Police. [D.E. 49, p. 3]. Additionally, Plaintiffs have not alleged that Brown is responsible for the transfer in role of Roberts or specific promotion or demotion of Bloom. *Id.* Plaintiffs do not definitively contend that County's policies were the moving force behind the discriminatory conduct. *Id.*

**Brown is entitled to immunity.**

In the alternative, Brown maintains that he is entitled to applicable immunities. Because Plaintiffs suit is truly an official capacity suit as to Brown under Section 1983 claims, sovereign and governmental immunity shield Brown from this suit. *Will v. Michigan Dept. of Police*, 491 U.S. 58, 71 (1989). Plaintiffs cite that the clearly established right that was violated is that employees have a right to be free from racial discrimination in promotion practices, but Brown is not responsible for promotional practices of Plaintiffs. *Bennett v. NC DOT*, 2007 U.S. Dist. LEXIS 86725 *27 (M.D.N.C. Nov. 26, 2007). Therefore, Plaintiffs have not stated in their Complaint or Response a clearly established right that Brown violated.

4

While Brown denies implementing any discriminatory policies as to the promotional procedures for the Police Department, which as described above are statutorily held duties with a different official, he would be entitled to absolute legislative immunity in his individual capacity for such actions, nonetheless. Members of local governmental bodies are entitled to absolute legislative immunity from claims against them arising out of their actions in a "legislative capacity." *Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal*, 865 F.2d 77, 79 (4th Cir. 1989); *Bruce v. Riddle*, 631 F.2d 272, 279 (4th Cir. 1980).

The Board's adoption of personnel policies and procedures are actions that can only be taken when the Board is acting in its legislative capacity. Unlike the facts in *Alexander v. Holden,* 66 F.3d 62 (4th Cir. 1995) which dealt with terminating a single employee, in the case at bar, the policies were broad and applied to the entire police department based on role requirements and did not single out anyone, including either Plaintiff. *Id.* (citing *Acevedo-Cordero v. Cordero-Santiago*, 958 F.2d 20, 23 (1st Cir. 1992)). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan v. Scott-Harris,* 523 U.S. 44 (1996). Moreover, as reasoned by *Bogan*, unlike the hiring or firing of a particular employee, the subject adopted policies have prospective implications that reach well beyond the Plaintiffs. In *Bogan*, the Supreme Court found the legislators enjoyed absolute immunity even though the Plaintiff was allegedly singled out. Thus, as in *Bogan*, Defendant Brown, sued in his individual capacity, has absolute legislative immunity.

## **CONCLUSION**

Brown respectfully requests this Court dismiss all claims asserted against him for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted.

This the 7th day of April, 2025.

                              **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

                      BY:   */s/ Jennifer B. Milak*
                               Jennifer B. Milak
                               State Bar No. 28853
                               P.O. Box 19207
                               Raleigh, NC 27619-9207
                               Telephone: (919) 873-0166
                               Facsimile: (919) 873-1814
                               jmilak@teaguecampbell.com
                               ***Attorney for Defendant Chad Brown***

## **NO USE OF ARTIFICIAL INTELLIGENCE CERTIFICATION**

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

## **WORD COUNT CERTIFICATION**

Pursuant to this Court's Initial Scheduling Order, the undersigned hereby certifies that the word count for this Reply, not including the case caption, signature block, certification of service, or any certificates of counsel, is 1,442 words.

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing in the above-entitled action upon all other parties to this cause through the Court's electronic filing system and as follows:

Jenny L. Sharpe
J Sharpe, PLLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
sharpeattorney@gmail.com
*Attorney for Plaintiff*

Julie H. Foshbinder
Foshbinder Law Office
840 Seneca Place
Charlotte, NC 28210
jhanfos2@gmail.com
*Attorney for Plaintiff*

Kathleen K. Lucchesi
Daniel Q. Leake II
Jackson Lewis
200 South College Street
Suite 1550
Charlotte, NC 28202
Kathleen.Lucchesi@jacksonlewis.com
Daniel.Leake@jacksonlewis.com
*Attorneys for Defendants Gaston County and Stephen Zill*

This the 7th day of April, 2025.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY: __/s/ Jennifer B. Milak_____
Jennifer B. Milak
*Attorneys for Defendant Chad Brown*