IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927

| | |
|---|---|
| BRENT ROBERTS and<br>REGINALD E. BLOOM, JR.,<br><br>    Plaintiffs,<br><br>v.<br><br>GASTON COUNTY, NORTH CAROLINA,<br>GASTON COUNTY BOARD OF COUNTY<br>COMMISSIONERS, in its official capacity,<br>CHAD BROWN, In His Individual<br>Capacity, and STEPHEN ZILL, In His<br>Individual Capacity.<br>    Defendants. | DEFENDANTS GASTON COUNTY,<br>NORTH CAROLINA AND STEPHEN<br>ZILL'S RESPONSE IN OPPOSITION<br>TO PLAINTIFFS' MOTION TO<br>STRIKE |

**NOW COME** Defendants Gaston County, North Carolina ("Defendant Gaston County" or the "County"), Gaston County Board of County Commissioners ("Defendant Board"), and Stephen Zill ("Defendant Zill") (collectively "Defendants"), by and through their undersigned counsel, respond in opposition to Plaintiffs Brent Roberts ("Plaintiff Roberts") and Reginald E. Bloom, Jr.'s ("Plaintiff Bloom") (collectively "Plaintiffs") Motion to Strike Defendants' Memorandum in Support of their Motion to Dismiss and Reply to Plaintiffs' Memorandum in Opposition [ECF Nos. 39 & 50].

  **I. STATEMENT OF FACTS**

Plaintiffs filed their Complaint on October 21, 2024 [ECF No. 1]. Defendants filed their Answer to Plaintiffs' Complaint and a separate Motion to Dismiss. [ECF Nos. 20, 22, 23]. Plaintiffs moved for Leave to Amend their Complaint which was granted. [ECF Nos. 26, 30, 31]. Plaintiffs' Amended Complaint added as a fourth named Defendant the Gaston County Board of

1

County Commissioners. [ECF No. 31]. The Amended Complaint alleged violations of Title VII, Section 1981, and Section 1983 against Defendant Gaston County, violations of Sections 1981 and 1983 against Defendant Board, and violations of Sections 1981 and 1983 against Defendant Zill in his individual capacity. [ECF No. 31].

On March 10, 2025, Defendants answered Plaintiffs' Amended Complaint and again filed a Motion to Dismiss. [ECF Nos. 38, 39, 40]. Plaintiffs responded in opposition to Defendants' Motion to Dismiss on March 24, 2025 [ECF No. 46] to which Defendants replied on March 31, 2025. [ECF No. 50]. Plaintiffs did not take issue with Defendants' first or second Motion to Dismiss briefing until after briefing on Defendants' second Motion to Dismiss was complete. [ECF Nos. 51, 52].

## II.     LEGAL ARGUMENT

A motion to strike is a drastic remedy which is infrequently granted and disfavored by the courts. *First Financial Sav. Bank v. Am. Bankers Ins. Co.*, 783 F. Supp. 963, 966 (E.D.N.C. 1991); *U.S. v. Fairchild Indus. Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991).

This Court's Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina (2017 Edition, as revised, effective December 1, 2022) (the "Local Rules") state that page limits and other formatting requirements are "governed by the Standing Civil Order of the judge to whom the case is assigned or in the Case Management Order ("CMO") entered in the particular matter." LCvR 7.1(d). Absent such requirements in either a judge's standing order or the CMO, the page limit for any brief is 25 pages. *Id.*

Judge Frank Whitney's Initial Scheduling Order allows for preliminary motions such as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Plaintiffs are correct in stating that Judge Whitney's Initial Scheduling Order does not apply the word count limitations "per party."

2

[ECF No. 52, p. 4]. In fact, Judge Whitney's Initial Scheduling Order states that "a defendant" may seek preliminary adjudication of Rule 12(b) defenses through a motion and supporting memorandum, subject to word count limitations. Judge Whitney's Order alters the Local Rules, limiting a defendant's memoranda in support of preliminary motions to 4,500 words and reply memoranda to 1,500 words including headings, footnotes, quotations and citations. Judge Whitney's Initial Scheduling Order also requires the submitting attorney to include a certification of compliance with the word limitation. The Local Rules do not require the word count certification.

The undersigned counsel represents three of the four named defendants. Each of these three defendants sought preliminary adjudication their respective Rule 12(b)(6) defenses through a joint motion and joint memorandum even though each defendant had separate bases for their Rule 12(b)(6) motions. [ECF Nos. 39, 40]. Under Judge Whitney's Initial Scheduling Order, each named defendant is entitled to submit briefing subject to the word count limitations. Rather than submit three separate motions and memorandum, the undersigned counsel submitted one motion and one memorandum. While the undersigned counsel did not include the required word count certification with the memorandum or the reply, both briefs were well under the total word count Defendants could have utilized under Judge Whitney's Initial Scheduling Order and also complied with the 25-page limitation set forth in this Court's Local Rules.

While Plaintiffs note their request for word count enlargement was denied, they have not suggested they were prevented from making sufficient arguments in their Response. Plaintiffs have not sufficiently alleged prejudice because of Defendants' alleged violation of Judge Whitney's word count limitations. *See Hughes v. Bedsole,* 913 F. Supp. 420, 423 (E.D.N.C. 1994) (denying motion to strike defendant's summary judgment motion and supporting memorandum of

law where plaintiff was not prejudiced by memorandum's exceeding the page limitations found in Local Rules).[1]

Additionally, this Court has previously addressed similar formatting issues, noting that "the Local Rules do not apply to this Court the same way that they apply to counsel." *Hardin v. Belmont Textile Mach. Co*., No. 3:05-CV-492-M, 2010 U.S. Dist. LEXIS 61121, at*9 (W.D.N.C. June 7, 2010).

> The Court creates the Local Rules for its own benefit. It follows that enforcement of the Court's own local rules is discretionary--particularly when the Local Rules conflict with the aims of the Federal Rules set forth in Rule 1 of the Federal Rules of Civil Procedure. *McCargo,* 545 F.2d at 402 (local rules maybe struck down if they are inconsistent with the Federal Rules of Civil Procedure). The Federal Rules of Civil Procedure are construed by the District Court to secure a 'just, speedy, and inexpensive determination of every action and proceeding.' Fed. R. Civ. P. 1. The essence of the Federal Rules is that they provide the District Court with the ability to adjudicate matters *on their merits* without resorting to arcane and draconian pleading rules that ultimately deprive an injured party of his or her day in court. *See Conley v. Gibson,* 355 U.S. 41, 48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Foman v. Davis,* 371 U.S. 178, 181-82, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (controversies should not be adjudicated on technicalities under the Federal Rules). Plaintiff's hyper-technical motion creates a mountain out of a three-page mole hill. In essence, it seeks to do exactly what the Federal Rules of Civil Procedure prohibit--avoidance of adjudication on the merits through the exploitation of a technicality.

*Hardin,* No. 3:05-CV-492-M, 2010 U.S. Dist. LEXIS 61121, at*9-10.

The word limitations imposed by both Judge Whitney's Initial Scheduling Order and the Local Rules serve to "facilitate the equitable and efficient adjudication of motions by the Court." *Guessford v. Penn. Nat'l Mut. Cas. Ins. Co.*, No. 1:12CV260, 2013 U.S. Dist. LEXIS 71636, 2013 WL 12136501, at *2 (M.D.N.C. May 24, 2013). Plaintiffs note that this Court may "adopt and amend rules governing its practice", but such rules are not "intended to bind any

---

[1] Alternatively, the Court could retroactively grant Plaintiffs' motion for enlargement to expand the word count limitation for its previously filed memorandum of law.

judicial officer to any particular course of action or result. Each judicial officer retains the discretion to apply the Local Civil Rules in a manner consistent with the demands of the case." LCvR 1.1.

It is worth noting that this matter was recently reassigned to Judge David Keesler after the parties consented to the jurisdiction of the Magistrate Judge. [ECF Nos. 56, 57; ECF Text Order, Apr. 9, 2025]. Judge Keesler's standing order does not contain a specific word count or page limitation but rather states only that motions not in compliance with his Order and the Local Rules are subject to summary denial. Likewise, the CMO entered last week contains similar language that motions not in compliance with the CMO and the Local Rules are subject to summary denial. [ECF No. 58].

Defendants' memo in support of their Motion to Dismiss and their reply to Plaintiffs' Response in opposition are both in compliance with the Local Rules, Judge Keesler's standing order, and the CMO entered in this case. Defendants respectfully request that this Court to deny Plaintiffs' Motion to Strike.

In the alternative, Defendants request that: (1) the Court retroactively grant Plaintiffs' motion for enlargement to expand the word count limitation for its previously filed memorandum of law; or (2) the Court allow Defendants to submit the proposed Amended Memorandum in Support of Motion to Dismiss (**Exhibit A**) and Amended Reply to Plaintiffs' Response in Opposition (**Exhibit B**) to comply with Judge Whitney's Initial Scheduling Order.

### III. CONCLUSION

For the reasons set forth above, Defendants Gaston County, North Carolina, Gaston County Board of County Commissioners, and Stephen Zill respectfully request that the Court deny Plaintiffs' Motion to Strike, or in the alternative, retroactively grant Plaintiffs' motion for

enlargement of the word count limitation for its previously filed brief, or allow Defendants to submit amended briefing in support of their Motion to Dismiss for Plaintiff's failure to state claims upon which relief can be granted.

Respectfully submitted this 16th day of April 2025.

                                                 **JACKSON LEWIS P.C.**

BY:   */s/ Kathleen K. Lucchesi*
        KATHLEEN K. LUCCHESI
        DANIEL Q. LEAKE II
        200 South College Street, Suite 1550
        Charlotte, North Carolina 28202
        Tel: (980) 465-7237
        Fax: (704) 333-7764
        Kathleen.Lucchesi@jacksonlewis.com
        Daniel.Leake@jacksonlewis.com
        *Attorneys for Defendants Gaston County, North Carolina, Gaston County Board of County Commissioners, and Stephen Zill*

## **WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that the word count (1,470 words) and page count (7 pages) for Defendants' Response in Opposition to Plaintiffs' Motion to Strike complies with the page-count limitation contained in the Local Rules and with Judge Whitney's Initial Scheduling Order, not including the case caption, signature block, or certificate of service.

Respectfully submitted this 16th day of April 2025.

                                              **JACKSON LEWIS P.C.**

BY:   */s/ Kathleen K. Lucchesi*
        KATHLEEN K. LUCCHESI
        200 South College Street, Suite 1550
        Charlotte, North Carolina 28202
        Tel: (980) 465-7237
        Fax: (704) 333-7764
        Kathleen.Lucchesi@jacksonlewis.com
        *Attorney for Defendants Gaston County, North Carolina, Gaston County Board of County Commissioners, and Stephen Zill*

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927**

|  |  |
|---|---|
| **BRENT ROBERTS and REGINALD E. BLOOM, JR.,**<br><br>        **Plaintiffs,**<br><br>        v.<br><br>**GASTON COUNTY, NORTH CAROLINA, GASTON COUNTY BOARD OF COUNTY COMMISSIONERS, in its official capacity, CHAD BROWN, In His Individual Capacity, and STEPHEN ZILL, In His Individual Capacity.**<br>        **Defendants.** | <u>**CERTIFICATE OF SERVICE**</u> |

The undersigned certifies that on April 16, 2025, the foregoing **Defendants Gaston County, North Carolina, Gaston County Board of County Commissioners, and Stephen Zill's Response in Opposition to Plaintiffs' Motion to Strike** was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will automatically serve the filing via electronic mail to the following counsel of record:

| | |
|---|---|
| Jenny L. Sharpe<br>J Sharpe PLLC<br>15720 Brixham Hill Ave<br>Suite 300<br>Charlotte, NC 28277<br>E: sharpeattroney@gmail.com<br><br>*Attorney for Plaintiff Roberts* | Julie H. Fosbinder<br>Fosbinder Law Office<br>840 Seneca Place<br>Charlotte, NC 28210<br>E: jhanfos2@gmail.com<br><br>*Attorney for Plaintiff Bloom* |

| | |
|---|---|
| Jennifer B. Milak<br>Teague Campbell Dennis & Gorham, LLP<br>PO Box 19207<br>Raleigh, NC 27619<br>E:  jmilak@teaguecampbell.com<br><br>*Attorney for Defendant Chad Brown* | |

                                                  **JACKSON LEWIS P.C.**

BY:   */s/ Kathleen K. Lucchesi*
        KATHLEEN K. LUCCHESI
        N.C. State Bar No. 24386
        200 South College Street, Suite 1550
        Charlotte, North Carolina 28202
        Tel: (980) 465-7237
        Kathleen.Lucchesi@jacksonlewis.com
        *Attorney for Defendants Gaston County, North Carolina, Gaston County Board of County Commissioners, and Stephen Zill*