# JacksonLewis

Jackson Lewis P.C.
200 S. College Street, Suite 1550
Charlotte, NC 28202
(980) 465-7245 Phone
(704) 333-7764 Fax
jacksonlewis.com

DIRECT DIAL: 980-465-7245
EMAIL: kathleen.lucchesi@jacksonlewis.com

October 6, 2025

**VIA EMAIL ONLY**
Jenny Sharpe
J Sharpe Law PLLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277

Julie Fosbinder
Fosbinder Law Office
840 Seneca Place
Charlotte, NC 28210

      Re:    **Roberts & Bloom v. Gaston County, North Carolina, et al**
             **Case No. WDNC 3:24-cv-0927**

Dear Jenny and Julie:

    I met with Captain Billy Downey to prepare him for the deposition you requested in this case. During my preparation, I learned for the first time that Captain Downey met with Jenny in November/December 2023, paid a consultation fee, and sought legal advice regarding potential legal claims he might have had against his current employer, Gaston County. Captain Downey told me that he provided you with notes regarding his employment with Gaston County and that you provided him with legal advice. In fact, the privilege log provided by Plaintiffs in this case claims as protected by the attorney-client privilege a December 2023 communication with Captain Downey. Though he didn't share specifics with me, I understand from Captain Downey that his discussion with you included information that is the same and/or substantially related to the current litigation involving Captain Roberts and Captain Bloom.

    Captain Downey also shared with me that he consulted with attorney Ben Chesson in July 2025 when he first learned that you wanted to depose him. Mr. Chesson told me that after consulting with the North Carolina State Bar and a State Bar Counsellor, he spoke with you regarding your intent to depose Captain Downey, noting the ethics rule prohibiting cross-examination of former clients. Mr. Chesson said that you disagreed with his assertion that your prior attorney-client relationship with Captain Downey prohibited you from deposing him in this case. Mr. Chesson indicated that you stated you had one consultation with Captain Downey in November 2023 before Captain Roberts retained you to represent him in the present case but did not dispute that you had an attorney-client relationship with Captain Downey.

    I also contacted the North Carolina State Bar and a Mecklenburg County State Bar Counsellor seeking guidance on this issue without providing any identifying information of the


EXHIBIT D

parties involved. The State Bar noted that while it could not provide advice on another lawyer's conduct, Formal Ethics Opinion 2010 FEO 3 (attached) spoke to the issues raised in my inquiry. The State Bar also suggested I speak with "opposing counsel and encourage them to contact the State Bar regarding ethical obligations."

Captain Downey confirmed that he has no intention of waiving the attorney-client privilege. To that end, I write to you today to request that you immediately withdraw your Notice of Deposition of Captain Billy Downey. Based on your privilege log, Julie also has access to all the information Captain Downey provided to Jenny. As such, neither one of you may take his deposition and still remain compliant with the ethics rules governing attorney conduct. Additionally, the timing of your meeting with Captain Downey and your subsequent representation of Captain Roberts raises concerns that you used confidential and privileged information provided by and obtained from Captain Downey as a basis for the allegations raised in your Complaint and Amended Complaint on behalf of Captain Roberts and Captain Bloom.

In the event you do not withdraw your request to depose Captain Downey, we plan to file a Motion to Quash with the Court including an affidavit from Captain Downey. Please note that Captain Downey is a management-level employee whom we represent for purposes of his deposition and this case. You should not attempt to contact him without our authorization.

Please let me know what questions you have or if you'd like to discuss further.

Sincerely,

**JACKSON LEWIS P.C.**

Kathleen K. Lucchesi

CC: David Goldberg
Captain Billy Downey
Jennifer Milak

# 2010 FORMAL ETHICS OPINION 3

Search Adopted Opinions

## CROSS-EXAMINING CURRENT AND FORMER CLIENTS

*Adopted: January 21, 2011*

*Opinion provides guidance on the cross-examination of current and former clients.*

Inquiry #1:

Lawyer is a criminal defense lawyer who represents persons charged with various criminal and traffic offenses. Lawyer also represents police officers responding to investigations by internal affairs departments. In these matters, the officers are threatened with professional discipline, including possible termination, for alleged conduct involving moral turpitude, dishonesty, or police department policy violations. In such matters, Lawyer represents the police officer individually and does not represent the police department.

Lawyer currently represents Officer in an internal affairs investigation in which Officer may be disciplined or lose his job.

Defendant would like to retain Lawyer to represent him in a criminal matter. Officer is one of the prosecuting witnesses in Defendant's criminal matter. May Lawyer represent Defendant in the criminal matter if Officer is a prosecuting witness?

Opinion #1:

Rule 1.7(a) states that, except as provided in Rule 1.7(b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. Pursuant to Rule 1.7(a)(1), a concurrent conflict of interest exists if the representation of one client will be *directly adverse* to another client. The prohibition against simultaneous representation of adverse interests is based primarily on the duty of loyalty that lawyers owe their clients. *See* Rule 1.7, cmt. [1]. If a lawyer opposes a client, even in an unrelated matter, the client may feel betrayed and the lawyer-client relationship may be damaged. Another consideration under Rule 1.7 is a lawyer's obligation to use independent professional judgment in providing competent and diligent representation to all clients. Rule 1.7(a)(2) provides that a concurrent conflict of interest exists if the representation of one client may be materially limited by the lawyer's duties to another client.

If Lawyer must cross-examine Officer in Defendant's criminal matter, Lawyer has a concurrent conflict of interest. Comment [6] to Rule 1.7 specifically provides that a directly adverse conflict may arise when a lawyer is required to cross-examine a client who appears as a witness in a lawsuit involving another client, as when the testimony will be damaging to the client who is represented in the lawsuit. Any attempt to discredit Officer's credibility through cross-examination would violate Lawyer's duty of loyalty to Officer. Conversely, the failure to challenge Officer's damaging testimony through rigorous cross-examination would violate Lawyer's duty to competently and diligently represent Defendant. Lawyer cannot cross-examine Officer without the risk of either jeopardizing Defendant's case by foregoing a line of aggressive questioning or breaching a duty of loyalty and/or confidentiality owed to Officer.

An additional function of the prohibition set out in Rule 1.7 is to protect client confidences. If Lawyer has confidential information of Officer that is relevant and material to the cross-examination, the representation of one or both of Lawyer's clients could be materially limited by Lawyer's duties to the other client and Lawyer has a concurrent conflict of interest. A vigorous cross-examination of Officer may compromise Lawyer's duty of confidentiality to Officer. Alternatively, Lawyer could fail to cross-examine Officer fully, for fear of misusing the confidential information, which would breach Lawyer's duty to competently and diligently represent Defendant.

If Lawyer must cross-examine Officer in Defendant's criminal matter, the resultant conflict of interest is nonconsentable. Generally, if a lawyer with a conflict reasonably believes that he will be able to provide competent and diligent representation to both clients, he may take on the representation so long as he obtains both clients' informed written consent. *See* Rule 1.7(b). However, certain conflicts are nonconsentable, "meaning that the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent." Rule 1.7, cmt. [14].

Consentability is determined by considering whether the interests of the clients will be adequately protected if the clients are permitted to give their informed consent to the representation, given the conflict of interest. Consent cannot be sought if the lawyer cannot reasonably conclude that the lawyer will be able to provide competent and diligent representation to each client. *See* Rule 1.7, cmt. [15].

In the given fact scenario, Lawyer cannot reasonably conclude that he can protect the interests of each client, or competently and diligently represent each client, if Lawyer must cross-examine Officer in Defendant's criminal matter.

Inquiry #2:

Would it matter if Defendant was charged only with a minor traffic violation?

Opinion #2:

If Officer's testimony relates only to an uncontested issue and Lawyer reasonably concludes that he can forgo cross examination of Officer without affecting the competent defense of the case, Lawyer may represent Defendant, provided he obtains the informed written consent of Defendant. *See* Rule 1.7(b).

Inquiry #3:

Does it matter if Officer's personnel files are generally not subject to subpoena and may not be used for cross examination?

Opinion #3:

No. The fact that Officer's personnel files may not be used for cross-examination may appear to alleviate the concern as to Lawyer's duty of confidentiality to Officer. However, Lawyer remains aware of confidential information relative to Officer that could inspire questions for cross examination. In addition, Lawyer owes Officer the duty of loyalty, which prevents Lawyer from cross-examining Officer.

Inquiry #4:

Would it make any difference if the Fraternal Order of Police or a similar organization arranged for or retained Lawyer to represent Officer?

Opinion #4:

No. Regardless of who retains Lawyer to represent Officer, Lawyer still owes Officer the same duties of confidentiality and loyalty. *See* Rule 1.8(f). Also, Lawyer's pecuniary interest in obtaining further business from the hiring organization may create an additional personal conflict of interest for Lawyer, in that he would want to avoid a rigorous cross examination of a police officer to remain in the good graces of the organization. *See* Rule 1.7(a)(2).

Inquiry #5:

What if Officer is a former client at the time of the representation of Defendant? Is Lawyer required to disclose the former lawyer-client relationship with Officer to Defendant at the outset so that Defendant can make an informed decision about representation?

Opinion #5:

If Lawyer obtained confidential information from Officer that is relevant to Officer's cross-examination and Lawyer needs to use that confidential information to effectively cross-examine Officer, then Lawyer may not represent Defendant. *See* Rule 1.9(c); 2003 FEO 14.

An exception to Rule 1.9(c) provides that a lawyer may use confidential information of a former client to the disadvantage of the former client when the information has become "generally known." Rule 1.9(c)(1). If certain information as to the internal affairs investigation is generally known, that information may be used to cross-examine Officer without obtaining the consent of Officer. *See* Rule 1.9, cmt. [8].

If Lawyer determines that he does not need to use any confidential information that is not generally known to effectively cross-examine Officer, Lawyer must still disclose the former lawyer-client relationship with Officer to Defendant so that Defendant can make an informed decision about Lawyer's representation.