# EXHIBIT 2 – ROBERTS DECLARATION

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER TO PROHIBIT DEPOSITION OF WILLIAM P. DOWNEY, II

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927-DCK

BRENT ROBERTS and )
REGINALD E. BLOOM, JR., )
 )
    Plaintiffs, )
 )
v. )
 )
GASTON COUNTY, NORTH CAROLINA, )
GASTON COUNTY BOARD OF COUNTY )
COMMISSIONEERS, CHAD BROWN, )
In His Individual Capacity, )
and STEPHEN ZILL, In His Individual )
Capacity. )
 )
    Defendants. )
 )

## DECLARATION OF BRENT ROBERTS

The undersigned, Brent Roberts, pursuant to 28 U.S.C. § 1746, does hereby declare under penalty of perjury that the following is true and correct, and is based on my own personal knowledge unless stated otherwise:

1. I am an adult African-American citizen and resident of Gaston County North Carolina. I make this Declaration voluntarily and based upon my own personal knowledge of the events set forth herein.

2. I am one of the Plaintiffs in this lawsuit. I am employed by Defendant, Gaston County, North Carolina, as a Captain with the Gaston County Police Department.

3. In or about November, 2022, I saw an advertisement for the position of Chief of Police of the Gaston County Police Department. I did not apply for the position because I did not meet

1

one of the posted minimum qualifications, which was to have five years of command experience at a senior management level. At that time, I had 4 years and over 10 months of command experience. I met all other of the posted requirements. I was a Captain at that time, and, as noted above, remain a Captain now.

4. It was common knowledge at the GCPD that Captain William "Billy" Downey had applied for the position of Chief of Police in late 2022. The promotional processes for that position continued into early 2023, at which time a new Chief of Police, Defendant Stephen Zill, was selected for the position. It was also common knowledge that Captain Downey is the brother-in-law of Stephen Zill

5. I became aware of the facts which are outlined in the Amended Complaint paragraphs 33 and 36, from speaking with Assistant Chief Suzanne Mauney Smith and Captain Downey in early 2023. I spoke with Captain Downey about the promotional process resulting in Captain Zill's promotion to Police Chief prior to December 14, 2023, the date Captain Downey met with my attorney, Jenny L. Sharpe. He told me that he wanted to hire an attorney following the announcement of the new Chief of Police, Stephen Zill, because he had not been selected. I further understood that Captain Downey also believed that following Zill's selection as the Chief of Police, he had been the subject of retaliation for having supported Assistant Chief Smith's internal grievance and charge of sex discrimination against the County. Captain Downey stated he was going to reach out to an attorney.

6. In or about the summer of 2023, Assistant Chief Smith informed me that Captain Downey had been encouraged to apply for the Chief of Police position by Chad Brown. Captain Downey told Assistant Chief Smith that Chad Brown told him that former Chief Ramey was

2

going to be gone by the end of 2022 and that Brown asked Downey if he was ready to be the next Chief.

7. I learned from Captain Downey that Brown encouraged Downey, and Captains Stephen Zill, and Reid Rollins to apply to be Chief. I did not receive similar encouragement to apply from Brown or any other Gaston County official to apply for the position.

8. I also learned from Captain Downey that Brown had told Downey that Assistant Chief Smith would never be Chief of Police if Brown had anything to do with it. Brown's statement to Downey occurred at a social event. I was aware from speaking with both Captain Downey and Assistant Chief Smith that Downey was interviewed by Gaston County Human Resources in regards to Assistant Chief Smith's grievance alleging sex discrimination over not being selected to the Chief of Police position. This was during 2023, shortly after Chief Zill had been promoted to Chief of Police, and after Chief Zill promoted Anderson Holder to Assistant Police Chief. I understood from Captain Downey that he felt his rights had been violated and that he felt he was being retaliated against by Gaston County because he provided information to Gaston County's Human Resources Department favorable to Assistant Chief Smith's allegation of sex discrimination.

9. Captain Downey is also well aware of why Stephen Zill did not meet the County's stated requirements of five years of senior supervisory/management experience at a command staff level for the Chief position. Captain Downey was the ERT commander up until mid-2022. The County has tried to defend the selection of Stephen Zill in this action based on his ERT leadership role as the Commander of ERT. Captain Downey, as well as myself and others knew that Zill was not a commander of that unit for 5 years, but had only recently been appointed as the ERT Commander at the time of his promotion to Police Chief. Stephen Zill was the team

3

leader for the ERT team, which is a position that can be held by non-ranking/ non-supervisory members. In fact, Zill could not hold the position of Commander of the ERT until he was promoted to the rank of Captain. Thus, he was only in the position as a Commander of this unit for approximately one year.

10. Over the past two and a half years, I have talked with Captain Downey several times and he has provided his support to me as a Plaintiff in this case. He has indicated to me that he could not wait to testify on Captain Reginald Bloom's and my behalf about Defendants Chad Brown and Chief Zill.

11. Captain Downey was also reassigned to the Patrol Unit within the GCPD at the same time that I was reassigned to that Unit. That reassignment would have been a demotion for Captain Downey at the time. Captain Downey, like me, went from a high profile and high responsibility position to being one of the lowest ranking captains along with Captain Bloom.

12. I am aware of Captain Downey's discussions with Captain Bloom during the summer months of this year regarding the County's new executive legal counsel, Martha Thompson. During that same period, Captain Downey also spoke to me about his concerns regarding Ms. Thompson and stated that he was scared what she may have shared with the County about his consultation with her while she was in private practice. He stated he felt he was walking into a trap in connection with the County's deposition preparations with him and felt the County was looking for a way to fire him and that he was actively looking for an attorney to advise him regarding his participation in the County's preparations for his deposition.

13. On August 12, 2025, Captain Downey had lunch with me and Captain Bloom. During lunch, he mentioned that he thought his deposition would be scheduled for August 30, 2025. He did not indicate at that time that he thought any conflict of interest existed between he and Ms.

4

Sharpe or her representation of me or Captain Bloom. Based upon my conversations with Captain Downey, a conflict of interest involving Ms. Sharpe was never an expressed concern of his.

14. Captain Downey, like me and Captain Bloom, were not selected to fill the Assistant Chief positions that became available in August and November, 2023.

15. In August, 2024 Captain Downey, Captain Bloom, and I applied for the Assistant Chief position that became available after Gaston County Police established, for the first time, an actual written policy governing the promotional process for the selection of Assistant Chiefs. None of us were selected for that position. It is my understanding that, like me and Captain Bloom, Captain Downey contends that his non-selection for these roles was in retaliation for opposing the employment practices of the Defendants and for participating in protected activity.

16. Captain Downey, who has years of command level experience, is aware of the GCPD's written policies and established practices for promotions. Captain Downey is aware that when the September 2024 Assistant Chief position was open, the practices for selecting Assistant Chiefs had been changed and placed in writing.

17. In addition to information that Captain Downey has shared with me regarding the .promotional process surrounding the selection of new Chief of Police and his knowledge regarding the promotional processes for the selection of the new Assistant Chiefs, I believe that he has significant information about the negative treatment of me and Captain Bloom by the County and Chief Zill after his selection to that position in 2023 and during 2024 and 2025 because of our race and that Captain Downey has information regarding his observation of a racially hostile and retaliatory work environment. This is information which would have been known to him after December 14, 2023.

5

SIGNED UNDER PENALTY OF PERJURY, this the **20** day of October, 2025.

                                                                                     Brent Roberts
                                                                                     Plaintiff