EXHIBIT 3 – BLOOM DECLARATION

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER TO PROHIBIT DEPOSITION OF WILLIAM P. DOWNEY, II

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927-DCK

BRENT ROBERTS and )
REGINALD E. BLOOM, JR., )
          Plaintiffs, )
v. )
GASTON COUNTY, NORTH CAROLINA, )
GASTON COUNTY BOARD OF COUNTY )
COMMISSIONERS, CHAD BROWN, )
In His Individual Capacity, )
and STEPHEN ZILL, In His Individual )
Capacity. )
          Defendants. )

## DECLARATION OF REGINALD E. BLOOM, JR.

The undersigned, Reginald E. Bloom, Jr., pursuant to 28 U.S.C. § 1746, does hereby declare under penalty of perjury that the following is true and correct, and is based on my own personal knowledge unless stated otherwise:

1. I am an adult African-American citizen and resident of Gaston County, North Carolina. I make this Declaration voluntarily and based upon my own personal knowledge of the events set forth herein.

1

2. I am one of the plaintiffs in this lawsuit. I am employed by Defendant, Gaston County, North Carolina, as a Captain with the Gaston County Police Department.

3. I was aware in November 2022 that Gaston County publicly announced that it would be selecting candidates to fill the position of Chief of Police in order to replace Joseph Ramey, the then-current Chief of Police. Chief Ramey announced that he would be stepping down from this position. I did not apply for the position because I held the rank of Sergeant at the time of the announcement.

4. It was common knowledge within the GCPD that Suzanne Mauney-Smith, Assistant Chief of Police, and William "Billy" Downey, Captain, applied for the position in late 2022. It was common knowledge within the GCPD that Stephen Zill and Reid Rollins applied for the position as well. Stephen Zill is the brother-in-law of Captain Downey, and this fact, too, was common knowledge. The promotional processes for the Chief of Police position continued into early 2023, at which time a new Chief of Police, Defendant Stephen Zill, was selected.

5. I understood from speaking with Captain Downey that he wanted to hire an attorney after the selection of Stephen Zill as the GCPD's new Chief of Police had been announced because he had not been selected. Captain Downey did not believe that Stephen Zill met the minimum requirements for the position of Chief of Police. Further, I understood that Captain Downey also believed that following Zill's promotion to Chief of Police, he had been the subject of retaliation for having supported former Assistant Chief Smith's internal grievance and charge of sex discrimination against the County.

6. Over the past two and a half years, I have talked with Captain Downey several times. He has always provided his support to me as a Plaintiff in this case. He has indicated to me that he was looking forward to providing testimony on behalf of me and Captain Roberts.

2

Case 3:24-cv-00927-DCK    Document 71-3    Filed 10/21/25    Page 3 of 6

7. During the summer of 2025, Captain Downey informed me that the County had hired attorney, Martha Thompson, as its new executive legal counsel. Captain Downey stated he felt that Ms. Thompson had been hired to perform work relating to our current civil action against the Defendants. Captain Downey was concerned, because he had apparently consulted with Ms. Thompson prior to her employment with the County about his potential legal claims against the County. Captain Downey expressed concern at that time that Ms. Thompson might disclose to the County what he had shared with her in an attorney-client meeting prior to her employment with the County, and was concerned about a possible conflict of interest and a breach of his attorney-client relationship with Ms. Thompson. Captain Downey told me that he shared damaging information about Chief Zill with Ms. Thompson and that retired Chief, James Buie, had recommended Ms. Thompson to him. He has also told me on several occasions that he is scared that he will face reprisal from the County because he supports me and Captain Roberts.

8. Captain Downey was reassigned from the Criminal Investigation Unit to the Patrol Unit within the GCPD at the same time that Brent Roberts was reassigned to that Unit. That reassignment constituted a demotion for both Captain Roberts and Captain Downey at the time.

9. Further, Captain Downey, Captain Roberts, and me were not selected to fill the Assistant Chief positions that became available in August and November 2023 and in September 2024.

10. Additionally, Captain Downey, Captain Roberts, and I applied for the Assistant Chief position that became available in September 2024. None of us were selected for that position. It is my understanding from speaking with Captain Downey that, like me and Captain Roberts, he contends that his non-selection for the Assistant Chief roles was in retaliation for his opposition to the employment practices of the Defendants.

13. Captain Downey, who has years of command-level experience, is aware of the GCPD's written policies and established practices for promotions. Captain Downey is aware that when the September 2024 Assistant Chief position was open, the practices for selecting Assistant Chiefs had been changed and placed in writing.

14. In addition to information that he has shared with me regarding the promotional process surrounding the selection of new Chief of Police and his knowledge regarding the promotional processes for the selection of the new Assistant Chiefs, I believe that he has significant information about the negative treatment of Captain Roberts and me by the County during 2024 and 2025 because of our race and has information regarding his observation of a racially hostile and retaliatory work environment. This is information which would have occurred after December 14, 2023.

15. On August 12, 2025, Captain Downey had lunch with Captain Roberts and me. Captain Downey mentioned that he thought his deposition would be scheduled for August 30, 2025. He did not indicate at that time that he thought any conflict of interest existed between him and Ms. Sharpe or her representation of Brent Roberts or me.

16. On September 23, 2025, Captain Downey and I spoke about the current state of the GCPD. During that conversation, Captain Downey shared that he learned that Assistant Chief John Cole is retiring due to the negative treatment he has received from Chief Zill and his Assistant Chiefs of Police. If this is true, a new Assistant Chief position will be opened at some point early next year. Captain Downey also discussed his conversations with Captain Jennifer

4

Hamrick and his observations of her interactions with Assistant Chief Holder. Captain Downey told me he believes that Captain Hamrick will likely be chosen to replace Chief Cole upon his retirement in January 2026. Captain Downey explained to me that Hamrick, Zill, and Holder are all very close and that he recognized this before his reassignment from commander of the Criminal Investigations Unit to Community Policing. Captain Downey's role as CIU commander was assumed by Captain Hamrick. In addition, Captain Downey asked me on this occasion about the depositions which were scheduled to be taken. At no point during this discussion did Captain Downey tell me that he believed Ms. Sharpe's representation of me and Captain Roberts raised a conflict of interest.

17. I briefly spoke to Captain Downey again during the evening on October 20, 2025, during shift change. He explained that he has roughly 108 days until retirement and his attorney told him not to participate in the deposition until after he retires due to Captain Downey's fear that the County would fire him. We did not speak about details on this issue and Captain Downey did not disclose the name of his attorney, but he said that he wants to testify, but truly believes the County would go after his job.

SIGNED UNDER PENALTY OF PERJURY, this the 21 day of October, 2025.

Reginald E. Bloom, Jr.
Plaintiff

5