**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927-DCK**

| | |
|---|---|
| **REGINALD E. BLOOM, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **GASTON COUNTY, NORTH CAROLINA,** | ) |
| **THE GASTON COUNTY BOARD OF** | ) |
| **COUNTY COMMISSIONERS, and CHAD BROWN,** | ) |
| **In His Individual Capacity and STEPHEN ZILL, In** | ) |
| **His Individual Capacity.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT, FOR SANCTIONS & FOR AN EVIDENTIARY HEARING TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED

The Plaintiff, Reginald E. Bloom Jr., pursuant to the Court's equitable power to enforce a settlement agreement, 28 U.S.C. §1927, and the Court's inherent powers to impose sanctions for bad faith, as recognized by *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991), respectfully moves this Court for an Order enforcing a settlement agreement (the "Bloom Agreement") reached in this matter and for an Order imposing sanctions. An evidentiary hearing is necessitated regarding the factual disputes regarding a) the enforceability of the Bloom Agreement, b) the conduct of Chad Brown, Chairman of the Defendant Board of County Commissioners, and c) the Defendants' and Brown's respective counsel's bad faith and other litigation abuses occurring during settlement negotiations. In support of his motion, Bloom states as follows:

1

1. This case arises under Title VII of the Civil Rights Act of 1964, as amended, and under 42 U.S.C. §§ 1983 and 1981. As alleged in his First Amended Complaint, Bloom, a Captain with the Gaston County Police Department, was passed over for promotions to the position of Assistant Chief on three occasions because of his race. He also has been subjected to disparate treatment because of his race and in retaliation for his protected opposition to the discriminatory practices of the Defendants.[1] After the filing of this action and after a period of lengthy motion practice, discovery in this matter ensued.

2. This Court retains jurisdiction to hear Captain Bloom's motion as this case is ongoing and the Court has "an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates." *U.S. v. Shaffer Equip. Co.*, 11 F. 3d 450, 462 (4th Cir. 1993). *See, Chambers, supra*; *Bradley v. Analytical Grammar, Inc.*, 2022 U.S. Dist. LEXIS 121978 (E.D.N.C. July 11 2022). Moreover, Fed. R. Civ. P. 408(b) does not preclude the Court from hearing evidence regarding conduct during the course of settlement negotiations when such evidence is offered for another purpose, such as bad faith or official misconduct in settlement negotiations. See, *Uforma/Shelby Bus. Forms, Inc. v. NLRB,* 111 F.3d 1284, 1293-94 (6th Cir. 1997) (Threats made in settlement negotiations are admissible. R. 408 is inapplicable when the claim is based upon a wrong that is committed during the course of settlement negotiations.).

3. On March 10, 2026 the parties attended a mediated settlement conference. That mediation was adjourned by agreement of the parties. Settlement negotiations continued, however, which eventually resulted in the settlement of Plaintiff Brent Roberts' race and

---

[1] Of particular relevance to this Motion is Chad Brown's public statement to WCNC News regarding this case at the time it was filed: "This frivolous claim which the plaintiff has filed needlessly includes my name and wrongfully attacks my character for the sole purpose of sensationalizing plaintiff's case. His false and defamatory statements about me are clearly intended to derail my campaigns for Secretary of State. I WILL fight these false accusations like there is no tomorrow." *See, Declaration of Jenny L. Sharpe*, attached and incorporated by reference hereto as "**Exhibit A**."

retaliation claims against the Defendants.  After several more weeks of negotiation, Bloom notified counsel for the Defendants on May 20, 2026, that he accepted a written, ███████ settlement agreement (the "Bloom Agreement") offered by the Defendants which would ████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████.

3.      Immediately following that notification, counsel for Chad Brown, Jennifer B. Milak, stated in a May 20th email that ██ █████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████ by Defendant Board of County Commissioners to approve the Bloom Agreement.

4.      On May 22nd , Bloom's counsel and Ms. Milak again discussed ████████████ █████████████████████████████████████████████████████ █████████████████████████████████████████████████████ █████████████████████████████████████████████████████ █████████████████████████████████████████████████████ █████████████████████████████████████████████████████ █████████████████████████████████████████████████████.

5.      ███████████████████████████████████████████████████████ ███████████████████████████ agreed to file a separate stipulation of dismissal of Bloom's claims against Brown before the May 26th Board of County Commissioners' meeting, the date on which the Board purportedly would approve the Bloom Agreement.  ████████████████ █████████████████████████████████████████████████████████

██████████████████████████████████████████████ and a stipulation of dismissal of Captain Bloom's claims against Brown was filed with this Court on May 23, 2026. [DE 100]

6.     On May 24, 2026, Bloom signed the Bloom Agreement and returned it the next day, May 25th, to counsel for Defendants in advance of the Board of County Commissioners' meeting set to take place on the evening of May 26th. ███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████

7.     Bloom contends that not only does an enforceable settlement agreement exist, Defendants, Gaston County and its Board of County Commissioners, and Chad Brown, and their respective counsel, have ████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████ █████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

████████████████████████████

8.      In further support of his Motion, Bloom has attached the Declaration of Jenny L. Sharpe, incorporated by reference herein as "**Exhibit A**."  In addition, he has filed contemporaneously herewith Plaintiff's Memorandum In Support of Plaintiff's Motion to Enforce Settlement Agreement, for Sanctions, and An Evidentiary Hearing to Show Cause Why Sanctions Should Not Be Imposed.

9.      In compliance with the Local Rules, the undersigned counsel notified counsel for Brown and counsel for the Defendants on June 8, 2026, as well as on June 9th , of Bloom's intent to file the instant motion and offered to confer with them prior to its filing. As of the filing of this Motion, only counsel for Brown has responded in writing and has indicated that Brown opposes the instant motion. A brief discussion was also held with counsel for the Defendants on June 10th regarding the instant motion; based on that discussion, it is believed that she too opposes Bloom's motion.

WHEREFORE, for the reasons set forth herein and for those reasons contained in Plaintiff's supporting memorandum of law, the Plaintiff Reginald E. Bloom Jr. requests that his Motion to enforce the Bloom Agreement and his Motion  for Sanctions be GRANTED after an evidentiary hearing requiring Defendants and their respective counsel to show cause why the Bloom Agreement should not be enforced and why sanctions should not be imposed.  Plaintiff further moves this Court for an Order imposing appropriate sanctions upon Defendants and their counsel, including, but not limited to (i) an Order enforcing the Bloom Agreement; and/or in the alternative, (ii) an Order directing Chad Brown and his attorney, as well as the Defendants, Gaston County and its Board,  and their counsel, to pay Bloom his reasonable attorneys' fees and

costs associated with the negotiations of the Bloom Agreement after March 10, 2026, the May 1st

deposition of its expert, Michael Yaniero, all mediator fees associated with Bloom's claims, and

all attorneys' fees and costs associated with the filing of the instant motion.

This the _____ day of June, 2026.

*/s/ Jenny L. Sharpe*
Jenny L. Sharpe
Attorney for Plaintiffs
N.C. State Bar No. 13698
**J SHARPE, PLLC**
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC  28277
Telephone: (704) 944-3272
Facsimile: (704) 944-3201
Email: sharpeattorney@gmail.com

*/s/ Julie H. Fosbinder*
Julie H. Fosbinder
Attorney for Plaintiffs
N.C. State Bar No. 19400
**FOSBINDER LAW OFFICE**
840 Seneca Place
Charlotte, North Carolina  28210
Telephone: (704) 333-1428
Facsimile: (704) 560-8600
Email:  Jhanfos2@gmail.com

6

Case 3:24-cv-00927-DCK    Document 107    Filed 06/12/26    Page 6 of 7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that she has filed the present motion using the

ECF/CMS system and has also served a copy of the foregoing **Plaintiff's Motion to Enforce**

**Settlement Agreement, for Sanctions, and for An Evidentiary Hearing to Show Cause Why**

**Sanctions Should Not be Imposed** via email to the following individuals:

Kathleen K. Lucchesi
Littler Mendelson P.C.
620 S. College Street, Ste. 905
Charlotte, North Carolina 28202
Email: KLucchesi@littler.com
*Attorney for Defendants Gaston County, the Gaston County Board of County Commissioners, &*
*Stephen Zill*

&
Jennifer B. Milak
**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**
Post Office Box 19207
Raleigh, North Carolina  27619-9207
Email: jmilak@teaguecampbell.com
*Attorney for Chad Brown*

This the _____ day of June, 2026.

*/s/ Jenny L. Sharpe*
Jenny L. Sharpe, Esq.
Counsel for Plaintiff

7