## "EXHIBIT A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No. 3:24-cv-0927-DCK

| | |
|---|---|
| **REGINALD E. BLOOM, JR.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **GASTON COUNTY, NORTH CAROLINA,** | ) |
| **THE GASTON COUNTY BOARD OF** | ) |
| **COUNTY COMMISSIONERS, and CHAD BROWN,** | ) |
| **In His Individual Capacity and STEPHEN ZILL, In** | ) |
| **His Individual Capacity.** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |
| | ) |

## DECLARATION OF JENNY L. SHARPE

The undersigned, Jenny L. Sharpe, pursuant to 28 U.S.C. § 1746, does hereby declare under penalty of perjury that the following is true and correct:

1. I am an adult citizen and resident of Mecklenburg County, North Carolina. I am a duly licensed North Carolina attorney and I have been retained to represent the Plaintiff in the above matter.

2. I make this Declaration in support of Plaintiff Reginald E. Bloom Jr.'s Motion to Enforce Settlement Agreement, for Sanctions, and for An Evidentiary Hearing to Show Cause Why Sanctions Should Not Be Imposed, based upon my own personal knowledge of the facts and events described herein.

<div align="center">1</div>

3.  ants: Gaston

4.



A stipulation of dismissal, approved by all counsel, was filed with the Court as to Captain Roberts' claims against all defendants on May 14, 2026.

5.

6.

7.                                                                                                  on

                                                                                                    er -

8.

9.

10.

11.

Bloor

12.

See, Emails dated 5/12/25 and 5/14/26, attached hereto as

"EXHIBIT 1."

13.

14.



See, *"Emails dated 5/20/2026,"* attached and incorporated by reference hereto as **"EXHIBIT 2."**

15. ███

16. ███

email is attached hereto as **"EXHIBIT 3"**

Case 3:24-cv-00927-DCK    Document 107-1    Filed 06/12/26    Page 5 of 81

17.

18. ████████████████ A stipulation of dismissal of Captain Bloom's claims against Brown was filed with this Court on May 23, 2026.

19. ████████████████████████████

20. ████████████████████████████



email is attached hereto as "**EXHIBIT 4**."

21.

See, N.C. Gen. Stat. §159-28. An



22.

7

█████████████████████████████████ At present, Captain Bloom is the only remaining African-American holding the rank of Captain within the GCPD.

23. ████████████████████████████████████████████████ ████████████████████████████████ his statement to WCNC News in October, 2024 at the time this action was filed in court: "*This frivolous claim which the plaintiff [sic] has filed needlessly includes my name and wrongfully attacks my character for the sole purpose of sensationalizing plaintiff's case. His false and defamatory statements about me are clearly intended to derail my campaign for Secretary of State. I WILL fight these false accusations like there is no tomorrow!*" A copy of the WCNC News publication about this case is attached hereto as "**EXHIBIT 5**." ████████████████████████████████████████ ████████████████████████████████████████ ████████

24. It should also be noted that during the negotiation of the Bloom Agreement, Ms. Fosbinder and I sought to depose three of the Defendants' witnesses: Kim Eagle, former Gaston County Manager, Amia Massey, Gaston County Human Resources Director, and Michael Yaniero, Defendants' expert witness. Following the resolution of Roberts' claims, we decided that we did not need to depose Ms. Eagle. We did, however, schedule and began the deposition of Mr. Yaniero on May 1, 2026, and took the deposition of Ms. Massey on May 4, 2026. These depositions had been scheduled and re-scheduled many times during the course of the parties' settlement negotiations.

25. With regard to the Yaniero deposition, I issued a subpoena *duces tecum* on March 23, 2026, requesting that he produce a number of documents used to form his opinions in this case on or before April 8th in advance of his deposition which had been scheduled for April 16th. I

8

served the subpoena upon defense counsel and specifically asked whether Ms. Lucchesi would accept service of process on behalf of her expert witness. The subpoenaed documents were not produced by April 8th. In follow-up emails to Ms. Lucchesi, she confirmed that she had accepted service of the subpoena but that she could not produce the documents because she was having trouble getting her files from her former law firm, Jackson Lewis, and needed additional time to secure the witness's document production from her previous employer. The deposition was then re-scheduled to take place on May 1st based upon Ms. Lucchesi's representation that the subpoenaed documents were still in the possession of her former employer. See, emails attached hereto as "**EXHIBIT 6**."

26.     Mr. Yaniero testified on May 1st that he was unaware of any subpoena which obligated him to produce any documents and that he had never seen a copy of the subpoena until it was made an exhibit in his deposition. Excerpts from the May 1st Yaniero deposition are attached hereto as "**EXHIBIT 7**." Indeed, contrary to Ms. Lucchesi's statements to me, Jackson Lewis did not have possession of all of the subpoenaed documents which Mr. Yaniero was required to produce because Ms. Lucchesi never provided the subpoena *duces tecum* to him in the first place. When Ms. Lucchesi's misrepresentation became apparent,  my co-counsel and I adjourned the deposition.  I have attached hereto my correspondence to Ms. Lucchesi dated May 1, 2026 which outlines in detail the misrepresentation she made in connection with the Yaniero document production as "**EXHIBIT 8**."

27.     On May 6, 2026, we received over 1500 documents from Ms. Lucchesi purporting to be responsive to the subpoena *duces tecum*.  Some documents were not included in the production and I requested that these be produced to us and before the continuation of Mr. Yaniero's deposition on May 21, 2026.  I have not received a response from Ms. Lucchesi.

<div align="center">9</div>

28. [redacted] Although Ms. Lucchesi stated that she would provide us with new dates on which Mr. Yaniero will be next available for his deposition, she has not yet done so and the period for completing all discovery has now expired. She did, however, forward Mr. Yaniero's bill for payment to me for the May 1st deposition.

29. [redacted]

30. The Bloom Agreement is attached hereto as "**EXHIBIT 9**".

Signed under penalty of perjury, this the 11th day of June 2026.

*/s/ Jenny L. Sharpe*
Jenny L. Sharpe
Counsel for Plaintiffs

10

# DECLARATION OF JENNY L. SHARPE

## "EXHIBIT 1"

are not the intended recipient, you are not authorized to intercept, read, print, retain, copy, forward, or disseminate this communication. If you have received this communication in error, please notify the sender immediately by email and delete this communication and all copies.

<05052026-Bloom-Brown_Settlement Agreement.jfedits.docx>

---

jenny sharpe <sharpeattorney@gmail.com>                                    Fri, May 8, 2026 at 3:46 PM
To: "Jennifer B. Milak" <JMilak@teaguecampbell.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, Sarah Kromer <sarah@sarahkromer.com>, LZampa@teaguecampbell.com
Bcc: jenny sharpe <sharpeattorney@gmail.com>

████████████████████████████████████████████████

Jenny
Jenny L. Sharpe
Attorney at Law

# J Sharpe, PLLC
**15720 Brixham Hill Avenue**
**Suite 300**
**Charlotte, North Carolina 28277**
**Telephone: (704) 944-3272**
**Facsimile:    (704) 944-3201**

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

On Fri, May 8, 2026 at 9:30 AM Jennifer B. Milak <JMilak@teaguecampbell.com> wrote:

[Quoted text hidden]

**2 attachments**

---

**jenny sharpe** <sharpeattorney@gmail.com>                                              Tue, May 12, 2026 at 1:21 PM
To: "Jennifer B. Milak" <jmilak@teaguecampbell.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, Sarah Kromer <sarah@sarahkromer.com>, Lzampa@teaguecampbell.com
Bcc: jenny sharpe <sharpeattorney@gmail.com>

Jenny L. Sharpe
Attorney at Law

**J Sharpe, PLLC**
**15720 Brixham Hill Avenue**
**Suite 300**
**Charlotte, North Carolina  28277**
**Telephone:  (704) 944-3272**
**Facsimile:    (704) 944-3201**

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

[Quoted text hidden]

**2 attachments**

---

**Jennifer B. Milak** <JMilak@teaguecampbell.com>                                      Thu, May 14, 2026 at 11:48 AM
To: jenny sharpe <sharpeattorney@gmail.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, Sarah Kromer <sarah@sarahkromer.com>, Linda Zampa
<LZampa@teaguecampbell.com>

Get Outlook for iOS

Jennifer Milak | Partner

✉ P.O. Box 19207 Raleigh, NC 27619-9207

📍 4140 Parklake Avenue, Suite 600, Raleigh, NC 27612

**Direct:** 919.719.4730  **Office:** 919.873.0166
**Fax:** 919.873.1814

 

CONFIDENTIALITY NOTICE: This transmission may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify the sender immediately.

**From:** jenny sharpe <sharpeattorney@gmail.com>
**Sent:** Tuesday, May 12, 2026 1:21:44 PM
**To:** Jennifer B. Milak <JMilak@teaguecampbell.com>
**Cc:** Julie Fosbinder <jhanfos2@gmail.com>; Sarah Kromer <sarah@sarahkromer.com>; Linda Zampa <LZampa@teaguecampbell.com>
**Subject:** Fwd: Reggie Bloom v. Gaston County et.al.

[Quoted text hidden]

---

**Julie Fosbinder** <jhanfos2@gmail.com>
To: "Jennifer B. Milak" <JMilak@teaguecampbell.com>
Cc: jenny sharpe <sharpeattorney@gmail.com>, Sarah Kromer <sarah@sarahkromer.com>, Linda Zampa <LZampa@teaguecampbell.com>

Thu, May 14, 2026 at 12:26 PM

Jennifer,

Thanks for the update.  Have a good Friday.

Julie

Julie H. Fosbinder
Fosbinder Law Office
840 Seneca Place
Charlotte, NC 28210
Phone: (704) 333-1428
Cell:  (704) 560-8600
Fax: (704) 333-1431

NOTICE:  This communication (including any attachment) is being sent by or on behalf of a lawyer or law firm and may contain confidential or legally privileged information.  The sender does not intend to waive any privilege,including the attorney-client privilege, that may attach to this communication.If you are not the intended recipient, you are not authorized to intercept, read, print, retain, copy, forward, or disseminate this communication.  If you have received this communication in error,please notify the sender immediately by email and delete this communication and all copies.

[Quoted text hidden]

**14 attachments**

# DECLARATION OF JENNY L. SHARPE

## "EXHIBIT 2"

 
# Bloom settlement - Confidential

3 messages

**jenny sharpe** <sharpeattorney@gmail.com>  Wed, May 20, 2026 at 10:45 AM
To: Sarah Kromer <sarah@sarahkromer.com>, KLucchesi@littler.com
Cc: Julie Fosbinder <jhanfos2@gmail.com>, "Jennifer B. Milak" <jmilak@teaguecampbell.com>, KeWalker@littler.com,
"Venable, Patricia" <pvenable@littler.com>, lzampa@teaguecampbell.com
Bcc: jenny sharpe <sharpeattorney@gmail.com>, Reggie Bloom <reggie9924@gmail.com>



Jenny
Jenny L. Sharpe
Attorney at Law

## J Sharpe, PLLC
**15720 Brixham Hill Avenue**
**Suite 300**
**Charlotte, North Carolina 28277**
**Telephone: (704) 944-3272**
**Facsimile: (704) 944-3201**

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**Jennifer B. Milak** <JMilak@teaguecampbell.com>
To: jenny sharpe <sharpeattorney@gmail.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, Sarah Kromer <sarah@sarahkromer.com>, Linda Zampa
<LZampa@teaguecampbell.com>

Wed, May 20, 2026 at 1:20 PM



Jennifer

Jennifer Milak
Partner
Teague Campbell
Direct: 919.719.4730

From: Jennifer B. Milak
Sent: Friday, May 15, 2026 11:13 AM
To: 'jenny sharpe' <sharpeattorney@gmail.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>; Sarah Kromer <sarah@sarahkromer.com>; Linda Zampa
<LZampa@teaguecampbell.com>
Subject: RE: Reggie Bloom v. Gaston County et.al.

████████████████████████████████████

Jennifer

From: jenny sharpe <sharpeattorney@gmail.com>

[Quoted text hidden]

[Quoted text hidden]

jenny sharpe <sharpeattorney@gmail.com>                     Wed, May 20, 2026 at 2:07 PM
To: "Jennifer B. Milak" <JMilak@teaguecampbell.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, Sarah Kromer <sarah@sarahkromer.com>, Linda Zampa
<LZampa@teaguecampbell.com>
Bcc: jenny sharpe <sharpeattorney@gmail.com>, Reggie Bloom <reggie9924@gmail.com>

████████████████████████████████████

Jenny L. Sharpe
Attorney at Law

J Sharpe, PLLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, North Carolina 28277
Telephone: (704) 944-3272
Facsimile: (704) 944-3201

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized

reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

[Quoted text hidden]

---

**Jennifer B. Milak** <JMilak@teaguecampbell.com>        Wed, May 20, 2026 at 2:11 PM
To: jenny sharpe <sharpeattorney@gmail.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, Sarah Kromer <sarah@sarahkromer.com>, Linda Zampa
<LZampa@teaguecampbell.com>

Jennifer

Jennifer Milak
Partner
Teague Campbell
Direct: 919.719.4730

[Quoted text hidden]

# DECLARATION OF JENNY L. SHARPE

## "EXHIBIT 3"


## Bloom/Brown Release Agreement

2 messages

**jenny sharpe** <sharpeattorney@gmail.com>                   Thu, May 21, 2026 at 12:32 PM
To: "Jennifer B. Milak" <jmilak@teaguecampbell.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, Sarah Kromer <sarah@sarahkromer.com>, LZampa@teaguecampbell.com
Bcc: jenny sharpe <sharpeattorney@gmail.com>, Reggie Bloom <reggie9924@gmail.com>

Jennifer,



Jenny L. Sharpe
Attorney at Law

## J Sharpe, PLLC
**15720 Brixham Hill Avenue**
**Suite 300**
**Charlotte, North Carolina 28277**
**Telephone: (704) 944-3272**
**Facsimile:    (704) 944-3201**

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

**2 attachments**



**Jennifer B. Milak** <JMilak@teaguecampbell.com>            Thu, May 21, 2026 at 2:28 PM
To: jenny sharpe <sharpeattorney@gmail.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, Sarah Kromer <sarah@sarahkromer.com>, Linda Zampa
<LZampa@teaguecampbell.com>

Jennifer Milak | Partner

✉ P.O. Box 19207 Raleigh, NC 27619-9207
📍 4140 Parklake Avenue, Suite 600, Raleigh, NC 27612

**Direct:** 919.719.4730  **Office:** 919.873.0166
**Fax:** 919.873.1814

  

CONFIDENTIALITY NOTICE: This transmission may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify the sender immediately.

[Quoted text hidden]

# DECLARATION OF JENNY L. SHARPE

## "EXHIBIT 4"

[Quoted text hidden]

**Lucchesi, Kathleen** <KLucchesi@littler.com>    Wed, May 27, 2026 at 12:47 PM
To: jenny sharpe <sharpeattorney@gmail.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, "Venable, Patricia" <PVenable@littler.com>, "Walker, Kelly"
<KeWalker@littler.com>, Sarah Kromer <sarah@sarahkromer.com>

Hi Jenny,



Thanks,
kathi

**Kathleen K. Lucchesi**
Shareholder
+1 704.972.7011 direct, +1 980.800.7938 mobile
620 South Tryon Street, Suite 950, Charlotte, NC 28202
KLucchesi@littler.com



**Labor & Employment Law Solutions**
LOCAL EVERYWHERE

[Quoted text hidden]
[Quoted text hidden]

# <u>DECLARATION OF JENNY L. SHARPE</u>

## "EXHIBIT 5"

# Lawsuit claims Gaston County Police prevented Black officers from reaching leadership positions

The 32-page suit names the current chief, county government and a county commissioner as defendants.



-10%

-10%

Author: Matthew Ablon (WCNC), Anders J. Hare (WCNC), Erika Williams
Published: 5:45 PM EDT October 23, 2024
Updated: 5:45 PM EDT October 23, 2024



GASTON COUNTY, N.C. — A new lawsuit filed this week claims Gaston County Police leaders discriminated against Black employees by keeping them out of leadership roles and not offering promotions.

The suit filed in Charlotte's federal court on Monday names current police chief Stephen Zill and county commissioner Chad Brown as defendants along with the Gaston County government. The plaintiffs, identified as Capt. Brent Roberts and Capt. Reginald E. Bloom Jr., claim they were denied opportunities to advance at the department and were violated of their civil rights under Title VII of the Civil Rights Act of 1964. The suit also claims Bloom faced retaliation for advocating for equal employment opportunities in the department.

*The full 32-page lawsuit is embedded below:*

[SCRIBD]



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927

BRENT ROBERTS and
REGINALD E. BLOOM, JR.,

    Plaintiffs,

v.

GASTON COUNTY, NORTH CAROLINA,
CHAD BROWN, In His Individual Capacity,
and STEPHEN ZILL, In His Individual
Capacity,

    Defendants.

COMPLAINT

(JURY TRIAL DEMANDED)

The Plaintiffs, Brent Roberts and Reginald E. Bloom, Jr., aver and say the following:

**INTRODUCTION & BACKGROUND**

In 1972, Detective Walter McGill brought a civil lawsuit in the U.S. District Court for the Western District of North Carolina against the Gaston County Police Department, alleging he was denied promotional opportunities because of his race (black). Subsequently, the District Court entered judgment in favor of Officer McGill, awarding McGill back pay and promoting him to the rank of Sergeant. Additionally, the Court recognized that systemic racism existed within the Gaston County Police Department and ordered measures to be implemented to combat racial inequities then existing within the Department. These measures resulted in positive changes, such as establishing written rules for promotions, and, as a result of these measures, more black officers were hired and promoted into leadership positions, including, the eventual promotion of James

Case 3:24-cv-00927   Document 1   Filed 10/21/24   Page 1 of 32

Download this PDF     [1] / 32

Roberts claims since he joined GCPD in 1997, he has slowly progressed through the ranks despite often being listed as the top candidate for promotions and working in several different divisions. Roberts was promoted to the rank of captain in 2017, after 20 years of service, and had expressed interest in promotion to the assistant chief role the following year.

At the time, the department's policy stated the assistant chief could not have less than two years of experience as a captain -- a requirement that barred Roberts and another Black captain from applying. The position opened up again in 2020, but the suit claims Gaston County changed its eligibility requirements without notification and without placing them in writing, again barring Roberts and the other captain from the chance.

The lawsuit also said Roberts was a vocal advocate for Black officers and other officers who were minorities, including female officers. The suit said Roberts filed an internal complaint in 2016 while still a sergeant claiming then-police chief Joseph Ramey discriminated against Black sergeants and captains, passing over them to promote white officers who were less qualified. Other internal complaints were raised in 2019 and 2022, with the suit saying Roberts' 2022 complaint was followed by a warning letter for alleged insubordination.

Bloom, who joined GCPD in 2004, also similarly held different roles across GCPD throughout his career according to the suit while also leading civic engagement campaigns. He was promoted to captain in April 2023, and the suit claims like Roberts, Bloom's progression through the ranks was also slower than white counterparts. The suit also claims Bloom was told by several white peers to "distance himself" from Roberts because of Roberts' advocacy within the department.

Ramey announced in Sept. 2022 that he would step down from his position as GCPD chief once a replacement could be hired, and the county posted the role formally in November of that year. The suit claims Commissioner Brown directed the county to hire an internal white male candidate to fill the role and encouraged three white captains to apply -- including current chief Zill. However, Roberts and another Black captain who ended up retiring reportedly received no such encouragement by Brown or any other county commissioner.

The suit said Gaston County initially narrowed the original pool of chief applicants to six people. One applicant was an internal candidate the suit claims was a fully qualified female candidate from within GCPD who served as assistant chief since 2018, while two others were external candidates who were Black and had experience as police chiefs. The other three candidates were all internal white male candidates, only one of which the suit claims was fully qualified to meet a requirement of a minimum of five years of command staff-level experience. Zill was one of the two internal white candidates who reportedly did not meet the experience requirement, something the suit claims was confirmed by an internal human resources communication. He was made police chief in March 2023.

An assistant chief opened up again later in 2023. The suit claims Zill promoted a white male sergeant to captain shortly after being made chief in March 2023, only to promote the captain to assistant chief just five months later. Further, the position was reportedly not published with eligibility requirements as required by North Carolina law. At the time of the white captain's promotion, Capt. Roberts had reportedly been at the top of an eligibility list for promotion to the assistant chief role for several years and had more experience than his white colleague. The suit notes Capt. Bloom also had more experience than the colleague who was granted the assistant chief role.

The lawsuit also claims an assistant chief role was filled again in November 2023 by another white male officer picked by Zill and that the county did not properly post the position's vacancy. That officer had also announced he had planned to retire prior to being picked for the assistant chief role.

Roberts claimed in the suit that Zill falsely claimed Roberts was on a performance improvement plan and had treated him with hostility, including excluding him from a key meeting with other captains. Roberts also claims his complaints weren't taken seriously by the county's human resources team, eventually working with the U.S. Equal Opportunity Employment Commission (EEOC) to take action in July 2024.

The suit goes on to claim Roberts and Bloom were passed over for an assistant chief role a third time after the role was posted in August 2024. Gaston County reportedly changed the requirements again, this time saying any sworn employee was not qualified for the role if they faced sustained disciplinary action in the last two years. This new requirement would make Roberts ineligible because of the supposed performance improvement plan.

However, both Roberts and Bloom still applied. Neither were reportedly interviewed for the role by Chief Zill. The suit instead claims they were rejected and that a white applicant was selected in September 2024. That applicant, the suit claims, had only been promoted to captain in February 2024 and held the rank for less than a year. In September, Zill and the county told Roberts he would be transferred from his position in the communications division to a patrol position. It didn't affect his rank or hourly pay, but the suit says the new position made him less visible and was less prestigious, seeing him moved from running a division with oversight of a $5 million-plus budget to only managing just 12 police officers. A white captain, just promoted in 2023, was reportedly moved into Roberts' role.

Bloom also claims he was given lower evaluation scores than a white counterpart who was only made captain after he was, despite being told by his superior that he "did not give high scores to new captains". Bloom claims he has had his leadership undermined by that superior several times. Bloom has also filed a complaint with the EEOC. As of the filing of the suit, the EEOC hasn't finished its investigatory process with Bloom's case.

Bloom and Roberts are demanding a jury trial. If a ruling is found in their favor, they want the following from the court:

- A permanent injunction against Zill, Brown, and the county from engaging in unlawful employment practices
- An order against the defendants to provide Bloom and Roberts with equitable relief and monetary damages for present and future lost wages and benefits
- An order against the defendants to pay punitive damages

- For the defendants to pay for Bloom and Roberts' reasonable costs and attorney's fees
- For the court to grant any other relief deemed necessary

Commissioner Chad Brown issued the following statement to WCNC Charlotte in response to the lawsuit:

*"This frivolous claim which the plaintiff has filed needlessly includes my name and wrongfully attacks my character for the sole purpose of sensationalizing plaintiff's case. His false and defamatory statements about me are clearly intended to derail my campaign for Secretary of State. I WILL fight these false accusations like there is no tomorrow!"*

WCNC Charlotte reached out to GCPD multiple times this week for comment, offering a final deadline of 5 p.m. on Wednesday, Oct. 23, before this article would be published. As of publication, GCPD has not responded to our requests.

*For the latest breaking news, weather and traffic alerts that impact you from WCNC Charlotte, download the WCNC Charlotte mobile app and enable push notifications.*

**Related Articles**

Shooting north of Uptown leaves 1 man dead

ACLU: Over 17,000 eligible South Carolinians were denied voter registration

# DECLARATION OF JENNY L. SHARPE

## "EXHIBIT 6"

 Gmail

## Subpoena duces tecum

1 message

---

**jenny sharpe** &lt;sharpeattorney@gmail.com&gt;                     Mon, Mar 23, 2026 at 2:21 PM
To: "Lucchesi, Kathleen K. (Charlotte)" &lt;Kathleen.Lucchesi@jacksonlewis.com&gt;, "Jennifer B. Milak" &lt;jmilak@teaguecampbell.com&gt;
Cc: Julie Fosbinder &lt;jhanfos2@gmail.com&gt;, "Leake, Daniel Q. II (Charlotte)" &lt;Daniel.Leake@jacksonlewis.com&gt;, "Wallace, Allie (Charlotte)" &lt;Allie.Wallace@jacksonlewis.com&gt;, lzampa@teaguecampbell.com
Bcc: jenny sharpe &lt;sharpeattorney@gmail.com&gt;, Brent Roberts &lt;brobertsgcps@yahoo.com&gt;, Reggie Bloom &lt;reggie9924@gmail.com&gt;

Kathi and Jennifer,

I have attached a subpoena duces tecum to Mr. Yaniero, along with a certificate of service. Please confirm that you will accept service on Mr. Yaniero's behalf.  Thanks.

Jenny
Jenny L. Sharpe
Attorney at Law

## J Sharpe, PLLC

**15720 Brixham Hill Avenue**
**Suite 300**
**Charlotte, North Carolina  28277**
**Telephone:  (704) 944-3272**
**Facsimile:    (704) 944-3201**

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

---

**2 attachments**

📄 **032326-Subpoenaducestecum_Yaniero.pdf**
214K

📄 **CERTIFICATE OF SERVICE_Yaniero.pdf**
160K

 
## Yaniero Document Production

4 messages

---

**Lucchesi, Kathleen** <KLucchesi@littler.com>                    Tue, Apr 21, 2026 at 1:56 PM
To: jenny sharpe <sharpeattorney@gmail.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, "Jennifer B. Milak" <jmilak@teaguecampbell.com>

Hi Jenny and Julie,

I didn't confirm it from the beginning of our conversation but will you agree to an extension for the production of Yaniero's documents?

Thanks,

Kathi

------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

---

**jenny sharpe** <sharpeattorney@gmail.com>                    Tue, Apr 21, 2026 at 2:27 PM
To: "Lucchesi, Kathleen" <KLucchesi@littler.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, "Jennifer B. Milak" <jmilak@teaguecampbell.com>
Bcc: jenny sharpe <sharpeattorney@gmail.com>

We will agree to that.  What is your best estimate of the time you will need?

Jenny
Jenny L. Sharpe
Attorney at Law

## J Sharpe, PLLC
**15720 Brixham Hill Avenue
Suite 300
Charlotte, North Carolina  28277
Telephone:  (704) 944-3272
Facsimile:    (704) 944-3201**

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized

 
## Roberts & Bloom v. Gaston County

9 messages

---

**Lucchesi, Kathleen** <KLucchesi@littler.com>                                Mon, Apr 13, 2026 at 11:30 AM
To: "sharpeattorney@gmail.com" <sharpeattorney@gmail.com>, "jhanfos2@gmail.com" <jhanfos2@gmail.com>,
"jmilak@teaguecampbell.com" <jmilak@teaguecampbell.com>
Cc: "Venable, Patricia" <PVenable@littler.com>, "Walker, Kelly" <KeWalker@littler.com>, "sarah@sarahkromer.com"
<sarah@sarahkromer.com>

Hi Jenny and Julie,

Quick note to give everyone my new email address – klucchesi@littler.com. For now, you can still use my cell phone –
704-577-2986. My signature line hasn't been added yet, but once that happens, I'll circulate another email so you have all
my contact information.

A couple of things:

I got Julie's text about Dr. Eagle's deposition on April 30

I'm meeting with David Goldberg later today to discuss Jenny's email ███████████

I've added attorney Kelly Walker and attorney practice coordinator Pat Venable to this email

I appreciate your patience during my transition over to Littler.

Thanks,
Kathi

---

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use,
distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for
the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number
of separate legal entities.

---

**Walker, Kelly** <KeWalker@littler.com>                                Mon, Apr 13, 2026 at 11:32 AM
To: "Lucchesi, Kathleen" <KLucchesi@littler.com>, "sharpeattorney@gmail.com" <sharpeattorney@gmail.com>,
"jhanfos2@gmail.com" <jhanfos2@gmail.com>, "jmilak@teaguecampbell.com" <jmilak@teaguecampbell.com>
Cc: "Venable, Patricia" <PVenable@littler.com>, "sarah@sarahkromer.com" <sarah@sarahkromer.com>

Thanks, Kathi. I look forward to working with you all moving forward.

Kelly Walker
Attorney at Law

+1 704.972.7003 direct, +1 704.492.8576 mobile, +1 980.346.5389 fax
620 South Tryon Street, Suite 950, Charlotte, NC 28202
KeWalker@littler.com



## Labor & Employment Law Solutions

LOCAL EVERYWHERE

[Quoted text hidden]
[Quoted text hidden]

---

**jenny sharpe** <sharpeattorney@gmail.com>                     Mon, Apr 13, 2026 at 2:11 PM
To: "Walker, Kelly" <KeWalker@littler.com>
Cc: "Lucchesi, Kathleen" <KLucchesi@littler.com>, "jhanfos2@gmail.com" <jhanfos2@gmail.com>,
"jmilak@teaguecampbell.com" <jmilak@teaguecampbell.com>, "Venable, Patricia" <PVenable@littler.com>,
"sarah@sarahkromer.com" <sarah@sarahkromer.com>
Bcc: jenny sharpe <sharpeattorney@gmail.com>

Thank you, Kathi. We still have Mike Yaniero's deposition on Thursday this week and I am assuming that one will
go forward as planned unless circumstances change, correct?

Like Julie, I wish you a good transition to Littler.

Jen
Jenny L. Sharpe
Attorney at Law

## J Sharpe, PLLC
**15720 Brixham Hill Avenue**
**Suite 300**
**Charlotte, North Carolina  28277**
**Telephone:  (704) 944-3272**
**Facsimile:    (704) 944-3201**

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S.
federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the
sender. The information is intended only for the use of the person to whom it was addressed. Any other interception,
copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized
reliance on this message. If you have received this message in error, please immediately notify the sender and purge the
message you received. Do not forward this message without permission.

[Quoted text hidden]

---

**Lucchesi, Kathleen** <KLucchesi@littler.com>                     Mon, Apr 13, 2026 at 6:24 PM
To: jenny sharpe <sharpeattorney@gmail.com>, "Walker, Kelly" <KeWalker@littler.com>
Cc: "jhanfos2@gmail.com" <jhanfos2@gmail.com>, "jmilak@teaguecampbell.com" <jmilak@teaguecampbell.com>, "Venable,
Patricia" <PVenable@littler.com>, "sarah@sarahkromer.com" <sarah@sarahkromer.com>

Hi Jenny,

I'm working on getting my files moved over to Littler but am running into some trouble. In the event I'm unable to get things squared away in time, Chief Yaniero has availability on April 22, 23, and 30 (before 12p ET). Would any of these dates work for you?

Thanks,
Kathi

[Quoted text hidden]
[Quoted text hidden]

---

**jenny sharpe** <sharpeattorney@gmail.com>                          Mon, Apr 13, 2026 at 7:32 PM
To: "Lucchesi, Kathleen" <KLucchesi@littler.com>
Cc: "Walker, Kelly" <KeWalker@littler.com>, "jhanfos2@gmail.com" <jhanfos2@gmail.com>, "jmilak@teaguecampbell.com" <jmilak@teaguecampbell.com>, "Venable, Patricia" <PVenable@littler.com>, "sarah@sarahkromer.com" <sarah@sarahkromer.com>
Bcc: jenny sharpe <sharpeattorney@gmail.com>

If it becomes problematic, let us know. I am available on April 23rd and if necessary we can use that date as backup.

Jen
Jenny L. Sharpe
Attorney at Law

**J Sharpe, PLLC**
**15720 Brixham Hill Avenue**
**Suite 300**
**Charlotte, North Carolina 28277**
**Telephone: (704) 944-3272**
**Facsimile:   (704) 944-3201**

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

[Quoted text hidden]

---

**Lucchesi, Kathleen** <KLucchesi@littler.com>                          Tue, Apr 14, 2026 at 1:04 PM
To: jenny sharpe <sharpeattorney@gmail.com>
Cc: "Walker, Kelly" <KeWalker@littler.com>, "jhanfos2@gmail.com" <jhanfos2@gmail.com>, "jmilak@teaguecampbell.com" <jmilak@teaguecampbell.com>, "Venable, Patricia" <PVenable@littler.com>, "sarah@sarahkromer.com" <sarah@sarahkromer.com>

I think we have Greg Grier on the morning of April 22 and Dr. Eagle on April 30. Would the afternoon of April 22 for Chief Yaniero's deposition be a viable date / time as well?

[Quoted text hidden]
[Quoted text hidden]

---

**Jenny Sharpe** <sharpeattorney@gmail.com>                          Tue, Apr 14, 2026 at 2:32 PM
To: Kathleen Lucchesi <KLucchesi@littler.com>

Cc: Kelly Walker <KeWalker@littler.com>, jhanfos2@gmail.com, jmilak@teaguecampbell.com, Patricia Venable <PVenable@littler.com>, sarah@sarahkromer.com
Bcc: sharpeattorney@gmail.com

Kathi, I am available on April 23rd. I made other plans for the 22nd since Dr. Grier is no longer available on the 22nd. Is the 16th still problematic for you?? If it is we can do it on the 23rd but I will need the documents responsive to the subpoena in advance of his deposition since it is scheduled to be taken via Zoom. Thanks.

Jen
Sent from my iPhone

On Apr 14, 2026, at 1:04 PM, Lucchesi, Kathleen <KLucchesi@littler.com> wrote:

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

<image001.png>

<image002.png>

From: Lucchesi, Kathleen <KLucchesi@littler.com>
Sent: Monday, April 13, 2026 11:30 AM
To: sharpeattorney@gmail.com; jhanfos2@gmail.com; jmilak@teaguecampbell.com
Cc: Venable, Patricia <PVenable@littler.com>; Walker, Kelly <KeWalker@littler.com>; sarah@sarahkromer.com
Subject: Roberts & Bloom v. Gaston County

Hi Jenny and Julie,

Quick note to give everyone my new email address – klucchesi@littler.com. For now, you can still use my cell phone – 704-577-2986. My signature line hasn't been added yet, but once that happens, I'll circulate another email so you have all my contact information.

A couple of things:

I got Julie's text about Dr. Eagle's deposition on April 30

I'm meeting with David Goldberg later today to discuss Jenny's email ███████████████████
███████

I've added attorney Kelly Walker and attorney practice coordinator Pat Venable to this email

I appreciate your patience during my transition over to Littler.


Thanks,
Kathi


-------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.


-------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

[Quoted text hidden]

---

**Lucchesi, Kathleen** <KLucchesi@littler.com>                    Tue, Apr 14, 2026 at 2:39 PM
To: Jenny Sharpe <sharpeattorney@gmail.com>
Cc: "Walker, Kelly" <KeWalker@littler.com>, "jhanfos2@gmail.com" <jhanfos2@gmail.com>, "jmilak@teaguecampbell.com" <jmilak@teaguecampbell.com>, "Venable, Patricia" <PVenable@littler.com>, "sarah@sarahkromer.com" <sarah@sarahkromer.com>

We still have Dr. Grier on for deposition on April 22 – is that not happening now?


As mentioned, the file transfer process is not going as quickly as we need it to go forward with Chief Yaniero's deposition on Thursday so I need to reschedule it. As of today, I don't have access to the files so that I could respond to your subpoena but will respond as quickly as I can after JL transfers the files.

[Quoted text hidden]
[Quoted text hidden]

---

**Julie Fosbinder** <jhanfos2@gmail.com>                          Tue, Apr 14, 2026 at 2:49 PM
To: "Lucchesi, Kathleen" <KLucchesi@littler.com>
Cc: Jenny Sharpe <sharpeattorney@gmail.com>, "Walker, Kelly" <KeWalker@littler.com>, "jmilak@teaguecampbell.com" <jmilak@teaguecampbell.com>, "Venable, Patricia" <PVenable@littler.com>, "sarah@sarahkromer.com" <sarah@sarahkromer.com>

Hello all;

Dr. Grier is not available on April 22, so we will have to find another date for his deposition.

In the meantime, please see ███████████████████████████████████████
or concerns.

Thank you,

Julie
[Quoted text hidden]

--
Julie H. Fosbinder
Fosbinder Law Office
840 Seneca Place
Charlotte, NC 28210
Phone: (704) 333-1428
Cell:  (704) 560-8600
Fax: (704) 333-1431

NOTICE:  This communication (including any attachment) is being sent by or on behalf of a lawyer or law firm and may contain confidential or legally privileged information.  The sender does not intend to waive any privilege, including the attorney-client privilege, that may attach to this communication. If you are not the intended recipient, you are not authorized to intercept, read, print, retain, copy, forward, or disseminate this communication.  If you have received this communication in error, please notify the sender immediately by email and delete this communication and all copies.



reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

[Quoted text hidden]

---

**jenny sharpe** <sharpeattorney@gmail.com>                                   Mon, Apr 27, 2026 at 1:59 PM
To: "Lucchesi, Kathleen" <KLucchesi@littler.com>, "Jennifer B. Milak" <jmilak@teaguecampbell.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, "Venable, Patricia" <pvenable@littler.com>, "kewalker@littler.com" <kewalker@littler.com>
Bcc: jenny sharpe <sharpeattorney@gmail.com>

I didn't hear from you regarding how much time you will need to respond fully to the Mike Yaniero subpoena, so I am following up
with you regarding the depositions scheduled for April 30th, May 1st and May 4th. I still would like some response regarding the subpoena.

We have scheduled Dr. Eagle for April 30th for a Zoom deposition beginning at 9 a.m. It is my understanding that Dr. Eagle
has a "hard stop" at 2:00 p.m.  Is this correct and is she still planning to be available?

Mike Yaniero is scheduled for May 1st for a Zoom deposition beginning at 9:00 a.m. Does he have any restrictions on time? I
believe you indicated he may.

Amia Massey's deposition is scheduled for May 4th at the Gaston County Economic Development Center.

Please let me know immediately if there are any changes in this schedule given our settlement negotiations. Thank you.

Jenny
Jenny L. Sharpe
Attorney at Law

## J Sharpe, PLLC
**15720 Brixham Hill Avenue**
**Suite 300**
**Charlotte, North Carolina  28277**
**Telephone:   (704) 944-3272**
**Facsimile:    (704) 944-3201**

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

On Tue, Apr 21, 2026 at 1:56 PM Lucchesi, Kathleen <KLucchesi@littler.com> wrote:
[Quoted text hidden]

---

**Jennifer B. Milak** <JMilak@teaguecampbell.com>                             Mon, Apr 27, 2026 at 2:44 PM
To: jenny sharpe <sharpeattorney@gmail.com>, "Lucchesi, Kathleen" <KLucchesi@littler.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>, "Venable, Patricia" <pvenable@littler.com>, "kewalker@littler.com" <kewalker@littler.com>

I will attend via zoom so please have the court reporter send me zoom invitations.

Jennifer


Jennifer Milak | Partner

 P.O. Box 19207 Raleigh, NC 27619-9207

9  4140 Parklake Avenue, Suite 600, Raleigh, NC 27612

**Direct:** 919.719.4730  **Office:** 919.873.0166
**Fax:** 919.873.1814

 Teague Campbell

CONFIDENTIALITY NOTICE: This transmission may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify the sender immediately.

[Quoted text hidden]

# DECLARATION OF JENNY L. SHARPE

## "EXHIBIT 7"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-cv-0927-DCK

BRENT ROBERTS and REGINALD E.          )
BLOOM, JR.,                            )
                                       )
                Plaintiffs,            )
                                       )
     vs.                               )
                                       )
GASTON COUNTY, NORTH CAROLINA,         )
GASTON COUNTY BOARD OF COUNTY          )
COMMISSIONERS, in its Official         )
Capacity, and CHAD BROWN, in           )
his Individual Capacity, and           )
STEPHEN ZILL, in his Individual        )
Capacity,                              )
                                       )
                Defendants.            )
                                       )

D E P O S I T I O N

OF

**MICHAEL G. YANIERO**

Via Zoom Videoconference

Friday, May 1, 2026

REPORTER:    MELISSA A. DONNELLY
             Notary Public

**REED & ASSOCIATES**
2401 Whirlaway Court
Matthews, NC  28105
980.339.3575

dated April 16th, 2026.

I know we've had sort of a tortured path to get you here this morning.

MS. SHARPE:  But, if you would, Melissa, show him the deposition notice, as well as Plaintiffs' Exhibit Number 110, which is the subpoena to produce documents.

MS. LUCCHESI:  Hey, Jenny, is that the corrected number or is that the -- I don't know if you remember, after the last deposition, we realized that we had duplicated some numbers.  Do you --

MS. SHARPE:  I thought we corrected that and labeled those A and B, but our last deposition exhibit was 108.

MS. LUCCHESI:  Okay.

(Plaintiffs' Exhibit 109 shared on screen.)

Q.  Okay.  Mr. Yaniero, that is the deposition notice that you received, or one of the deposition notices you received regarding your testimony today?

A.  I did not receive that.

Q.  Okay.  Did you receive a copy of the subpoena to produce documents, which is marked as Plaintiffs' Exhibit 110?

A.  No, ma'am.

Q.  Were you aware that your -- the documents that you used in preparation of your report had been subpoenaed by the plaintiffs in this case?

A.  No, ma'am.

Q.  Have you provided any documents to Ms. Lucchesi in connection with Plaintiffs' Exhibit 110?

A.  I've -- I've provided her some, not all of them.

Q.  Okay.

A.  But -- but, no, I have not.  I wasn't aware that I was -- that my notes and everything were subpoenaed.

Q.  And the representation I received from Ms. Lucchesi was that she would accept service of process of the subpoena herself.  And you weren't made aware of that?

A.  No, ma'am.

Q.  Okay.

A.  I think yesterday we talked about -- about getting all the documents, but that was -- that was my first opportunity to -- that I understood that you all wanted those documents.

MS. SHARPE:  All right.  Let's go ahead and show him Plaintiffs' Exhibit Number 110, Melissa, please.

(Plaintiffs' Exhibit 110 shared on screen.)

Q.  And, Mr. Yaniero, we are showing that to you right

now.  If you would like, just take a couple minutes to look at it, but I'm specifically going to be asking you questions about the first page of the exhibit and then the attachment to the exhibit, which is the last three pages of the document.

A.   (Witness reviews document.)  I didn't -- I didn't receive that, so I don't --

Q.   Well, would you agree with me that the subpoena was actually issued on March 23rd, 2026?

A.   I don't know that.  I have no idea about that.

Q.   Well, you can look at the first page of the exhibit.

A.   I see it says 4/8/2026.

Q.   That's the place and time where you were supposed to provide the documents attached to the subpoena to us. But if you'll look where my signature is, that's dated March 23rd, 2026, and you were asked to provide documents to us, per the attachment to a subpoena, on April 8th, 2026.

And so you were just completely unaware of this, even though counsel for defendant had actually represented to us that she had accepted service of process on your behalf?

A.   No.  I -- I had an idea that -- when I talked with her, that I would have to provide documents, but I didn't know a subpoena had been issued.

Q.   Okay.  And let's have you look at the last three
pages of the attachment to the subpoena, please.

A.   (Witness reviews document.)

Q.   And while you're taking a look at that, Mr. Yaniero,
isn't it true that you -- that this was given to you
a month ago and we have not had any feedback from
counsel regarding when we're going to get the
documents?

A.   I don't -- I don't -- I don't know that because I've
never seen this document before.

          MS. SHARPE:  Okay.  So this should have been
               given to us months ago, Kathi, and I think,
               you know, your representation to us is that
               you haven't been able to get the documents
               from your former law firm.  And it's clear
               that this witness did not receive the
               subpoena, even though you represented that
               you would accept service of process on his
               behalf.

          And I think we're going to have to
               reconvene this deposition.

          MS. LUCCHESI:  If that's what you want --

          MS. SHARPE:  He's given us a whole list --

          MS. LUCCHESI:  If that's what you want to do.

          MS. SHARPE:  He's given us a whole -- he's

given us a whole list of cases that are not referenced at all in his opinion, and I think that that has created a really unfair playing field for the plaintiffs -- the plaintiff in this case.  And I think we're just going to have to reconvene.

MS. LUCCHESI:  If that is what -- if that is what you want to do, that is fine.  Go ahead.

MS. SHARPE:  Yeah, I think we have to.  There have been absolutely no objections to the subpoena.  Mr. Yaniero hasn't objected to the subpoena.  You have not objected to the subpoena, but you have delayed us in getting this information.  And it's not because -- and it's not because of your former law firm holding on to the documents.  It's because you didn't get it to him.

MS. LUCCHESI:  He and I --

MS. SHARPE:  I think we're going to have -- we're going to have to reconvene this deposition, so --

MS. LUCCHESI:  That's fine.  Let's go ahead and go off the record, and we will

reconvene.

MS. SHARPE:  Okay.

(Whereupon, at 10:28 a.m. on May 1, 2026, the taking of the foregoing deposition was adjourned.  Signature was reserved.)

*    *    *

## WITNESS CERTIFICATE

I have read the foregoing pages, 1 through 22 inclusive, and find that they contain a correct transcription of the answers made by me to the questions therein recorded, with the exception of _____ corrections as listed on a separate sheet of paper and incorporated into this record.

Signed this _____ day of _____ 2026.

_____
MICHAEL G. YANIERO

Sworn and subscribed before

me this the _____ day of

_____ 2026.

_____
Notary Public

My Commission Expires: _____.

STATE OF NORTH CAROLINA

COUNTY OF FORSYTH


C E R T I F I C A T E


I, MELISSA A. DONNELLY, Notary Public, do hereby certify that MICHAEL G. YANIERO was duly sworn by me prior to the taking of the foregoing deposition, that said deposition was taken and transcribed under my supervision and direction, and the foregoing pages constitute a true and accurate transcript of the testimony of said witness.

I do further certify that the parties were present as stated in the caption.

I do further certify that I am not of counsel for or in the employment of either of the parties to this action, nor am I interested in the results of said action.

I have hereunto subscribed my name this the 4th day of May 2026.


_____
MELISSA A. DONNELLY
Notary Public No. 19981350018


My Commission expires March 5, 2028.


REED & ASSOCIATES
980.339.3575

# UNITED STATES DISTRICT COURT
### for the
### Western District of North Carolina

| | |
|---|---|
| Brent Roberts & Reginald E. Bloom, Jr. <br> _____ <br> *Plaintiff* <br> v. <br> Gaston County, NC, et al. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) Civil Action No.  3:24-cv-927-DCK <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Michael G. Yaniero
1002 Pine Valley Road, Jacksonville, NC  28541

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See, Attachment to Subpoena

| Place: <br>      J Sharpe, PLLC <br>      15720 Brixham Hill Ave., Ste. 300, Charlotte, NC 28277 | Date and Time: <br><br> 04/08/2026 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: <br><br> | Date and Time: <br><br> |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/13/2026

| CLERK OF COURT | |
|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | OR _____ <br> *Attorney's Signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Brent Roberts and Reginald E. Bloom, Jr. _____ , who issues or requests this subpoena, are:

Jenny L. Sharpe
15720 Brixham Hill Ave., Ste. 300, Charlotte, NC  28277; sharpeattorney@gmail.com; 704-944-3272

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PLAINTIFF'S
EXHIBIT**

Civil Action No. 3:24-cv-927-DCK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA DUCES TECUM TO MICHAEL G. YANIERO

1. Produce all documents provided to Mr. Yaniero by Defendants or any third party in connection with the preparation of his report in the matter of *Roberts & Bloom v. Gaston County, NC, et al.,* *Civil Action No. 3:24-cv-927-DCK*, (the "Lawsuit").

2. Produce all drafts of Mr. Yaniero's reports and opinions.

3. Produce all documents, including but not limited to, notes, whether typed, handwritten or otherwise, memoranda and/or working papers of Mr. Yaniero concerning the Lawsuit.

4. Produce all written communications between Mr. Yaniero with any of the Defendants or third parties, including Defendants' counsel, about the Lawsuit, whether documented in a note, email, text message, phone calls summarized, or any other method.

5. Produce a complete copy of Mr. Yaniero's file concerning the Lawsuit.

6. Produce all information upon which Mr. Yaniero based his conclusions and all information that he considered in forming his opinion regarding whether the position of Assistant Chief is an executive appointment. Your response should include all facts or data provided by Defendants' counsel to Mr. Yaniero.

7. Produce all information upon which Mr. Yaniero based his conclusions and all information that he considered in forming his opinion regarding whether the Board-approval clause does not apply to CALEA standards or general orders. Your response should include all facts or data provided by Defendants' counsel to Mr. Yaniero.

8. Produce all information upon which Mr. Yaniero based his conclusions and all information that he considered in forming his opinion that SWAT Commander experience constitutes

1

command-level experience. Your response should include all facts or data provided by Defendants' counsel to Mr. Yaniero.

9. Produce all source materials, such as books, articles, or other documents, which are mentioned in Mr. Yaniero's report or which pertain to his investigation and/or preparation of his report concerning the Lawsuit.

10. Produce all documents and resources relied upon by Mr. Yaniero in reaching his conclusions and opinions in this Lawsuit, including the documents referenced in "Section III. Methodology" of his report.

11. Produce all correspondence, including emails, concerning the Lawsuit, between the Expert and any third party.

12. Produce all billing and business documents of the Expert which reflect the time and effort the Expert expended on this matter, including but not limited to invoices, billing and payment records, hourly or daily charges, expense statements and/or reports, mileage, time sheets and ledgers.

13. Produce all publications, books, and/or articles written, co-written, and/or edited by Mr. Yaniero regarding the subject matter of his report.

14. Produce a listing of all other Lawsuits in which Mr. Yaniero has provided an opinion and/or testified in court or at a deposition.

15. Produce copies of all texts, treatises, case law, legislative histories, or other professional publications upon which Mr. Yaniero relied when forming his opinions concerning the Lawsuit.

2

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has served a copy of Plaintiffs'

Subpoena to Produce Documents to Michael G. Yaniero to counsel for the Defendants via

email addressed to the following individuals:

Jennifer B. Milak
**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**
Post Office Box 19207
Raleigh, North Carolina 27619-9207
Email: jmilak@teaguecampbell.com
*Attorney for Defendant Brown*

&

Kathleen K. Lucchesi
Daniel Q. Leake, II
**JACKSON LEWIS**
200 S. College Street, Ste. 1550
Charlotte, North Carolina
Email: Kathleen.Lucchesi@jacksonlewis.com
Email: Daniel.Leake@jacksonlewis.com
*Attorneys for Defendants Gaston County & Zill*

This the 23rd day of March, 2026.

/s/ *Jenny L. Sharpe*
Jenny L. Sharpe, Esq.
Counsel for Plaintiffs

# DECLARATION OF JENNY L. SHARPE

## "EXHIBIT 8"

# J SHARPE, PLLC
Jenny L. Sharpe, Attorney at Law
Ballantyne One
15720 Brixham Hill Avenue, Suite 300
Charlotte, North Carolina 28277

Telephone: (704) 944-3272     Facsimile: (704) 944-3201
Direct Dial: (704) 858-2581     Email: sharpeattorney@gmail.com

May 1, 2026

Kathleen K. Lucchesi
Littler Mendelson, P.C.
620 S. Tryon Street Ste. 905
Charlotte, North Carolina  28202

> Re: <u>Roberts & Bloom v. Gaston County NC, et al.</u>
> Civil Action No. 3:24-cv-927-DCK

Dear Kathi,

I write to address your expert's testimony today, in which he stated that he did not receive a copy of the subpoena *duces tecum* which was issued to him on March 23, 2026, and that he was not even aware of the subpoena. As you recall, the subpoena requested that he produce the documents attached to the subpoena on April 8, 2026. Neither you, your expert, nor any of the other defendants served any objection to the subpoena.

When I served you with a copy of that subpoena, I asked you specifically in my email whether you would accept service of process on behalf of Mr. Yaniero. In a subsequent phone call, you confirmed to both Julie and me that you would accept service on his behalf. Based upon that representation, we did not attempt to serve Mr. Yaniero personally. When we did not receive the documents requested by the subpoena by April 8th I reached out to you regarding when we might receive the documents and you represented in your email dated April 13th that you were having trouble getting your files moved from Jackson Lewis to your new firm. On April 21st you represented that you would need additional time to secure the documents from the witness but never said how much time you would need even though I followed up to find out when we would receive them. Your last representation to us regarding the whereabouts of the subpoenaed documents was that your former law firm, Jackson Lewis, was in possession of those documents and that you could not produce them in time for today's deposition. It was based upon that representation that we decided to proceed with Mr. Yaniero's deposition today.

Obviously, you were not forthcoming with us. Jackson Lewis does not have possession of all of the subpoenaed documents because you never provided the subpoena to your expert witness in the first place. He testified this morning that he never knew he was under any obligation to produce the documents and in fact, had never seen the subpoena until it was made an exhibit in the deposition. Certainly, there were items in his possession such as his notes, drafts, and emails which he could have readily produced to you over the last several weeks in advance of today's deposition,

1

despite your transition to your new firm but apparently, you never asked him to do so despite the fact you were fully aware of the subpoena's existence. Consequently, we have been unnecessarily impeded in our efforts to take his deposition

I have known you professionally for a very long time and I have never had any real basis for distrusting you until now. This saddens me.

I believe the Court will be concerned by what has transpired and the reason why this deposition was delayed yet again. Unless we are in receipt of all of the documents described in the subpoena by May 5th, we will file a motion to enforce the subpoena and will ask for sanctions, including but not limited to our attorneys' fees and costs associated with the motion.

Thank you.

Sincerely,

Jenny L. Sharpe

Jenny L. Sharpe
Attorney at Law

JLS/js
cc:    Julie H. Fosbinder

      Jennifer B. Milak
      Teague, Campbell, Dennis & Gorham, LLP

2

# DECLARATION OF JENNY L. SHARPE

## "EXHIBIT 9"



between
and Reg
to Emp



2



3



4



5



6



7



2



2



3

language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Should a court declare or find the general release in this Agreement to be unenforceable for any reason, Employee agrees to sign a replacement release in a form provided by Employer.

11. **No Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as any admission by Releasees or Employee of any wrongdoing or evidence of any liability or unlawful conduct of any kind.

12. **Nondisparagement**. Employee agrees not to make any disparaging statement(s) to members of the public about the Released Parties that are: (1) knowingly false; (2) made with reckless disregard for the truth; and/or (3) are about the quality of the Releasees' services and made in a manner reasonably calculated to harm the Releasees' reputation. This provision does not prevent Employee, Employer, or the Releasees from (a) communicating truthful information, documents, or testimony in compliance with or consistent with any legal obligation, including but not limited to the securities laws, (b) providing truthful information, documents, or testimony in any legal proceeding, (c) providing truthful information or documents in any charge or complaint filed by any person with the EEOC, SEC, NLRB, DOL, or other governmental agency, or (d) providing truthful information or documents in the course of participating in an investigation or proceeding conducted by the EEOC, SEC, NLRB, DOL, or any other governmental agency.

13. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

14. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

15. **Counterparts and Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail, or a signature which is made electronically via DocuSign or other similar application, will have the same effect as the original signature.

16. **Mutual Negotiation.** This Agreement was the result of negotiations between the Parties and their respective counsel. In the event of vagueness, ambiguity, or uncertainty, this Agreement shall not be construed against the Party preparing it but shall be construed as if both Parties prepared it jointly.

17. **Third Party Beneficiaries.** All Releasees, as that term is used herein, are intended third party beneficiaries of this Agreement for purposes of the obligations and protections offered by this Agreement, and they shall be entitled to enforce the provisions of this Agreement applicable to any such Releasee as against Employee.

4

**18.** **No Waiver.** No delay or failure by either Party to enforce the terms of this Agreement shall constitute a waiver of any future enforcement rights.

**19.** **Board Approval.** Employer represents that all approvals necessary to authorize and implement this Agreement, including approval by the Gaston County Board of County Commissioners, have been obtained or will be obtained prior to execution of this Agreement, and that each signatory has full authority to bind the respective Party. Employer represents that with the signature of the Gaston County Finance Director or Deputy Finance Director below, this Agreement complies with the Local Government Budget and Fiscal Control Act (N.C.G.S.§ 159-28). The Parties acknowledge and agree that this Agreement will not be valid or enforceable without the approval of the Gaston County Board of County Commissioners. Without such approval by the Gaston County Board of County Commissioners, the Parties shall have no obligation to comply with the provisions contained in this Agreement.

EMPLOYEE IS ADVISED THAT EMPLOYEE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. EMPLOYEE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEE'S SIGNING OF THIS AGREEMENT AND, HAS, IN FACT, OBTAINED LEGAL REPRESENTATION ABOUT THE DECISION TO ENTER INTO THIS AGREEMENT BY EMPLOYEE'S COUNSEL, AND SO DOING, ENTERS INTO THIS AGREEMENT.

EMPLOYEE MAY REVOKE THIS AGREEMENT AS TO AGE DISCRIMINATION CLAIMS ONLY FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY ON WHICH EMPLOYEE SIGNS OR ENTERS INTO THIS AGREEMENT AND THE AGREEMENT IS NOT ENFORCEABLE UNTIL THE REVOCATION PERIOD HAS EXPIRED. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO DAVID GOLDBERG GASTON COUNTY ATTORNEY, 128 W. MAIN AVENUE, GASTONIA, NC 28052, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF THE PORTION OF THE AGREEMENT AND GENERAL RELEASE THAT RELATES TO ANY POTENTIAL AGE DISCRIMINATION CLAIMS." THE REVOCATION MUST BE RECEIVED BY DAVID GOLDBERG, GASTON COUNTY ATTORNEY, 128 W. MAIN AVENUE, GASTONIA, NC 28052, OR HIS DESIGNEE WITHIN SEVEN (7) CALENDAR DAYS AFTER EMPLOYEE SIGNS OR ENTERS INTO THIS AGREEMENT.

EMPLOYEE UNDERSTANDS AND AGREES THAT $1,000.00 OF THE FULL SETTLEMENT PAYMENT AMOUNT RECEIVED AS CONSIDERATION FOR THIS AGREEMENT AS SET FORTH IN PARAGRAPH 2 ABOVE IS DEDICATED TO EMPLOYEE'S AGE DISCRIMINATION WAIVER AND EMPLOYEE IS NOT ENTITLED TO SUCH AMOUNT IF EMPLOYEE REVOKES THIS AGREEMENT AS TO AGE DISCRIMINATION CLAIMS. IN THE EVENT THAT EMPLOYEE REVOKES THIS AGREEMENT AS IT PERTAINS TO AGE DISCRIMINATION CLAIMS, EMPLOYEE AGREES THAT, IN LIEU OF THE TOTAL SETTLEMENT PAYMENT AMOUNT SET FORTH ABOVE, EMPLOYEE FORFEITS $1,000.00 THE FULL SETTLEMENT PAYMENT AMOUNT RECEIVED AS CONSIDERATION FOR THIS AGREEMENT. EMPLOYEE FURTHER UNDERSTANDS AND AGREES THAT

5

EMPLOYEE'S REVOCATION OF THIS AGREEMENT AS IT PERTAINS TO CLAIMS OF AGE DISCRIMINATION SHALL HAVE NO EFFECT ON THE VALIDITY AND ENFORCEABILITY OF ANY OTHER TERM, CONDITION, OR PROVISION OF THIS AGREEMENT, INCLUDING THE RELEASE OF ALL CLAIMS NOT ARISING UNDER THE ADEA, WHICH TERMS BECOME EFFECTIVE WHEN THIS AGREEMENT IS ENTERED INTO OR SIGNED BY EMPLOYEE.

EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL CONSIDERATION PERIOD. EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**REGINALD E. BLOOM JR.**          **GASTON COUNTY, NORTH CAROLINA**


By: *Reginald C Bloom Jr*          By: _____
                                         Gaston County Manager


Date: ____05/24/2026____           Date: _____


                                   This instrument has been preaudited in the manner required by the Local Government Budget and Fiscal Control Act.


                                   By: _____
                                         Gaston County Finance Director


                                   Date: _____

6



# GASTON COUNTY

## Job Description

To perform this job successfully, an individual must be able to perform the essential job functions satisfactorily. Reasonable accommodation may be made to enable individuals with disabilities to perform the primary job functions. Since every duty associated with this position may not be listed, employees may be required to perform duties not in the job description but are considered incidental and relevant to performing the duties just as though written in this description.

| | |
|---|---|
| **Job Title:** | **Police Officer – Code Enforcement Coordinator** |

**Department:** Gaston County Building and Development Services/ County Police

**Pay Grade:**

**FLSA Status:** Exempt

### GENERAL PURPOSE

This sworn law enforcement position is responsible for developing, implementing, and leading a proactive code enforcement and community stabilization program. The officer works collaboratively with planning, inspections, and legal staff to address nuisance properties, unsafe housing conditions, and quality-of-life issues that impact public safety and neighborhood integrity.

The position emphasizes problem-solving, voluntary compliance, and community engagement, while retaining full law enforcement authority when necessary.

The goal of the position is to bridge the gap between traditional policing and code enforcement, reducing neighborhood decline, preventing crime, and improving overall quality of life through proactive, coordinated enforcement strategies.

This position is a joint undertaking between the Gaston County Police Department and Gaston County Building and Development Services. For the purposes of police oversight, the position will report to the Assistant Chief for the Community Policing Division. Otherwise, the position will report to the Director of Planning and Zoning for day-to-day management.

### KEY RESPONSIBILITIES:

- ➤ Program Development & Leadership
  - Design and implement a comprehensive code enforcement program aligned with local ordinances (housing, nuisance, zoning, etc.)
  - Update and improve existing policies, procedures, and workflows for complaint intake, inspections, enforcement, and case tracking
  - Develop performance metrics (case resolution time, compliance rates, repeat offenders, etc.)

- ➤ Enforcement & Investigation

- Investigate complaints related to:
- Nuisance properties (trash, debris, illegal dumping)
- Unsafe or substandard housing conditions
- Abandoned/junked vehicles
- Conduct inspections and document violations through reports, photos, and case files
- Issue warnings, notices of violation, citations, and court referrals
- Testify in administrative hearings or court proceedings

➢ Interdepartmental Coordination
  - Establish a code enforcement committee/task force that focuses on collaboration and addressing all aspects of potential code cases
  - Serve as liaison between:
    o Police Department
    o Planning & Zoning
    o Building Inspections
    o Legal Department
    o Public Works Department
    o Health Department
  - Coordinate joint inspections and enforcement actions
  - Assist in complex cases involving multiple violations or agencies

➢ Community Engagement & Education
  - Educate residents, landlords, and businesses on local codes and compliance expectations
  - Lead or support community outreach programs (similar to "Code Academy" style initiatives - Assist with County's Citizen Academy program)
  - Work with neighborhood groups to identify recurring issues and trends
  - Promote voluntary compliance before enforcement when feasible

➢ Problem-Oriented Policing
  - Identify chronic problem properties contributing to crime or blight
  - Use data and field observations to prioritize high-impact areas
  - Develop long-term solutions (not just citations)

➢ Administrative & Reporting Duties
  - Maintain detailed case files and enforcement records
  - Track trends, repeat violations, and neighborhood conditions
  - Prepare reports for leadership and elected officials
  - Recommend ordinance or policy changes based on field experience

## MINIMUM QUALIFICATIONS:

➢ Sworn law enforcement officer (or ability to obtain certification)
➢ Knowledge of:
  - Local government operations
  - Municipal codes (zoning, housing, nuisance)

Case 3:24-cv-00927-DCK    Document 107-1    Filed 06/12/26    Page 77 of 81

- Investigative procedures

➢ Experience in:
- Community policing or problem-oriented policing
- Code enforcement, inspections, or regulatory compliance (preferred)
- Strong communication and conflict resolution skills

## PREFERRED QUALIFICATIONS:

➢ Prior experience in community policing
➢ Experience working with legal proceedings or administrative hearings
➢ Background in data analysis or program development

## KEY COMPETENCIES:

➢ Conflict resolution & de-escalation
➢ Investigative skills
➢ Cross-functional collaboration
➢ Community engagement mindset
➢ Strong documentation & case management
➢ Ability to balance education vs. enforcement

## WORK ENVIRONMENT:

➢ Field-based (inspections, neighborhood patrols)
➢ Office work (reports, coordination)
➢ Court/hearing appearances
➢ Occasional after-hours to provide security at after-hours meetings (first Monday of each month unless it lands on a holiday, then it will be the second Monday of the month)

## RECOMMENDED TRAINING:

The Planning and Zoning department will provide training in General Planning and Zoning processes and procedures, review of existing processes, software, and systems, enrollment in NCAZO certification course, law and administration, Building Level I. The Gaston County Police Department will provide in-service training necessary to maintain law enforcement certification.

*Gaston County has the right to revise this position description at any time, and this document does not represent in any way a contract of employment.*

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927-DCK**

| | |
|---|---|
| **BRENT ROBERTS and** | ) |
| **REGINALD E. BLOOM, JR.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **GASTON COUNTY, NORTH CAROLINA,** | ) |
| **GASTON COUNTY BOARD OF COUNTY** | ) |
| **COMMISSIONERS, in its official capacity,** | ) |
| **CHAD BROWN, In His Individual Capacity,** | ) |
| **And STEPHEN ZILL, In His Individual** | ) |
| **Capacity,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## STIPULATION OF DISMISSAL WITH PREJUDICE

The Plaintiff, Reginald E. Bloom, Jr. and the Defendants, Gaston County, North Carolina, the Gaston County Board of County Commissioners, and Chad Brown, in his individual and official capacity, and Stephen Zill, in his individual and official capacity, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), hereby stipulate to the dismissal of Plaintiff's claims against each of the named Defendants with prejudice. Each party named in this Stipulation shall bear their own costs and attorneys' fees incurred in connection with this matter.

Respectfully submitted this _____ day of _____, 2026.

1

**FOR THE PLAINTIFFS:**

*/s/ Jenny L. Sharpe*
Jenny L. Sharpe, Esq.
N.C. State Bar No. 13698
**J SHARPE, PLLC**
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
Telephone: (704) 944-3272
Facsimile: (704) 944-3201
Email: sharpeattorney@gmail.com

*/s/ Julie H. Fosbinder*
Julie H. Fosbinder
N.C. State Bar No. 19400
**FOSBINDER LAW OFFICE**
840 Seneca Place
Charlotte, North Carolina 28210
Telephone: (704) 560-8600
Email: Jhanfos2@gmail.com

**FOR DEFENDANTS GASTON COUNTY NC GASTON COUNTY BOARD OF COUNTY COMMISSIONERS & STEPHEN ZILL:**

*/s/ Kathleen K. Lucchesi*
Kathleen K. Lucchesi
N.C. State Bar No. 24386
Kelly A. Walker
N.C. State Bar No. 49535
**LITTLER MENDELSON P.C.**
620 S. Tryon Street Ste. 950
Charlotte North Carolina 28202
Telephone: (704) 972-7003
Facsimile: (980) 346-5389
Email: klucchesi@Littler.com
Email: kewalker@littler.com

2

**FOR DEFENDANT CHAD BROWN:**

*/s/ Jennifer B. Milak*
Jennifer B. Milak
N.C. State Bar No. 28853
**TEAGUE, CAMPBELL, DENNIS & GORHAM, LLP**
Post Office Box 19207
Raleigh, North Carolina  27619-9207
Telephone: (919) 873-0166
Email: jmilak@teaguecampbell.com

3