# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No. 3:24-cv-0927-DCK

| | |
|---|---|
| **REGINALD E. BLOOM, JR.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **GASTON COUNTY, NORTH CAROLINA,** | ) |
| **THE GASTON COUNTY BOARD OF** | ) |
| **COUNTY COMMISSIONERS, and CHAD BROWN,** | ) |
| **In His Individual Capacity and STEPHEN ZILL, In** | ) |
| **His Individual Capacity.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF
## MOTION TO ENFORCE SETTLEMENT AGREEMENT,
## FOR SANCTIONS & FOR AN EVIDENTIARY
## HEARING TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED

The Plaintiff, Reginald E. Bloom Jr., pursuant to 28 U.S.C. §1927, and the Court's

inherent powers to enforce settlement agreements and to impose sanctions for bad faith, as

recognized by *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991), hereby submits his Memorandum

in Support of his Motion to Enforce Settlement Agreement, for Sanctions, and for Evidentiary

Hearing to Show Cause Why Sanctions Should Not be Imposed.  In support of his Motion and as

more fully described below, ██████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

Instead of approving the Bloom Agreement, the Board of County Commissioners

rejected it , more likely than not due to its Chairman Chad Brown's inability to extract a separate

1

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

Board would have otherwise approved the Agreement and the present civil action would have been resolved.

The issues which this Court must address are as follows: (i) Whether the parties reached a complete agreement and if so, are its terms and conditions ascertainable; (ii) Whether Chad Brown and his counsel engaged in objective bad faith which caused the Defendants to walk away from the Bloom Agreement and unreasonably and vexatiously multiplied these proceedings; (iii) Whether Brown's attorney engaged in professional misconduct under the North Carolina Rules of Professional Conduct; (iv) Whether counsel for Defendants Gaston County and its Board had actual or apparent authority to negotiate the Bloom Agreement and if so, whether they too, engaged in objective bad faith during these proceedings.

## I.
## STATEMENT OF FACTS

This case arises under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §§ 1983 and 1981. As alleged in his First Amended Complaint, Bloom, a Captain with the Gaston County Police Department, was passed over for promotions to the position of Assistant Chief on three separate occasions because of his race. He has been subjected to disparate treatment because of his race and in retaliation for his protected opposition to the discriminatory practices of the Defendants.[1] After filing this action, and after a period of lengthy motion practice, discovery in this matter ensued.

---

[1] The Statement of Facts set forth herein are drawn from the Declaration of Jenny L. Sharpe, attached to Plaintiff's Motion as "Exhibit A." As noted in the Sharpe Declaration, Chad Brown's made public statement to WCNC News

On March 10, 2026, the parties conducted a mediated settlement conference. Attorney Kathleen Lucchesi represented Defendants, Gaston County, the Gaston County the Board of County Commissioners, and Stephen Zill. Defendant Chad Brown, was represented by Jennifer B. Milak. By agreement of the parties, the mediation adjourned. Settlement efforts continued for several weeks afterwards, eventually resulting in the resolution of the claims brought by Plaintiff Brent Roberts, on April 28, 2026. The Board thereafter voted to approve that settlement agreement. No separate agreement was entered into between Roberts and Chad Brown. A stipulation of dismissal, approved by all counsel, was filed with the Court as to Captain Roberts' claims against all Defendants on May 14, 2026. [DE 99]

A. **Negotiations Between Bloom and Defendants Gaston County, Board of County Commissioners, and Stephen Zill.**

Following the March 10th mediated settlement conference, the parties and the mediator continued to negotiate a resolution of Bloom's claims against the Defendants. These negotiations resulted in the parties seeking seven extensions of deadlines including the mediation, discovery, and dispositive motions deadlines. [DE 90, 92, 93, 94, 97, 98, 101]

During the March 10th mediation,

Until the Board of County Commissioners rejected the Bloom

---

regarding this case at the time it was filed: "This frivolous claim which the plaintiff has filed needlessly includes my name and wrongfully attacks my character for the sole purpose of sensationalizing plaintiff's case. His false and defamatory statements about me are clearly intended to derail my campaigns for Secretary of State. I WILL fight these false accusations like there is no tomorrow." This statement is particularly relevant inasmuch as it establishes a motive for his insistence that Bloom provide him with an acknowledgement Brown could make public.

Agreement at their May 26th meeting, ███████████████████████████

███████████████████████████

Significantly, for the past two months, ███████████████████████

███████████████████████████████████████████████

███████████████████ Lengthy phone conversations were held between Plaintiff's counsel

and Ms. Lucchesi to ████████████████████████████████

████████ Multiple emails were exchanged by counsel, and numerous drafts of a settlement

agreement between Bloom and Gaston County were discussed between April 1st and May 22nd,

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

B.     **<u>Negotiations Between Bloom and Chad Brown</u>**.

Beginning ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

4



Once it had been announced that Bloom had accepted Gaston County's settlement terms,

On May 21, 2026,

struck the



agreed to file a stipulation of dismissal of Bloom's claims

against Brown ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. A stipulation of dismissal of Captain Bloom's

claims against Brown was filed with this Court on May 23, 2026. [DE 100]

C.     **The Board of County Commissioners Walks Away from the Bloom Agreement**.

On May 25, 2026, a copy of the Bloom Agreement, signed by Captain Bloom, was sent to

counsel for Gaston County, its Board, and Stephen Zill in advance of the scheduled Board

meeting on May 26, 2026. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See, Sharpe Declaration.*

6

████████████████████████████████████████████████████████

████████████

On June 4, 2026, Ms. Lucchesi ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████ At present, Captain

Bloom is the only remaining African-American holding the rank of Captain within the Gaston

County Police Department.

## II.
## LEGAL ARGUMENT

District Courts have inherent authority to enforce settlement agreements but this

authority, deriving from their equity powers, depends upon the existence of a complete

settlement agreement. "Thus, to exercise its inherent power to enforce a settlement agreement, a

district court (1) must find that the parties reached a complete agreement and (2) must be able to

determine its terms and conditions." *Hensley v. Alcon Labs, Inc.,* 277 F.3d 535, 540-411 (4th Cir.

2002) citing *Moore v. Beaufort Cnty.*, 936 F.2d 159, 162 (4th Cir. 1991). As noted in *Hensley*, if

an agreement for a complete settlement has been reached and its terms and conditions can be

determined, the court may enforce the agreement summarily as long as the excuse for

nonperformance is "comparatively insubstantial;" but if there is a factual dispute over the

existence of the agreement, over the its terms, or over the authority of the attorneys to enter into

the agreement, the court must conduct a plenary evidentiary hearing. *Id. [citations omitted].*

*Accord*, *Smith-Phifer v. City of Charlotte*, 118 F.4th 598 (4th Cir. 2024)

Courts may also impose sanctions under 28 U.S.C. § 1927, which provides in relevant

part: "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so

multiplies proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Additionally, the "[F]ederal courts have inherent authority to sanction," deriving from their "powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018). The courts are empowered "to fashion an appropriate sanction for conduct which abuses the judicial process" such as "an order . . . instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Id.*; *see, Chambers v. NASCO*, 501 U.S. 32, 51 (1991) (the court's ". . . inherent power extends to a full range of litigation abuses."); *Hall v. Cole,* 412 U.S. 1, 5 (1973) ("It is unquestioned that a federal court may award counsel fees to a successful party [pursuant to its inherent authority] when his opponent has acted in bad faith vexatiously, wantonly, or for oppressive reasons.").

A finding of "bad faith" is a necessary requirement to the imposition of fees on an attorney under §1927. While it does not appear that the Fourth Circuit has addressed the issue, a majority of the Courts of Appeals have held that "bad faith" under § 1927 turns on the attorney's objective conduct. *Bradley v. Analytical Grammar Inc.* , 2022 U.S. Dist. LEXIS 121978 *6 (E.D.N.C. July 11, 2022). As noted by the District Court in *Bradley*, both the inherent powers and §1927 "permit awards of attorneys' fees against attorneys whose action compromise standards of professional integrity and competence." *Id.*, at *7.

A.      **The Bloom Agreement is a Complete Agreement**.

It is undisputed ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

8

██████████████████████████████████████████████████████████████

████████, it is anticipated that Defendants, as well as counsel for Brown, will argue that no valid agreement was reached because it was subject to a vote of approval by the Board and the signature of the Gaston County Finance Director certifying compliance with N.C. Gen. Stat. § 159-28. *See, Patterson v. City of Charlotte*, 2025 U.S. Dist. LEXIS 143954 (July 23 2025).

*Patterson*, however, is factually different from the instant case. Unlike *Patterson*, the ███████████████████████████████████████████. Further, unlike *Patterson*, the Board of County Commissioners is a named party in the present action and, as its attorney, Ms. Lucchesi had actual authority to act and negotiate a final settlement on the Board's behalf. In *Patterson*, the underlying litigation did not name City Council as a party. Finally, unlike *Patterson*, ████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████

Bloom further anticipates that Defendants ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████, *Town of Forest City v. Florence Redevelopment Partners, LLC*, 292 N.C. App. 86, 93 (2024), citing *Myers v. Town of Plymouth*, 135 N.C. App. 707, 714 (1999) ("a contract that is signed in one year but results in a financial obligation in a later year will not violate 159-28(a)")

Thus, under *Hensley* and *Smith-Phifer, supra*, the factual disputes present in this case necessitate a plenary evidentiary hearing.

B.    ████████████████ **Engaged in Objective Bad Faith and Misconduct**.



████████████████████████████████████████████ *See, N.C. Gen. Stat.§14-118.4* (defining ████████ behavior) and *N.C. Gen Stat. §14-234(a)(3)* ("No public officer or employee may solicit or receive any gift, favor, reward, service, or promise of reward . . . in exchange for recommending, influencing, or attempting to influence the award of a contract by a public agency he or she serves."). *See, Free Spirit Aviation, Inc. v. Rutherford Airport Auth.,* 191 N.C. App. 581, 585 (2008) (In a case claiming e████ under N.C.G.S. §14-234(a)(1) , the court found maliciousness necessary to conclude that public official immunity was no bar to

10

plaintiff's claims where member of Airport Authority threatened loss of a contract if plaintiff failed to provide a discount on fuel). ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

       ██████████████████████████████████████████████

██████████████     ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████. ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████. While Bloom's

counsel were not privy to the Board's closed May 26th session, the temporal proximity between

████████████████████████████████████████████████████

Notwithstanding the fact that Bloom filed a stipulation of dismissal with prejudice as to Brown, this Court may still enforce sanctions in this matter. The misconduct occurred both prior to and after the date the parties' stipulation of dismissal was filed in this action. *See, Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 396  (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending.").

Therefore, based upon this evidence, this Court may find ███████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

C.      **<u>Gaston County and Its Board of County Commissioners and Its Attorneys Have Also Engaged in Objective Bad Faith</u>**.

Gaston County and its Board of County Commissioners and their attorneys ███████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

12



. *See*, *N.C. §143-318.11(a)(3)* ("The public body may consider and give instructions to an attorney concerning the handling or settlement of a claim, judicial action, mediation, or administrative procedure. If the public body has approved or considered a settlement . . . the terms of that settlement shall be reported to the public body and entered into its minutes . . . after the settlement is concluded.")

*See, Ausherman v. Bank of Am. Corp.,* 212 F. Supp. 2d 435, 443 (D. Md. 2002) ("It

13

does not require a rule of professional responsibility for a lawyer to know that during the process of settlement negotiations he or she may not lie to opposing counsel about a fact that is material to the resolution of the case."); *Deadwyler v. Volkswagen of Am. Inc.*, 134 F.R.D. 128, 140 (W.D.N.C. 1991) *aff'd sub nom.* (Noting that misconduct of plaintiff's counsel was compounded by their failure to inform clients of substantial settlement offers "or to secure their authority for the positions being taken in response thereto.")

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████  ███████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████ *See, Moore v. Beaufort Cnty*, *supra*,  936 F.2d at 61-62 (1991). Moreover, it is undisputed that ████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████

14

Finally, the misconduct of the Defendants in this matter can be linked to discovery abuses in connection with the deposition of their expert, Michael Yaniero. Ms. Lucchesi made a misrepresentation of fact to Bloom's counsel regarding her and the witness' obligation to respond timely to Bloom's subpoena *duces tecum*. Coupled with the Board's action in backing away from a settlement agreement, she actively negotiated on its behalf, the Defendants have gained a tactical advantage over Bloom during the parties' ongoing settlement negotiations as he was not afforded a real opportunity to complete their expert's deposition within the discovery period. Such conduct violates N.C. RPC 4.1 ("Truthfulness in Statements to Others") and 4.4 (a) ("Respect for Rights of Third Persons") and constitutes another, objective marker of bad faith during the parties' settlement negotiations.

In this case the constellation of evidence supports the conclusion that counsel for Defendants Gaston County and its Board had actual authority to negotiate the Bloom Agreement to a final conclusion and that they, too, engaged in objective bad faith during settlement negotiations in this matter.

### III.
### CONCLUSION

The undersigned counsel have not filed the present motion lightly. Based upon the evidence presented, an evidentiary hearing is required to further elucidate why the Board apparently voted against the Bloom Agreement after permitting their attorneys to negotiate its terms over the last two months, and to determine the extent of Brown's involvement in the Board's May 26th closed session and to address the conduct of defense counsel. *Smith-Phifer v. City of Charlotte*, *supra,* 118 F.4th at 610.

WHEREFORE, for the reasons set forth herein, the Plaintiff Reginald E. Bloom Jr. requests that his Motion be GRANTED in full after an evidentiary hearing concerning

enforcement of the Bloom Agreement and requiring Defendants and their respective counsel to show cause why sanctions should not be imposed. Plaintiff requests that the Court order Brown and members of the Gaston County Board of County Commissioners to appear at an evidentiary hearing to answer questions regarding the Board's consideration of the Bloom Agreement at the March 26, 2026 closed session. Plaintiff further moves this Court for an Order enforcing the Bloom Agreement and imposing appropriate sanctions upon Defendants and their counsel, including, but not limited to an Order directing Chad Brown and his attorney, as well as the Defendants, Gaston County and its Board, and their counsel, to pay Bloom his reasonable attorneys' fees and costs associated with the negotiation of the Bloom Agreement, the May 1st deposition of its expert, Michael Yaniero, all mediator fees associated with Bloom's claims, and all reasonable attorneys' fees and costs associated with the filing of this motion.

This the 11th day of June 2026.

/s/ Jenny L. Sharpe
Jenny L. Sharpe
Attorney for Plaintiffs
N.C. State Bar No. 13698
**J SHARPE, PLLC**
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
Telephone: (704) 944-3272
Facsimile: (704) 944-3201
Email: sharpeattorney@gmail.com

/s/ Julie H. Fosbinder
Julie H. Fosbinder
Attorney for Plaintiffs
N.C. State Bar No. 19400
**FOSBINDER LAW OFFICE**
840 Seneca Place
Charlotte, North Carolina 28210
Telephone: (704) 333-1428
Facsimile: (704) 560-8600

16

Email:  Jhanfos2@gmail.com

## NO USE OF ARTIFICIAL INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in connection with the research for preparation of this document with the exception of such artificial intelligence embedded in the standard on-line legal research sources LEXIS, Westlaw, FastCase, and Bloomberg.

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered and the citation to authority provided.

## WORD COUNT CERTIFICATION

Pursuant to this Court's Initial Scheduling Order, the undersigned counsel hereby certifies that the word count for Plaintiff's Memorandum, not including the case caption, signature block,  certificate of service,  and certifications of counsel is 4834 words.

Submitted respectfully this the 11th  day of June 2026.

/s/ Jenny L. Sharpe
Jenny L. Sharpe, Esq.
Counsel for Plaintiff

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned counsel hereby certifies that she has filed a copy of the foregoing

**Plaintiff's Motion to Enforce Settlement Agreement for Sanctions & for An Evidentiary**

**Hearing to Show Cause Why Sanctions Should Not be Imposed** using the ECF/CMS system

and has emailed a copy of the same to the following individuals:

Kathleen K. Lucchesi
Littler Mendelson, P.C.
620 S. College Street, Ste. 905
Charlotte, North Carolina 28202
Email: <u>KLucchesi@littler.com</u>
*Attorney for Defendants Gaston County, the Gaston County Board of County Commissioners, &*
*Stephen Zill*


&
Jennifer B. Milak
**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**
Post Office Box 19207
Raleigh, North Carolina  27619-9207
Email: <u>jmilak@teaguecampbell.com</u>
*Attorney for Chad Brown*


This the 11th day of June, 2026.


<u>*/s/ Jenny L. Sharpe*</u>
Jenny L. Sharpe, Esq.
Counsel for Plaintiff