IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927-DCK

REGINALD E. BLOOM, JR.,                  )
                                         )
    Plaintiffs,                          )
                                         )
vs.                                      )        **DEFENDANT CHAD BROWN AND**
                                         )        **JENNIFER B. MILAK'S RESPONSE IN**
GASTON COUNTY, NORTH                     )        **SUPPORT OF PLAINTIFF'S MOTION TO**
CAROLINA, THE GASTON COUNTY              )        **SEAL**
BOARD OF COUNTY                          )
COMMISSIONERS, and CHAD BROWN,           )
In His Individual Capacity and STEPHEN   )
ZILL, In His Individual Capacity,        )
                                         )
    Defendants.                          )
_____

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Rules 6.1 and 7.1 of the Local

Rules of Practice and Procedure, and the terms of the Consent Protective Order entered in this case

[D.E. 66], Defendant Chad Brown ("Commissioner Brown") and Jennifer B. Milak ("Ms. Milak")

submit this response to Plaintiff's Motion to Seal. [D.E. 108]. For the reasons set forth herein,

Commissioner Brown and Ms. Milak respectfully request that the Court Grant Plaintiff's Motion

to Seal.

**STATEMENT OF FACTS**

This matter arises from an action initiated by Plaintiff Reginald E. Bloom, Jr. ("Plaintiff")

on October 21, 2024, against Gaston County, Gaston County Board of County Commissioners, in

its official capacity (the "Board of Commissioners"), Chad Brown, in his individual capacity, and

Stephen Zill, in his individual capacity (hereinafter, collectively, "Defendants"). [D.E. 1].

Following mediation and after extensive discussions, Plaintiff negotiated a proposed settlement

agreement with Gaston County.

The Settlement Agreement included numerous mandatory and negotiated terms, including but not limited to, the following condition precedent for approval:

**The Parties acknowledge and agree that this Agreement will not be valid or enforceable without the approval of the Gaston County Board of County Commissioners.** Without such approval by the Gaston County Board of County Commissioners, the Parties shall have no obligation to comply with the provisions contained in this Agreement.

Plaintiff signed the proposed settlement agreement on May 20, 2026, and on May 23, 2026, Plaintiff voluntarily dismissed Commissioner Brown from this action. [D.E. 100. Ultimately, however, during a closed session held on May 26, 2026, the Board of Commissioners declined to vote in favor of, and approve, the Settlement Agreement.

On June 12, 2026, Plaintiff's counsel filed a Motion to Enforce Settlement Agreement, For Sanctions, and For an Evidentiary Hearing to Show Cause Why Sanctions Should Not Be Imposed (hereinafter, "Motion to Enforce"). [D.E. 106-2]. Plaintiff's Motion to Enforce, and supporting Memorandum, contained exhibits, statements, and documents protected under a mutual confidentiality agreement and by work-product and attorney-client privileges. Commissioner Brown and Ms. Milak anticipate that they will rely on similarly confidential and privileged documents and communications when preparing and filing their Memorandum in Opposition to Plaintiff's Motion to Enforce.

## QUESTION PRESENTED

Whether sealing of non-redacted documents and communications protected by a confidentiality agreement, work-product privilege, and attorney client privilege, is warranted.

## ARGUMENT

I.   **Documents Necessary to Plaintiff's Motion and to Commissioner Brown and Ms. Milak's Anticipated Response Should Be Filed Under Seal to Maintain a Joint Confidentiality Agreement and to Protect Work-Product Privilege and Attorney-Client Privilege.**

2

The Fourth Circuit Court of Appeals has held that the public's right of access to judicial records and documents is protected both under common law and under the First Amendment. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). The Court must follow a specific procedure in order to overcome this right:

> When presented with a motion to seal, the law in this Circuit requires a judicial officer to comply with the following procedural requirements: (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives.

*Co. Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). A litigant can provide the public with "adequate notice and an opportunity to object" by filing a motion and ensuring that it "has been accessible to the public through the Court's electronic case filing system[.]" *Atl. Pinstriping, LLC v. Atl. Pinstriping Triad, LLC*, No. 3:16-CV-547-GCM, 2018 U.S. Dist. LEXIS 133661, at *2 (W.D.N.C. Aug. 6, 2018). Here, Plaintiff satisfied the public notice requirement by electronically filing the Motion to Seal on June 12, 2026. [D.E. 108].

Next, the Court must consider the necessity of filing documents under seal and whether "less drastic alternatives" exist. *Pub. Citizen*, 749 F.3d at 272. In this case, the parties held a formal mediation conference on March 10, 2026, whereby they signed and executed a Mediation Confidentiality Agreement. [D.E. 108-1]. Therefore, in this case, "no less restrictive means than sealing" exist "because a public filing of" the requested materials" would violate the parties' contractual obligations under the [mediation] agreement[.]" *Atl. Pinstriping, LLC*, 2018 US. Dist. LEXIS 133661, at *2; *see also UBS Fin. Servs., Inc. v. Padussis*, 127 F. Supp. 3d 483, 501 (D. Md. 2015), *aff'd*, 842 F.3d 336 (4th Cir. 2016) (granting a motion to seal where "the parties executed stipulations protecting the confidentiality of documents disclosed during arbitration").

3

Finally, in granting a Motion to Seal, the Court "must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives." *Pub. Citizen*, 749 F.3d at 272. The Court's rationale and discussion must address both "First Amendment and the common law" protections of the publics "right of access[.]" *Stone*, 855 F.2d at 180.

### A. Common Law Right of Access.

The public possesses "a common law right to inspect and copy judicial records and documents." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "This right of access to court records is not absolute, however." *Id*. "The common law presumption of access may be overcome if competing interests outweigh the interest in access[.]" *Stone*, 855 F.2d at 180. In seeking to balance the competing interests, the Court may consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d at 235.

In this case, the parties request that certain documents be filed under seal to ensure compliance with a previously executed confidentiality agreement and to maintain the strict confidentiality of documents and communications protected by work-product privilege and attorney-client privilege. Moreover, the parties' interest in upholding the confidentiality agreement and protected work-product and attorney client privileges significantly exceeds and outweighs any competing public interest.

### B. First Amendment Right of Access.

The public's "First Amendment guarantee of access" extends "only to particular judicial records and documents." *Stone*, 855 F.2d at 180. But "[w]here the First Amendment guarantees

access…access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id*. In the Fourth Circuit, for example, courts previously restricted the public's "First Amendment right of access to a pretrial hearing on a nondispositive civil motion or to the transcript of such a hearing." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 580 (4th Cir. 2004). Likewise, "proceedings (or materials) relating to an attorney-client relationship or confidential attorney-client communications, or cases involving contractual non-disclosure provisions, might properly be closed (or sealed) by a court in some circumstances." *Level 3 Communs., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583 (E.D. Va. 2009).

In this case, the parties held a formal mediation conference on March 10, 2026, whereby they signed and executed a Mediation Confidentiality Agreement. [D.E. 108-1]. This confidentiality agreement provided, in part, that:

> The mediation participants agree to keep confidential all statements made, conduct occurring, and information shared in the mediation process, regardless of whether communicated by a participant or mediator.

[D.E. 108-1]. Accordingly, Commissioner Brown and Ms. Milak jointly possess a significant interest in ensuring the confidentiality of documents and tangible communications concerning mediation and subsequent settlement negotiations. Moreover, Commissioner Brown and Ms. Milak jointly possess a significant interest in ensuring the continued confidentiality of any and all documents or tangible communications protected by work-product privilege and attorney-client privilege, including but not limited to, email correspondence between Ms. Milak and Plaintiff's counsel.

Ultimately, the parties engaged in settlement discussions under express and agreed upon confidentiality and "protecting th[is] confidentiality…is fair and reasonable and in the best interest

of the parties." *Jeter v. Correct Care Sols., LLC*, No. 1:19-cv-00152, 2020 U.S. Dist. LEXIS 266539, at *8-9 (M.D.N.C. July 16, 2020). Moreover, absent the ability to file under seal, the Court risks inadvertently skirting the protections afforded by the work-product privilege and attorney-client privilege. And given the absence of any significant countervailing public interest, sealing the requested documents ensures continued compliance with the parties' confidentiality agreement and prevents the disclosure of privileged communications.

## CONCLUSION

For the foregoing reasons, Commissioner Brown and Ms. Milak respectfully request that the Court Grant Plaintiff's Motion to Seal.

This the 10th day of July, 2026.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY:   */s/ J. Matthew Little*
      J. Matthew Little
      State Bar No. 20032
      P.O. Box 19207
      Raleigh, NC 27619-9207
      Telephone: (919) 873-0166
      Facsimile: (919) 873-1814
      mlittle@teaguecampbell.com
      *Attorney for Defendant Chad Brown and*
      *Jennifer B. Milak*

<h1 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h1>

This is to certify that the undersigned has this date served the foregoing in the above-entitled action upon all other parties to this cause through the Court's electronic filing system and as follows:

Jenny L. Sharpe
J Sharpe, PLLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
sharpeattorney@gmail.com
***Attorney for Plaintiff***

Julie H. Foshbinder
Foshbinder Law Office
840 Seneca Place
Charlotte, NC 28210
jhanfos2@gmail.com
***Attorney for Plaintiff***

Kathleen K. Lucchesi
Daniel Q. Leake II
Jackson Lewis
200 South College Street
Suite 1550
Charlotte, NC 28202
Kathleen.Lucchesi@jacksonlewis.com
Daniel.Leake@jacksonlewis.com
***Attorneys for Defendants Gaston County
and Stephen Zill***

This the 10th day of July, 2026.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY:  */s/ J. Matthew Little*
J. Matthew Little
***Attorney for Defendants Chad Brown and Jennifer B. Milak***

7