# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No. 3:24-cv-0927-DCK

| | |
|---|---|
| **BRENT ROBERTS and REGINALD E. BLOOM, JR.,**<br><br>**Plaintiffs,**<br>v.<br><br>**GASTON COUNTY, NORTH CAROLINA, GASTON COUNTY BOARD OF COUNTY COMMISSIONERS, in its official capacity, CHAD BROWN, in his individual capacity, and STEPHEN ZILL, in his individual capacity,**<br><br>**Defendants.** | **DEFENDANTS GASTON COUNTY, NORTH CAROLINA, GASTON COUNTY BOARD OF COUNTY COMMISSIONERS, and STEPHEN ZILL'S RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL** |

Defendants Gaston County, North Carolina ("Gaston County"), Gaston County Board of County Commissioners ("BOCC"), and Stephen Zill ("Zill") (together, "Defendants"), pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Rules 6.1 and 7.1 of the Local Rules of Practice and Procedure, and the terms of the Consent Protective Order entered in this case [DE 66], submit this response to Plaintiff Reginald E. Bloom's ("Plaintiff" or "Plaintiff Bloom") Motion to Seal. [DE 108]. For the reasons set forth below, Defendants respectfully request that the Court Grant Plaintiff's Motion to Seal.

## STATEMENT OF FACTS

This matter arises from an action first filed by Plaintiff Bloom and former Plaintiff Brent Roberts ("Roberts") (together, "Plaintiffs") Reginald E. Bloom, Jr. ("Plaintiff") on October 21, 2024, against Defendants and former Defendant Chad Brown ("Brown"). [DE 1]. Following mediation and after extensive discussions, Plaintiff Bloom negotiated a proposed settlement

agreement with Gaston County which including the following condition precedent for approval by the BOCC:

> **The Parties acknowledge and agree that this Agreement will not be valid or enforceable without the approval of the Gaston County Board of County Commissioners.** Without such approval by the Gaston County Board of County Commissioners, the Parties shall have no obligation to comply with the provisions contained in this Agreement.

Plaintiff signed the proposed settlement agreement on May 20, 2026. However, during a closed session held on May 26, 2026, the Board of Commissioners declined to vote in favor of, and approve, the Settlement Agreement.

On June 12, 2026, Plaintiff's counsel filed a Motion to Enforce Settlement Agreement, For Sanctions, and For an Evidentiary Hearing to Show Cause Why Sanctions Should Not Be Imposed ("Plaintiff's Motion"). [DE 106]. Plaintiff's Motion and supporting Memorandum, contained exhibits, statements, and documents protected under a mutual confidentiality agreement and by work-product and attorney-client privileges. Defendants anticipate that they will rely on similarly confidential and privileged documents and communications when preparing and filing their opposition to Plaintiff's Motion.

## QUESTION PRESENTED

Whether sealing of non-redacted documents and communications protected by a confidentiality agreement, work-product privilege, and attorney client privilege, is warranted.

## ARGUMENT

A. **Documents Necessary to Plaintiff's Motion and to Defendants' Opposition Response Should Be Filed Under Seal to Maintain a Joint Confidentiality Agreement and to Protect Work-Product Privilege and Attorney-Client Privilege.**

2

The public's right of access to judicial records and documents is protected both under common law and under the First Amendment. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). The Court must follow a specific procedure to overcome this right:

> When presented with a motion to seal, the law in this Circuit requires a judicial officer to comply with the following procedural requirements: (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives.

*Co. Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). A litigant can provide the public with "adequate notice and an opportunity to object" by filing a motion and ensuring that it "has been accessible to the public through the Court's electronic case filing system[.]" *Atl. Pinstriping, LLC v. Atl. Pinstriping Triad, LLC*, No. 3:16-CV-547-GCM, 2018 U.S. Dist. LEXIS 133661, at *2 (W.D.N.C. Aug. 6, 2018). Here, Plaintiff satisfied the public notice requirement by electronically filing the Motion to Seal on June 12, 2026. [DE 108].

Next, the Court must consider the necessity of filing documents under seal and whether "less drastic alternatives" exist. *Pub. Citizen*, 749 F.3d at 272. In this case, the parties held a formal mediation conference on March 10, 2026, whereby they signed and executed a Mediation Confidentiality Agreement. [DE 108-1]. Therefore, in this case, "no less restrictive means than sealing" exist "because a public filing of" the requested materials" would violate the parties' contractual obligations under the [mediation] agreement[.]" *Atl. Pinstriping, LLC*, 2018 US. Dist. LEXIS 133661, at *2; *see also UBS Fin. Servs., Inc. v. Padussis*, 127 F. Supp. 3d 483, 501 (D. Md. 2015), *aff'd*, 842 F.3d 336 (4th Cir. 2016) (granting a motion to seal where "the parties executed stipulations protecting the confidentiality of documents disclosed during arbitration").

Finally, in granting a Motion to Seal, the Court "must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives." *Pub. Citizen*, 749 F.3d

3

Case 3:24-cv-00927-DCK     Document 119     Filed 07/10/26     Page 3 of 8

at 272. The Court's rationale and discussion must address both "First Amendment and the common law" protections of the publics "right of access[.]" *Stone*, 855 F.2d at 180.

### 1.   Common Law Right of Access.

The public possesses "a common law right to inspect and copy judicial records and documents." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "This right of access to court records is not absolute, however." *Id*. "The common law presumption of access may be overcome if competing interests outweigh the interest in access[.]" *Stone*, 855 F.2d at 180. In seeking to balance the competing interests, the Court may consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d at 235.

In this case, the parties request that certain documents be filed under seal to ensure compliance with a previously executed confidentiality agreement and to maintain the strict confidentiality of documents and communications protected by work-product privilege and attorney-client privilege. The parties' interest in upholding the confidentiality agreement and protected work-product and attorney client privileges significantly exceeds and outweighs any competing public interest.

### 2.   First Amendment Right of Access.

The public's "First Amendment guarantee of access" extends "only to particular judicial records and documents." *Stone*, 855 F.2d at 180. But "[w]here the First Amendment guarantees access…access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id*. In the Fourth Circuit, courts previously

restricted the public's "First Amendment right of access to a pretrial hearing on a nondispositive civil motion or to the transcript of such a hearing." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 580 (4th Cir. 2004). Likewise, "proceedings (or materials) relating to an attorney-client relationship or confidential attorney-client communications, or cases involving contractual non-disclosure provisions, might properly be closed (or sealed) by a court in some circumstances." *Level 3 Communs., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583 (E.D. Va. 2009).

Here the parties held a formal mediation on March 10, 2026, during which they signed and executed a Mediation Confidentiality Agreement. [DE 108-1]. This confidentiality agreement provided, in part, that:

> The mediation participants agree to keep confidential all statements made, conduct occurring, and information shared in the mediation process, regardless of whether communicated by a participant or mediator.

[DE 108-1]. Defendants have a significant interest in ensuring the confidentiality of documents and tangible communications concerning mediation and subsequent settlement negotiations. Defendants also have a significant interest in ensuring the continued confidentiality of any and all documents or tangible communications protected by work-product privilege and attorney-client privilege, including but not limited to, email correspondence between Counsel for Defendants and Plaintiff's counsel.

The parties engaged in settlement discussions under express and agreed upon confidentiality, and "protecting [this] confidentiality…is fair and reasonable and in the best interest of the parties." *Jeter v. Correct Care Sols., LLC*, No. 1:19-cv-00152, 2020 U.S. Dist. LEXIS 266539, at *8-9 (M.D.N.C. July 16, 2020). Absent the ability to file under seal, the Court risks inadvertently skirting the protections afforded by the work-product privilege and attorney-client privilege. Given the absence of any significant countervailing public interest, sealing the requested

documents ensures continued compliance with the parties' confidentiality agreement and prevents the disclosure of privileged communications.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court **GRANT** Plaintiff's Motion to Seal.

This 10th day of July, 2026.

**LITTLER MENDELSON P.C.**

*/s/ Kathleen K. Lucchesi*
Kathleen K. Lucchesi
N.C. State Bar No. 24386
Kelly A. Walker
N.C. State Bar No. 49535
620 S. Tryon Street, Ste. 950
Charlotte North Carolina 28202
Telephone: (704) 972-7011
Facsimile: (980) 943-4238
Email: kluccchesi@littler.com
Email: kewalker@littler.com

*Attorneys for Defendants Gaston County, North Carolina, Gaston County Board of County Commissioners, and Stephen Zill*

## PAGE COUNT CERTIFICATION

The undersigned counsel hereby certifies that the page count for Defendants' Response to Plaintiff's Motion to Seal complies with the page-count limitation contained in the Local Rules, not including the case caption, signature block, or certificate of service.

## NO USE OF ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned counsel hereby certifies that no artificial intelligence was employed in connection with the research for preparation of this memorandum, with the exception of such artificial intelligence embedded in the standard online legal research sources Lexis, Westlaw, FastCase, and Bloomberg. Every statement and citation to an authority contained in this memorandum has been checked by an attorney in this case and/or a paralegal working at her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted this 10th day of July, 2026.

LITTLER MENDELSON P.C.

*/s/ Kathleen K. Lucchesi*
Kathleen K. Lucchesi
*Attorney for Defendants*

7

| | |
|---|---|
| **BRENT ROBERTS and REGINALD E. BLOOM, JR.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GASTON COUNTY, NORTH CAROLINA, GASTON COUNTY BOARD OF COUNTY COMMISSIONERS, in its official capacity, CHAD BROWN, in his individual capacity, and STEPHEN ZILL, in his individual capacity,**<br><br>**Defendants.** | **CERTIFICATE OF SERVICE** |

I hereby certify that I have on this 10th day of July, filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify the following counsel of record:

| Jenny L. Sharpe<br>**J SHARPE, PLLC**<br>15720 Brixham Hill Ave<br>Suite 300<br>Charlotte, NC 28277<br>T: (704) 944-3272<br>sharpeattorney@gmail.com<br><br>*Attorney for Plaintiff* | Julie H. Fosbinder<br>**FOSBINDER LAW OFFICE**<br>840 Seneca Place<br>Charlotte, NC 28210<br>T: (704) 560-8600<br>Jhanfos2@gmail.com<br><br>*Attorney for Plaintiff* | J. Matthew Little<br>Jennifer B. Milak<br>**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**<br>P.O. Box 19207<br>Raleigh, NC 27619-9207<br>T: (919) 719-4730<br>mlittle@teaguecampbell.com<br>jmilak@teaguecampbell.com<br><br>*Attorneys for Defendant Chad Brown* |

**LITTLER MENDELSON P.C.**

*/s/ Kathleen K. Lucchesi*
Kathleen K. Lucchesi
*Attorney for Defendants*

8