# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No. 3:24-cv-0927-DCK

| | |
|---|---|
| **BRENT ROBERTS and REGINALD E. BLOOM, JR.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GASTON COUNTY, NORTH CAROLINA, GASTON COUNTY BOARD OF COUNTY COMMISSIONERS, in its official capacity, CHAD BROWN, in his individual capacity, and STEPHEN ZILL, in his individual capacity,**<br><br>**Defendants.** | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Defendants Gaston County, North Carolina ("Gaston County"), Gaston County Board of County Commissioners ("BOCC"), and Stephen Zill, in his individual capacity ("Zill") (collectively, the "Defendants") through their undersigned attorneys, hereby submit their Response in Opposition to Plaintiff's Motion for Leave to File Plaintiff Reginald E. Bloom's ("Plaintiff Bloom") Second Amended Complaint ("Motion for Leave") [DE 113].

## STATEMENT OF THE CASE AND FACTUAL BACKGROUND

Former Plaintiff Brent Roberts submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") on January 29, 2024. [DE 31-2]. The EEOC issued a Notice of Right to Sue to Roberts on July 29, 2024. [DE 31-3]. Roberts submitted a second Charge of Discrimination to the EEOC on September 23, 2024. [DE 31-4]. Plaintiff Bloom submitted a Charge of Discrimination to the EEOC on October 16, 2024. [DE 31-5].

1

Plaintiff Bloom and Roberts filed their initial Complaint on October 21, 2024. [DE 1].[1] Defendants and former Defendant Chad Brown filed separate motions to dismiss all claims asserted by Plaintiff Bloom and Roberts in their Complaint except for Roberts' Title VII claim against Gaston County. [DE 15, 22]. Plaintiff Bloom and Roberts moved this Court for leave to file an Amended Complaint to "supplement the factual allegation surrounding their claims of race discrimination and retaliation, to clarify the legal claims they seek to pursue in this matter, and to add a new defendant, the [BOCC]," which the Court granted. [DE 26 ¶ 2, DE 30]. Plaintiff Bloom and Roberts filed their Amended Complaint on February 3, 2025. [DE 31]. Defendants and former Defendant Brown again filed motions to dismiss all claims asserted by Plaintiff Bloom and Roberts in their Amended Complaint except for Roberts' Title VII claim against Gaston County. [DE 38, 42]. Defendants' Motion to Dismiss remains pending before this Court.

The EEOC issued a Notice of Right to Sue to Plaintiff Bloom on April 9, 2026. Roberts dismissed his claims against Defendants on May 14, 2026. [DE 99]. Discovery closed in this case on May 22, 2026. [5/1/2026 Test Only Order: Set/Reset Pretrial Order Deadlines]. Plaintiff Bloom dismissed his claims against former Defendant Brown on May 23, 2026. [DE 100]. Plaintiff's claims against Defendants pursuant to 42 U.S.C. § 1981 and 1983 remain pending before the Court. Plaintiff moved this Court for Leave to Amend his Complaint on June 29, 2026 and provided his proposed second amended complaint ("PSAC").

## ARGUMENT

A.  **Legal Standard.**

---

[1] Plaintiffs filed their initial Complaint alleging a Title VII claim on behalf of Roberts only just days before the expiration of Roberts' 90-day filing deadline following the EEOC's issuance of a Notice of Right to Sue for his January 29, 2024 EEOC Charge.

Rule 15 allows one amendment as a matter of right. Fed. R. Civ. P. 15. Plaintiff already availed himself of this right when he filed his first Amended Complaint in February 2025 [DE 31]. Absent amendment as a matter of right, Plaintiff is left with two options—obtaining Defendants' consent or leave of Court. Fed. R. Civ. P. 15. Defendants do not consent to further amendments, and while Rule 15 contemplates courts granting leave freely, Rule 15 is *not* without limitations. It expressly cautions that leave should be granted only "when justice so requires." *Id.* The decision to grant or deny a motion to amend is within the discretion of the Court. *See Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013). However, a court should not grant leave to amend if the amendment (1) "would be prejudicial to the opposing party," (2) "there has been bad faith on the part of the moving party," or (3) "the amendment would have been futile." *Johnson v. Oroweat Foods, Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

An opposing party may be prejudiced if a proposed amendment raises a new legal theory requiring the gathering and analysis of facts not already considered by the opposing party. *Johnson*, 785 F.2d at 510. Often, a finding of prejudice applies when the amendment is offered "shortly before or during trial." *Id.* (citing *Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (citations omitted)).

Bad faith amendments are those which may be "abusive" or "made to secure some ulterior tactical advantage." *GSS Props., Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988) (citing 6 C. Wright & Miller, Federal Practice and Procedure, § 1487 (updated Apr. 2015)). To determine if a party seeks leave in bad faith, the Court may consider the party's delay in seeking the amendment but delay alone "is an insufficient reason to deny the plaintiff's motion to amend." *Hart v. Hanover Cnty. Sch. Bd.,* No. 11-1619, 495 Fed. App'x 314

3

(4th Cir. 2012) (citations omitted). Generally, when a plaintiff withholds his true position from a defendant, especially when done for some ulterior purpose, the Court may view the action as having a bad faith motive unless satisfactory explanation clearly shows otherwise. "Parties have an obligation to introduce, at the earliest stage of the litigation as possible, the matters upon which they want to rely in supporting their claim or defense." *GSS Props., Inc.,* 119 F.R.D. at 38. When it appears such omission was in service to tactical considerations, the failure to do so constitutes bad faith "unless satisfactory explanation [from plaintiff] clearly shows otherwise." *Id.*

Absent prejudice and bad faith, a court must still deny a motion for leave to amend when the amended complaint would not survive a motion to dismiss, *Perkins v. U.S.,* 55 F.3d 910, 917 (4th Cir. 1995), or "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

### B. Defendants are Prejudiced by Plaintiff's Delay in Seeking to Amend.

Plaintiff seeks leave to amend his Complaint to include a new Title VII claim, alleging that it is "almost identical to the existing claim under 42 U.S.C. § 1981" except as to the burden of proof and damages" and that he could not have added a Title VII claim until after the EEOC issued its Notice of Right to Sue. [DE 114, p. 4]. He claims Defendants will not be surprised or prejudiced by the proposed amendment because it "does not add new parties to this action. Moreover, most of the facts recited in the [PSAC] are already contained in the current First Amended Complaint." [DE 114, p. 4]. Prejudice includes, among other things, a delay of trial, added costs of preparing responsive pleadings, and interjecting new issues requiring further discovery. *See Colavita v. Boston Sci. Corp.*, No. 3-11-cv-585-RJC-DCK, 2012 U.S. Dist. LEXIS 92092, 2012 WL 2577086, at *9-10 (W.D.N.C., July 3, 2012) ("In addition to the nature of Plaintiff's proposed amended Complaint, this Court also looks to the timing of the motion to determine

4

whether amendment would be prejudicial. Generally, the further along a case is, the greater the prejudicial effect the amendment is likely to have on the nonmoving party."). Here, Defendants are prejudiced by several of those factors.

It defies logic for Plaintiff to contend he could not have brought these claims before June 29, 2026. Plaintiff filed his original Complaint nearly two years ago, on October 21, 2024. Plaintiff then moved this Court for leave to amend his Complaint after Defendants answered the Complaint and filed Motions to Dismiss. Around this time, defense counsel spoke with the EEOC investigators handling Plaintiffs' then-pending EEOC charges. Defense counsel provided the EEOC with a copy of the Amended Complaint and told the EEOC investigators that because Plaintiffs' EEOC facts and claims were the same facts and claims used to support their Complaint, Defendants would not provide a position statement response:



Defense counsel followed up with the EEOC investigators about two months later, reminding them that Plaintiffs were represented by competent counsel and that their lawsuit and EEOC Charges were based on the same set of facts. Defense counsel requested that the EEOC close the respective Charges to allow the litigation to go forward:



FW: EEOC No. 430-2025-00213 Bloom v. Gaston County

**LK** Lucchesi, Kathleen K. (Charlotte)
To ○ isabella.branham@eeoc.gov; ○ JEREMY MOORE
Cc ○ Wallace, Allie (Charlotte); ○ Davis, Rachel (Charlotte); ○ Leake, Daniel Q. II (Charlotte)

↩ Reply  ↩ Reply All  → Forward  •••
Thu 6/19/2025 12:56 PM

ⓘ Follow up. Start by Tuesday, June 24, 2025. Due by Tuesday, June 24, 2025.

✉ RE: 430-2025-00213 Reginald Bloom & 430-2024-04567 Brent Roberts
Outlook item

📄 2025.02.03 [31] AMENDED COMPLAINT Plaintiffs' First Amended Complaint with Jury Demand against All Plaintiffs, filed 4906-2382-7734 v.1... .pdf File

Hi Isabella,

As mentioned in the prior emails I sent to you and Jeremy Moore beginning in February, 2025, my firm represents Gaston County in the claims made by Reginald Bloom and Brent Roberts. Please direct all correspondence to me.

I spoke via telephone with Jeremy back in early April and then forwarded both you and Jeremy a copy of the pending litigation that Reginald Bloom and Brent Roberts filed in federal court based on the factual allegations contained in each of their EEOC charges. The 2 claimants filed their first complaint in federal court based on these EEOC charges in October 2024. They filed an amended complaint in federal court on February 3, 2025 – that is the complaint attached to the email included with this response.

The parties are in the middle of discovery – we've exchanged discovery requests and are in the process of scheduling depositions. Rather than allege Title VII claims in their Complaint, claimants filed claims under Section 1981 and 1983 based on the facts they recite in their respective charges. I'm happy to provide you with a copy of Gaston County's answer to claimants' Amended Complaint if you would like – please let me know. Both claimants are individually represented by competent trial counsel. I urge you to close the investigation and issue a Notice of Right to Sue as to both Mr. Bloom and Mr. Roberts and allow them to continue to prosecute the pending complaint they have filed against my client.

Please confirm your receipt of this email. Please let me know if you'd like to discuss further – I'm happy to do so.

Thanks,
Kathi

Upon information and belief, the EEOC informed Plaintiff's counsel that Defendants would not provide a position statement in response to Plaintiffs' EEOC Charges. Rather than request a Notice of Right to Sue in order to amend their Complaint or Amended Complaint during discovery in this case, Plaintiff instead waited nearly three months after the EEOC issued a Notice of Right to Sue on its own. More than 17 months after filing their Amended Complaint, Plaintiff claims amendment is necessary to "reflect the issuance of the Notice of Right to Sue by the [EEOC] of the claims [Plaintiff] brought against [Gaston County], and to conform the pleadings to the substantive facts that have been developed during discovery." [DE 113, ¶ 12]. This lack of diligence in seeking an amendment to the Complaint is unjustified, as the amendment is based on facts long known to Plaintiff. Courts routinely deny requests to amend complaints where, as here, the party had the facts at its disposal related to the amendment but did not act promptly. *Forstmann v. Culp*, 114 F.R.D. 83, 87 (M.D.N.C. 1987).

Plaintiff does not seek an amendment based on newly discovered facts. Rather, the

proposed amendment advances only a new legal theory derived from facts known from the inception of the case. The policy of liberal amendment does not apply when the amendment asserts a legal theory that could have been pleaded earlier and the amendment would prejudice the opposing party. *See Plant v. Rapid EPS Ltd.*, No. 3:18-CV-00574-MOC-DSC, 2019 U.S. Dist. LEXIS 230557, 2019 WL 8619626, at *2-3 (W.D.N.C. Feb. 6, 2019).

Plaintiff is incorrect in asserting that further amendment would be without prejudice to Defendants. Although there might be time to complete new discovery on the Title VII claim, the fact that Defendants will be forced to commit more time and resources to claims and theories Plaintiff should have alleged almost two years ago, is itself prejudicial, as is the fact that Defendants are now forced to engage in additional motion practice as a result. *Sacks Holdings, Inc. v. Grin Nat. USA Ltd.*, No. 1:23CV1058, 2024 U.S. Dist. LEXIS 185831, 2024 WL 4476374, at *6 (M.D.N.C. Oct. 11, 2024) (finding if the proposed amendments and new claims are allowed, fairness would require an extension of fact discovery would in turn increase cost, spur motions practice, and delay resolution of the case). Additionally, Plaintiff's amendment will multiply the scope, cost, and length of this case as Defendants will have to prepare a third Answer to Plaintiff's PSAC as well as a third Motion to Dismiss.

Plaintiff's lack of diligence and undue delay have resulted in prejudice for Defendants and are thus outside of the general policy of liberal amendment.

### C. <u>Plaintiff Seeks to Amend for an Improper Purpose.</u>

The timing of Plaintiff's Motion underscores the improper motive for seeking to amend his Complaint. Plaintiff first filed his Complaint with Roberts in order to meet Roberts' first 90-day filing deadline following the EEOC's issuance of the Notice of Right to Sue. Despite significant discovery by the parties over more than a year, Plaintiff did not request that the EEOC issue a

7

Notice of Right to Sue so that the parties could conduct discovery on Plaintiff's Title VII claim. Even taken in the context of the EEOC's issuance of the April 9, 2026 Notice of Right to Sue, Plaintiff still waited 81 days to move to amend and only did so after the BOCC rejected Plaintiff's proposed settlement agreement with Gaston County. This timeline strongly suggests Plaintiff's true motive for moving to amend. Amendment at this stage is not corrective: it is strategic, designed to keep Defendants entangled in litigation and force settlement. See *Peamon v. Verizon Corp.*, 581 Fed. Appx. 291, 292 (4th Cir. 2014) (holding that it was bad faith to seek to amend complaint in order to "artificially inflate . . . damages in order to obtain subject matter jurisdiction"), or seeking leave to amend after repeated "pleading failures").

As discussed above, Plaintiff was aware of the facts and claims on which the PSAC is based prior to filing his initial Complaint yet does not offer a reasonable explanation for his failure to amend the Complaint sooner. Instead, he chose to wait until after the close of discovery and the BOCC's rejection of a proposed settlement agreement between Plaintiff and Gaston County. Plaintiff's Motion for Leave does not attempt to justify this delay. Instead, it offers only the conclusory assertion that Defendants will not be prejudiced because the PSAC does not add new parties to the case, only an "almost identical" Title VII claim. [DE 114, p. 4]. But that completely fails to address *his delay* in seeking to amend his Complaint.

Moreover, this is not Plaintiff's first opportunity to cure or clarify allegations through amendment, this is Plaintiff Bloom's *third bite at the apple*. He filed his first Complaint in October 2024; he then sought leave of court to amend his Complaint in February 2025; and now he wants an opportunity to file a *third* complaint. While Plaintiff claims that in addition to the Title VII claim, the PSAC "refers to facts which have been developed in the last months during document production and depositions." [DE 114, p. 4]. In the nearly two years since Plaintiff Bloom first

filed suit, Defendants have provided more than 50,000 pages of documents in response to Plaintiffs' discovery requests, including more than 26,000 pages of emails dating back to 2019 specifically requested by Plaintiffs. Defendants served this production of 26,000+ emails on Plaintiffs on February 5, 2026, identifying by Bates number each year for ease of review for Plaintiffs' counsel. It was the last significant production of documents until Defendants' production of defense expert, Michael Yaniero's expert file on May 5, 2026.

Additionally, the majority of the 17 depositions taken in this matter were completed before February 28, 2026.[2] Given that history, the suggestion that Plaintiff had only recently been in a position to amend his complaint is disingenuous at best and cannot possibly excuse his delay in seeking amendment. For this reason alone, amendment should be denied.

Plaintiff does not seek to conform his amended complaint to the evidence. Rather, his PSAC asserts knowingly false allegations despite both Plaintiffs' deposition testimony to the contrary. (PSAC ¶¶ 27, 45, 76). In particular:

- Both Zill and Brown testified that Brown did not encourage Zill to apply for the 2023 Chief of Police position [PSAC ¶ 27];

- Roberts testified that Zill did not direct him to go home to change shirts because he was wearing a gray shirt [PSAC ¶ 45]; additionally, attorney Jenny Sharpe told the EEOC investigator on July 10, 2024 that Roberts said Zill did not actually send him home:

---

[2] Plaintiffs completed the November 21, 2025 deposition of Deputy County Manager, Vincent Wong on March 5, 2026. Plaintiffs took the deposition of County HR Director, Amia Massey on May 4, 2026.

| From: | Jenny sharpe |
|---|---|
| To: | KYLE PFLAGER |
| Subject: | Re: U.S. EEOC - 430-2024-01433 - Roberts V Gaston County |
| Date: | Wednesday, July 10, 2024 10:49:42 AM |
| Attachments: | image001.png |

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Kyle,

My client informs me that he actually was not sent home on June 12th. He states he left the meeting because Assistant Chief Holder kept staring and rolling his eyes at him during the meeting. This was also the same date that I notified the County's outside counsel of the threatening remarks made by Charles Lawing about Captain Roberts. Assistant Chief Holder told Captain Roberts that he could only wear a t-shirt if he was part of a specialized unit. However, at that time no blacks were a member of any specialized units. Thus, this would effectively bar Captain Roberts from ever wearing a t-shirt. Captain Roberts made note of this email because he heads a division where t-shirts are the assigned uniform of the day, the chiefs wear t-shirts to meetings, and it was the same date that he had complained about the threatening comments made by Officer Lawing. In other words, he believed he was being singled out for disparate treatment because of his protected activity.

We apologize for any confusion. Many thanks.

Jenny
Jenny L. Sharpe
Attorney at Law

- Captain Yancey is paid a slighter higher hourly rate than Plaintiff because he has seven (7) more years of service than Plaintiff contrary to Plaintiff's claims [PSAC ¶ 76];

Plaintiff possessed evidence disproving these allegations *before* he filed his Initial Complaint and his First Amended Complaint. He nevertheless pleaded these false allegations anyway, and now allows them to remain operative, forcing Defendants to mount a defense through motions practice to disprove what he already knew to be false.

The decision to grant leave to amend rests in the sound discretion of the trial court. Fed. R. Civ. P. 15. Leave to amend is not automatic; if it were a matter of right, there would be no need to seek leave of court. Although courts follow a policy of liberally granting amendment of pleadings,

10

courts may deny leave to amend where the amendment is inexcusably delayed, would cause prejudice, or where the proposed claims are futile, particularly where the facts underlying the amendment were long known to the movant and the amendment would require additional discovery, altered case preparation, or the addition of new claims or parties.

When viewed in this context, the conclusion is unavoidable: this case is about retribution, not redress. Allowing amendment under these circumstances would reward litigation conduct improperly aimed at either attempting to force Defendants to settle or punishing Defendants for failing to settle. The blatant nature of the delay combined with this evidence of bad faith should persuade the Court to exercise its discretion and deny the motion to amend the complaint. *GSS Properties, Inc. v. Kendale Shopping Center, Inc*., 119 F.R.D. 379, 381 (1988). Although leave to amend is liberally granted, it is not automatic, and federal courts routinely reject amendments that are unduly delayed, prejudicial, or advanced for improper tactical purposes. Plaintiff's Motion and PSAC suffer from all these defects and should be denied.

## CONCLUSION

For the foregoing reasons, Defendants Gaston County, North Carolina, Gaston County Board of County Commissioners, and Stephen Zill, respectfully request that this Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

This 13th day of July, 2026.

**LITTLER MENDELSON P.C.**

BY: */s/ Kathleen K. Lucchesi*
Kathleen K. Lucchesi
N.C. State Bar No. 24386
Kelly A. Walker
N.C. State Bar No. 49535

11

620 S. Tryon Street, Ste. 950
Charlotte North Carolina 28202
Telephone: (704) 972-7011
Facsimile: (704) 943-4238
Email: kluccchesi@Littler.com
Email: kewalker@littler.com

*Attorneys for Defendants Gaston County, North Carolina, Gaston Co. Board of County Commissioners, and Stephen Zill*

12

## PAGE COUNT CERTIFICATION

The undersigned counsel hereby certifies that the page count for Defendants' Response in Opposition to Plaintiffs' Motion to Enforce Settlement Agreement, Motion for Sanctions, and Motion for an Evidentiary Hearing to Show Cause Why Sanctions Should Not Be Imposed complies with the page-count limitation contained in the Local Rules, not including the case caption, signature block, or certificate of service.

## NO USE OF ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned counsel hereby certifies that no artificial intelligence was employed in connection with the research for preparation of this memorandum, with the exception of such artificial intelligence embedded in the standard online legal research sources Lexis, Westlaw, FastCase, and Bloomberg. Every statement and citation to an authority contained in this memorandum has been checked by an attorney in this case and/or a paralegal working at her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted this 13th day of July, 2026.

**LITTLER MENDELSON P.C.**

*/s/ Kathleen K. Lucchesi*
Kathleen K. Lucchesi
*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No. 3:24-cv-0927-DCK

| | |
|---|---|
| **BRENT ROBERTS and REGINALD E. BLOOM, JR.,** | |
| **Plaintiffs,** | |
| v. | **CERTIFICATE OF SERVICE** |
| **GASTON COUNTY, NORTH CAROLINA, GASTON COUNTY BOARD OF COUNTY COMMISSIONERS, in its official capacity, CHAD BROWN, in his individual capacity, and STEPHEN ZILL, in his individual capacity,** | |
| **Defendants.** | |

I hereby certify that I have on this 13th day of July, filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will notify the following counsel of record:

| | | |
|---|---|---|
| Jenny L. Sharpe<br>**J SHARPE, PLLC**<br>15720 Brixham Hill Ave<br>Suite 300<br>Charlotte, NC 28277<br>T: (704) 944-3272<br>sharpeattorney@gmail.com<br><br>*Attorney for Plaintiff* | Julie H. Fosbinder<br>**FOSBINDER LAW OFFICE**<br>840 Seneca Place<br>Charlotte, NC 28210<br>T: (704) 560-8600<br>Jhanfos2@gmail.com<br><br>*Attorney for Plaintiff* | J. Matthew Little<br>Jennifer B. Milak<br>**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**<br>P.O. Box 19207<br>Raleigh, NC 27619-9207<br>T: (919) 719-4730<br>mlittle@teaguecampbell.com<br>jmilak@teaguecampbell.com<br><br>*Attorneys for Defendant Chad Brown* |

**LITTLER MENDELSON P.C.**

BY:   */s/ Kathleen K. Lucchesi*
      Kathleen K. Lucchesi
      *Attorney for Defendants*

14