FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-927-DCK**

| | | |
|---|---|---|
| REGINALD E. BLOOM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GASTON COUNTY, NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "…Chad Brown And Jennifer B. Milak's Motion To Seal…" (Document No. 116) and "Defendants Gaston County, North Carolina, Gaston County Board Of Commissioners, and Stephen Zill's Motion To Seal" (Document No. 121) filed July 10, 2026. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motions.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)    *Scope of Rule*.**   To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

> **(b)    *Filing under Seal*.**  No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

Case 3:24-cv-00927-DCK    Document 125    Filed 07/14/26    Page 1 of 3

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

It appears that Movants seek to file under seal: the "Declaration Of Jennifer B. Milak" (Document No. 117); the "Memorandum Of Law In Opposition To Plaintiff's Motion To Enforce Settlement Agreement, Motion For Sanctions, And For An Evidentiary Hearing" (Document No. 118); "Exhibit 1" (Document No. 118-1); and "Defendants' Response In Opposition To Plaintiff's Motion To Enforce Settlement Agreement, Motion For Sanctions, And Motion For Evidentiary Hearing" (Document No. 120) and Exhibits A-E (Document Nos. 120-1, 120-2, 120-3, 120-4, and 120-5).

Having considered the factors provided in LCvR 6.1(c), the Court will grant the motions to seal. However, the undersigned notes that Movants have failed to abide by Local Rule 7.1(b) and have failed to include redacted versions of the documents they seek to seal. See (Document No. 104). Future motions by the Parties (or non-parties) that fail to comply with Local Rule 7.1(b), and/or motions to seal that fail to contemporaneously file publicly-available redacted versions of

2

the documents the movant proposes to seal, will most likely be summarily denied.

**IT IS, THEREFORE, ORDERED** that "…Chad Brown And Jennifer B. Milak's Motion To Seal…" (Document No. 116) and "Defendants Gaston County, North Carolina, Gaston County Board Of Commissioners, and Stephen Zill's Motion To Seal" (Document No. 121) are **GRANTED**. Document Nos. 117, 118, 118-1, 120, 120-1, 120-2, 120-3, 120-4, and 120-5 shall remain under **SEAL** until otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that Movants shall file publicly-available versions of Document Nos. 117, 118, 118-1, 120, 120-3, 120-4, and 120-5, redacted *only to the extent necessary*, on or before **July 20, 2026**.

**SO ORDERED**.

Signed: July 14, 2026

David C. Keesler
United States Magistrate Judge

3