IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927

| | | |
|---|---|---|
| BRENT ROBERTS and, | ) | |
| REGINALD E. BLOOM, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DECLARATION OF** |
| GASTON COUNTY, NORTH CAROLINA, | ) | **JENNIFER B. MILAK** |
| GASTON COUNTY BOARD OF | ) | |
| COUNTY COMMISSIONERS, in its | ) | |
| official capacity, CHAD BROWN, In His | ) | |
| Individual Capacity, and STEPHEN ZILL, | ) | |
| In His Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Jennifer B. Milak, being duly sworn, deposes and says:

1.  I am competent to make these declarations and make them based on my personal knowledge. I have been a North Carolina lawyer in good standing for 29 years and have never had anyone allege I threatened the judicial process, acted in bad faith, abused litigation, or conducted myself unethically in any way. These baseless allegations made by Plaintiff and Plaintiff's counsel are improper and made in bad faith.

2.  I represented Commissioner Chad Brown in this lawsuit. Plaintiff also sued the Chief of Police, the Board of Commissioners, and Gaston County. Prior to filing his Motion for Sanctions, Plaintiff and his counsel knew I did not represent the Chief of Police, the County, or the Board, and had been informed that I never provided advice to the Chief of Police, the Board of Commissioners, or the County including any advice concerning any proposed settlement with the County. I did not attend or participate in any board meeting related to

any proposed settlement with Plaintiff Bloom, (Exhibit 1), and Plaintiff's counsel were informed of that fact prior to their filing Plaintiff's Motion to Enforce and For Settlement. Plaintiff and his counsel were aware that Commissioner Brown could not bind the Board, that a majority of the seven-member Board was required to approve the settlement terms. I expressly stated I had no information concerning how the Commissioners, including Commissioner Brown, viewed Plaintiff's proposed settlement with the County or whether the terms would be approved.

3. Commissioner Brown is no longer a party to this case. Plaintiff voluntarily dismissed his claims against Commissioner Brown with prejudice before the Board met to consider the proposed settlement agreement with the County because his claims against Commissioner Brown were not viable. Those claims were factually and legally meritless, and were brought without any supporting evidence.

4. In his Motion for Sanctions, again without any supporting evidence, Plaintiff alleges Commissioner Brown's and my conduct amounted to bad faith during settlement negotiations. Plaintiff has a pattern of making bombastic allegations without factual support and without regard to the damage caused to my reputation and Commissioner Brown's reputation.

5. In 2024, Commissioner Brown was running for the North Carolina Secretary of State's office. Fifteen days before election day, Plaintiff filed his lawsuit against Commissioner Brown in his individual capacity and later amended his Complaint with allegations that Commissioner Brown had intentionally and maliciously discriminated against the Plaintiff based on his race. Plaintiff alleged he had not been promoted to the Assistant Police Chief position and had suffered disparate treatment because of his race. Plaintiff asserted the

following allegations against Commissioner Brown but ultimately admitted in his deposition eleven months after filing suit that he "had no information from any source" that Commissioner Brown had anything to do with the matters described below in item 6. Plaintiff made these allegations without any factual support and without regard to how disparaging allegations of this nature would affect Commissioner's Brown reputation, character, and good name. A reasonable inquiry before making the allegations would have demonstrated Plaintiff's allegations concerning Commissioner Brown were untrue.

6. Specifically, Plaintiff admitted in his deposition that he did not have any information from any source to support the following allegations made against Brown in the Amended Complaint. (Exhibits 2 and 3).

- Commissioner Brown was motivated to discriminate against Plaintiff Bloom because of Bloom's race. (Complaint Para 75; Depo pp. 236, 287).
- Commissioner Brown refused to promote Bloom to the Assistant Chief position. (Complaint Para 76 Depo p. 236).
- Brown held Bloom to a different workplace standard than other white counterparts. (Complaint Para108; Depo. P. 287).
- Brown lowered Bloom's performance evaluation. (Complaint Para109; Depo pp. 227, 236).
- Brown denied Bloom a merit pay increase. (Complaint Para 109; Depo p 237).
- Brown directly participated in his individual capacity in the Assistant Chief selection process. (Complaint Para 113, Depo pp. 283-284)
- Brown's acts taken against Bloom were taken with malice and/or reckless indifference to Bloom's rights. (Complaint Para 117; Depo pp. 236, 287).

7. After over 18 months of discovery, over 75 hours of deposition testimony and thousands of documents produced in discovery, Plaintiff was unable to establish any evidence against Commissioner Brown to support any of these reputationally damaging allegations. During

his deposition, Plaintiff Bloom also admitted that he had no information from any source that Brown played any role in Bloom's supervisor's decisions related to Bloom, that Commissioners including Brown do not select Assistant Police Chiefs, that Commissioner Brown played no role in any disagreement Bloom had with co-workers, that Commissioner Brown did not encourage others to make threatening comments to the Plaintiffs, and that the Police Chief's decisions with respect to Bloom's employment were not directed by Commissioner Brown. (Exhibit 3 Depo pp. 200, 227, 236, 283-284, 286).

8. Following Plaintiff's deposition, instead of Plaintiff immediately dismissing his claims against Commissioner Brown as Rule 11 of the Federal Rules of Civil Procedure required, Plaintiff continued the lawsuit against Commissioner Brown. Plaintiff also took no steps to withdraw his publicly damaging allegations, and Commissioner Brown was forced to continue to defend himself.

9. Plaintiff's representations as to what occurred between Plaintiff and Commissioner Brown with respect to the settlement negotiations are also inaccurate. Commissioner Brown did not approach Plaintiff Bloom regarding settlement. Instead, it was Plaintiff who reached out to Commissioner Brown about settlement. (Exhibit 4).

10. Plaintiff represents he entered into a settlement agreement with the Defendants. This claim is not accurate. ██████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████ (Exhibit 5). ████, ████████ r ███ n ██████ d ███ s ████████████. (Exhibit 5). In April 2026, worried Commissioner Brown would assert a claim against Plaintiff given the total lack of evidence to support the allegations Plaintiff made against him, █████ f



11. On May 7, 2026, ███████████████████████████████████████████████████████████ (Exhibit 4). Unlike Plaintiff's suggestion in his Motion and Memo, it was Plaintiff who requested a mutual release, not Commissioner Brown. Plaintiff's representation that Commissioner Brown was insisting on a Release is yet another example of false accounts of what occurred.

12. ██████████████████████████████████████████████ (Exhibit 6). ████████ ██████████████████████████████ ███████ . (Exhibit 7).

13. ███ y ████████████ ██ l ████ . (Exhibit 8) ███████████ ████████████ .

**14.**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮er ▮▮▮▮h. (Exhibit 9).

**15.** 

▮▮▮▮▮▮▮▮▮▮g. (Exhibit 10).

**16.** During my conversations with Plaintiff's counsel, I never represented that Commissioner Brown either approved or disapproved of the proposed settlement terms with County. ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮e. I never indicated the vote of the Gaston County Board of Commissioners would depend on Commissioner Brown's stance. Plaintiff's counsel indicated that Commissioner Brown was influential. ▮ ▮▮▮▮d ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. I never made any representations about how the Board would vote. I never made any threats related to any vote. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮.

**17.** On May 21, 2026, the parties exchanged emails containing revised proposed settlement language but ultimately could not agree on the specific language. ▮▮▮▮▮▮▮y, ▮▮▮▮f

(Exhibit 11). It is clear from this acknowledgment that Plaintiff's claims against Commissioner Brown lacked a good faith factual basis at the time they were filed and that evidence supporting such allegations was not revealed in discovery.

18.

██████████r ████. Plaintiff never mentioned feeling threatened and never alluded to any notion of improper negotiations.

19. On May 22, 2026, ██████████v ████████l ████████t ████████████████r



███' (Exhibit 12). In his Motion for Sanctions, Plaintiff falsely represents that I insisted that the dismissal be filed before the Memorial Day holiday weekend. The email exchange is clear. There was no such demand. This is yet another distorted account of events made for improper purposes.

20. After the Memorial Day holiday started, on May 23, 2026, Plaintiff voluntarily dismissed his claims against Commissioner Brown and Commissioner Brown was pleased that he was no longer a party to the case. A████████l ██d ██h ████████e ████████t ████████g ████████████r ████n b ████e ██y ████████l ██h █e ██y ██e ████t ████n ██s ████████████r ████s ████████████d ████. Commissioner Brown never made any threats, did not interfere with any judicial process and conducted himself in good faith.

Plaintiff never indicated to me that he felt threatened and asserted no objection to the settlement negotiation communications.

21. Prior to Plaintiff filing his frivolous Motion for Sanctions, █████ d ████████ █ █ ████ g ██████ r ████ d ██ e █████ y ██████████ s █████ g ████████ t ████ s ██ h ██ e █████ y.  ████ s ██ t █████ t ████ g ██ y ██ e █████ n ████ y ████ d █ f ██████████ s █████, ██ d ██ d █ b ███████ s ██ h ██ y █████████ r ████████ g ██████████ d ██████████████████ y. (Exhibit 1).  Plaintiff's Motion for Sanctions contains no evidence to the contrary.  Furthermore, Plaintiff has not provided the court with any evidence that Commissioner Brown's conduct related to his consideration of the proposed settlement terms with the County was illegal or inappropriate.

22. With respect to whether Board approval was required for the Plaintiff's proposed agreement with the County to be enforceable, because I did not represent the County, ███ d



█████. █Exhibit 13). █████████████████████████ e █████████ d ████████████████ █. (Exhibit 13). ████████ y █████ d ████████ d █████ l ████████ d. (Exhibit 13). ████████ d █████ t ███████████████ e ████████████████ t ██ l

██t ██e ██e █r ████████e ██h ██e █████l ██e ████n █████y ████d ██████y ████████s ████████h █s █████e ███████s ████y ████d █████l █████. (Exhibits 14). █████████████t █████████n ████████e. (Exhibit 15).

**23.** To now argue █████d ██████l █s █t ███████h ██████t ████████l ██████t and to file a Motion alleging unethical conduct by the County's attorney related to this requirement is yet another example of Plaintiff's pattern of bad faith conduct and his counsel's gross violation of their duties under the Rules of Civil Procedure.[1]

This the __26__ day of June 2026

_____
Jennifer B. Milak

STATE OF NORTH CAROLINA

COUNTY OF __Wake__

I do hereby certify that __Jennifer B Milak__, personally appeared before me this day and acknowledged the execution of the foregoing Affidavit.

WITNESS BY HAND AND OFFICIAL SEAL this the __26th__ day of __June__, 2026.

_____
Notary Public

My Commission Expires: __9-12-26__



---

[1] Counsel for Commissioner Brown and Ms. Milak wrote to Plaintiff's counsel before the Motion for Sanctions was filed. ████l ████████r ███n ████████y ████████d ███n ████████s █s ████████████y █████s ██. ███████d ████████e ██████n ███g ███. Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, a draft Rule 11 Motion for Sanctions has been provided to Plaintiff's counsel and will be filed upon the expiration of the required waiting period.

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing in the above-entitled action upon all other parties to this cause through the Court's electronic filing system and as follows:

Jenny L. Sharpe
J Sharpe, PLLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
sharpeattorney@gmail.com
***Attorney for Plaintiff***

Julie H. Foshbinder
Foshbinder Law Office
840 Seneca Place
Charlotte, NC 28210
jhanfos2@gmail.com
***Attorney for Plaintiff***

Kelly A. Walker
Kathleen K. Lucchesi
Littler Mendelson P.C.
620 South Tryon Street, Suite 950
Charlotte, NC 28202
kwalker@littler.com
klucchesi@littler.com
***Attorneys for Defendants Gaston County
and Stephen Zill***

This the 10th day of July, 2026.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY:  */s/ Matthew J. Little*
　　　　　　Matthew J. Little
　　　　　　***Attorneys for  Chad Brown and Ms. Milak***