| | |
|---|---|
| BRENT ROBERTS and REGINALD E. BLOOM, JR.,<br><br>**Plaintiffs,**<br><br>v.<br><br>GASTON COUNTY, NORTH CAROLINA, GASTON COUNTY BOARD OF COUNTY COMMISSIONERS, in its official capacity, CHAD BROWN, in his individual capacity, and STEPHEN ZILL, in his individual capacity,<br><br>**Defendants.** | **DEFENDANTS' RESPONSE IN OPPOSTION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, MOTION FOR SANCTIONS, AND MOTION FOR EVIDENTIARY HEARING** |

Defendants Gaston County, North Carolina ("Gaston County"), Gaston County Board of County Commissioners ("BOCC"), and Stephen Zill, in his individual capacity ("Zill") (collectively, the "Defendants") through their undersigned attorneys, hereby submit their Response in Opposition to Plaintiff Reginald E. Bloom's ("Plaintiff" or "Plaintiff Bloom") Motion to Enforce Settlement Agreement, Motion for Sanctions, and Motion for Evidentiary Hearing ("Plaintiff's Motion") [DE 106].

## STATEMENT OF THE CASE AND FACTUAL BACKGROUND

Plaintiff Bloom and former Plaintiff Brent Roberts filed their initial Complaint on October 21, 2024. [DE 1]. Defendants[1] filed a motion dismiss all claims asserted by Plaintiffs in their Complaint except Roberts' Title VII claim against Gaston County. [DE 15, 22]. Plaintiffs moved this Court for leave to file an Amended Complaint to "supplement the factual allegation

---

[1] Former Defendant Chad Brown filed a separate motion to dismiss Plaintiffs' claims against him.

1

surrounding their claims of race discrimination and retaliation, to clarify the legal claims they seek to pursue in this matter, and to add a new defendant, the [BOCC]," which the Court granted. [DE 26 ¶ 2, DE 30]. Plaintiffs filed their Amended Complaint on February 3, 2025, which Defendants again moved to dismiss. [DE 31, 38, 42]. Defendants' Motion to Dismiss remains pending before this Court.

The parties engaged in significant discovery including the production of nearly 57,000 pages of documents by Defendants, and 17 depositions before mediating Plaintiffs' claims on March 10, 2026 with mediator, Sarah Kromer. Although they were unable to resolve the case at mediation, the parties jointly extended the mediation deadline several times so that Gaston County and Plaintiffs could continue settlement discussions.[2] Gaston County negotiated a proposed settlement of Roberts' claims late in the afternoon on April 28, 2026, which it submitted to the BOCC for consideration at its monthly meeting that evening. The BOCC approved the proposed settlement agreement and Gaston County executed Roberts' settlement agreement.

Following the April 28, 2026 BOCC meeting, Plaintiff Bloom and Gaston County continued settlement discussions including ████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████. Counsel for Gaston County and Plaintiff Bloom negotiated a proposed settlement of Plaintiff Bloom's claims on May 22, 2026. As with Roberts' proposed settlement agreement, Counsel submitted Plaintiff Bloom's proposed settlement to the BOCC for consideration at its May 26,

---

[2] From the March 10, 2026 mediation to June 11, 2026, settlement discussions occurred between Plaintiffs and Gaston County. The proposed settlement agreements ██████████████████ ████████████████████████████████████████████████████ ██████████ ████████████████████████████████████████████████████████ ██████████████████████████████████.

2026 meeting. However, the BOCC did not approve Plaintiff Bloom's settlement agreement.

On June 7, 2026, Plaintiff's counsel notified defense counsel of their intent to seek enforcement of the BOCC-rejected settlement agreement and sanctions against defense counsel.

## ARGUMENT

### A. Absent a Vote of Approval by the BOCC, There is no Agreement for the Court to Enforce.

Gaston County has the statutory authority to enter into contracts including settlement agreements. N.C. Gen. Stat. § 153A-11. "[E]ach power, right, duty, function, privilege and immunity" held by Gaston County, "shall be exercised by the board of commissioners." As such, the "powers [vested in Gaston County] can only be exercised by its [elected] board of commissioners …" or through "a resolution adopted by the board." *Jefferson Standard Life Ins. Co. v. Guilford County*, 225 N.C. 293, 301, 34 S.E.2d 430, 435 (1945); *see also Howard v. County of Durham*, 227 N.C. App. 46, 51, 748 S.E.2d 1, 4 (2013) ("Under N.C. Gen. Stat. § 153A-12, a county may act only upon approval by the county commissioners."). The BOCC delegated limited settlement authority to the Gaston County Manager by way of a 2002 board resolution giving the Gaston County Manager authority to settle claims up to $25,000 with at least 48 hours' notice to the BOCC. Gaston County Res. 2002-235, ¶ 2 (Oct. 10, 2002). The BOCC expressly retained sole authority to approve any contract or settlement agreement that exceeds $25,000. *Id*.

Before the Court may exercise its power to enforce settlement agreements, it must first find that the parties have reached a complete agreement and that the terms and conditions of the agreement can be determined. *Hensley v. Alcon Labs., Inc.,* 277 F.3d 535, 540 (4th Cir. 2002). "Given that 'the Court's power to enforce is limited to complete agreements[,] it must find that there was a meeting of the minds as to all material terms; it cannot play the role of final arbiter.'"

3

*Ford v. Food Lion, LLC*, 2013 U.S. Dist. LEXIS 45669, 2013 WL 1320416, at *3 (W.D.N.C. Mar. 29, 2013).

A settlement agreement is a contract governed by standard contract principles. *Ford*, 2013 U.S. Dist. LEXIS 45669, at *1. A court must determine whether a settlement agreement's resolution was preceded by "offer, acceptance, and consideration." *Derrick v. Prinston Pharm*., 2021 U.S. Dist. LEXIS 163299, at *4 (W.D.N.C. March 9, 2021) (citing *Moore v. State Farm Ins. Co*., 2013 U.S. Dist. LEXIS 34714, 2013 WL 991358, at *1 (W.D.N.C. Mar. 13, 2013)). There must be agreement on the material or essential terms to form a contract. *See*, 1 North Carolina Contract Law § 2-49. "District courts have inherent authority, derived from their equity power, to enforce settlement agreements. To exercise this inherent power, a district court must (1) find that the parties reached a complete agreement and (2) be able to determine its terms and conditions." *Brooks v. Asheville Detox, LLC*, No. 1:25-cv-58-MOC-WCM, 2025 U.S. Dist. LEXIS 166082, at *4-5 (W.D.N.C. July 28, 2025).

Under North Carolina contract law, if a court finds the material terms of a contract are overly vague or not definitive enough to provide a basis for mutual consent, it will not enforce the agreement. *Martin v. Senn Dunn, LLC*, Nos. 1:05CV00063, 1:05CV00462, 2005 U.S. Dist. LEXIS 28219, 2005 WL 2994424, at *3 (M.D.N.C. Nov. 7, 2005). In deciding whether a term is ambiguous, "words are to be given their usual and ordinary meaning and all the terms of the agreement are to be reconciled if possible. *Martin*, Nos. 1:05CV00063, 1:05CV00462, 2005 U.S. Dist. LEXIS 28219, 2005 WL 2994424, at *4. The court may not summarily enforce a settlement agreement if "there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms" and must instead, hold an evidentiary hearing to resolve the dispute and make findings of fact. *Brooks*, 2025 U.S. Dist. LEXIS 166082, at *5. The court

4

must deny enforcement of a settlement agreement if it determines no agreement exists or that agreement was not reached on all material terms. *Id.*

The parties to a contract may "agree to any condition precedent, the performance of which is mandatory before they become bound by the contract." *Cox v. Funk*, 42 N.C. App. 32, 34-35, 255 S.E.2d 600, 601 (1979). A condition precedent may rely upon the action of a contracting party, on upon the action of a third-party. *Federal Reserve Bank v. Neuse Mfg. Co.*, 213 N.C. 489, 493, 196 S.E. 848, 850 (1938). "[I]f negotiating parties impose a condition precedent on the effectiveness of their agreement, no contract is formed until the condition is met." *Parker v. Glosson*, 182 N.C. App. 229, 232, 641 S.E.2d 735, 737 (N.C. App. 2007).

When a factual dispute regarding the terms of a settlement agreement exists, the Court may not "summarily enforce the settlement agreement" and must instead, conduct a plenary hearing and make findings on the issues in dispute. *Hensley*, 277 F.3d at 541. "If a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement." *Id*. After such a determination, the parties must be put in the exact position they were in prior to the defective settlement agreement even if it results in the case being placed back on the trial calendar or one party being required to return settlement proceeds previously paid as part of the faulty settlement. *Wood v. Va. Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975).

Because Plaintiff Bloom's proposed settlement ███████████████████████ it required approval by majority vote of the BOCC to be valid and enforceable [DE 106-1, Ex. 9]; *see* Procedures for the Gaston County Board of Commissioners, R. 27. ████████████

███████████████████████████████. [DE 106-2, pp. 8-9]. While the final document reflects the parties' intent to fully resolve the litigation, it very clearly includes a provision

memorializing the parties' mutual intent to condition the enforceability of the Agreement on the approval of the BOCC:

> **Board Approval**. Employer represents that all approvals necessary to authorize and implement this Agreement, including approval by the Gaston County Board of County Commissioners, have been obtained or will be obtained prior to execution of this Agreement, and that each signatory has full authority to bind the respective Party. Employer represents that with the signature of the Gaston County Finance Director or Deputy Finance Director below, this Agreement complies with the Local Government Budget and Fiscal Control Act (N.C.G.S.§ 159-28). **The Parties acknowledge and agree that this Agreement will not be valid or enforceable without the approval of the Gaston County Board of County Commissioners. Without such approval by the Gaston County Board of County Commissioners, the Parties shall have no obligation to comply with the provisions contained in this Agreement.**

[DE 113, ¶ 22, Ex. 15]. (emphasis added). The bolded language of this mutually agreed upon provision is unambiguous – an explicit statement of the condition precedent required to render the settlement agreement valid and enforceable. Under this provision, the proposed settlement agreement was also subject to a preaudit in accordance with N.C.G.S.§ 159-28(a1). If a written contract or agreement obligates Gaston County to pay money, the written contract or agreement must on its face, include a certificate signed by the county finance officer or deputy finance officer confirming that the contract or agreement has been preaudited in compliance with N.C.G.S.§ 159-28(a). N.C.G.S.§ 159-28(a1). "An obligation incurred in violation of subsection (a) or (a1) of this section is invalid and may not be enforced." N.C.G.S.§ 159-28(a2); *Cabarrus Cty. v. Systel Bus. Equip. Co.*, 171 N.C. App. 423, 614 S.E.2d 596 (2005) (refusing to enforce settlement agreement because it lacked pre-audit certificate); *K12 Insight LLC v. Johnston Cty. Bd. of Educ.*, Civil Action No. 1:17-cv-1397, 2018 U.S. Dist. LEXIS 128487 (E.D. Va. July 31, 2018) (refusing the enforce contract due to lack of pre-audit certification).

It is undisputed that the BOCC did not approve Plaintiff Bloom's proposed settlement agreement nor was the agreement preaudited and signed by the Gaston County Finance Director

in compliance with N.C.G.S.§ 159-28 [DE 106-2, pp. 6-7].

Plaintiff states that the terms of the proposed settlement agreement "are written and clearly defined" and acknowledges that it was "subject to a vote of approval by the [BOCC]" [DE 106-2, p. 9]. Plaintiff now seeks to avoid this condition precedent by arguing that because the BOCC is a named party and its attorney "had actual authority to act and negotiate a final settlement on the [BOCC's] behalf" that a vote of approval by the BOCC is not required [DE 106-2, p. 9]. Plaintiff disingenuously conflates the authority of Defendants' counsel to negotiate the terms of a settlement with the BOCC's statutory authority to approve the settlement.

Plaintiff's counsel have each been actively practicing law for several decades and are well aware that North Carolina cities and counties generally require formal board or council approval of settlements over a certain dollar amount. In fact, Plaintiff Bloom's settlement agreement is the third such settlement agreement that attorney Jenny Sharpe has negotiated with Gaston County since 2023. The two settlement agreements preceding Plaintiff Bloom's settlement agreement also required BOCC approval by majority vote to be valid and enforceable. In the instant case, Plaintiff's counsel prepared the first draft of Plaintiff's settlement agreement which included the Board Approval provision now at issue. (**Ex. A**, April Draft Settlement Agreement). It is difficult to imagine language more candid than this explicit statement regarding the BOCC's singular authority to approve any settlement agreement over $25,000 including Plaintiff Bloom's settlement agreement.

Absent satisfaction of this condition precedent, the proposed settlement agreement is not valid and enforceable. As such, this Court should determine that there is no settlement agreement to be enforced and deny Plaintiff's Motion to Enforce without a hearing. *Hensley*, 277 F.3d at 541.

B.       **<u>Neither Defendants nor their Attorneys "Engaged in Objective Bad Faith."</u>**

7

Plaintiff also moves the Court to impose sanctions against Defendants and their attorneys under 28 U.S.C. § 1927 and the Court's inherent powers to impose sanctions for bad faith. [DE 106, p. 1]. Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To succeed on such a claim, Plaintiff must show not only that defense counsel multiplied the proceedings, but he must also show bad faith on the part of the attorney. *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012). A showing of bad faith is required for sanctions under the court's inherent power and under 28 U.S.C. § 1927. *Harvey v. CNN, Inc.,* 48 F.4th 257, 276 (4th Cir. 2022). An attorney who "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Collins v. Dollar Tree Stores, Inc.,* No. 2:09CV486, 2010 U.S. Dist. LEXIS 144911, 2010 WL 9499078, at *3 (E.D. Va. May 28, 2010) (quoting *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006)); *see also United States v. Allergan, Inc.*, Civil Action No. SAG-17-668, 2024 U.S. Dist. LEXIS 102459, 2024 WL 2882125, at *6 (D. Md. May 30, 2024).

"Sanctions under 28 U.S.C. § 1927 . . . require severe misconduct reflecting clear bad faith[.]" *Harvey*, 48 F.4th at 276. Bad faith is established when an attorney's actions "are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay." *Caseres v. S&R Mgmt. Co.*, AW-12-1358, 2013 U.S. Dist. LEXIS 152848, 2013 WL 5781582, at *2 (D. Md. Oct. 24, 2013). "Bad faith is 'not simply bad judgment or negligence but implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'" *Akintola v. Backgroundchecks.com, LLC*, GLH-21-897, 2022 WL 2818948, at *6 (D.

Md. July 19, 2022). Most often, the cases where the court has issued sanctions under Section 1927 involve "fraud, deceit, misrepresentation, harassment, and unethical conduct." *Harvey*, 48 F.4th at 281; *see, e.g., Six v. Generations Fed. Credit Union*, 891 F.3d 508, 520 (4th Cir. 2018) (imposing sanctions when lawyers hid a relevant and potentially dispositive document from the court for nearly two years).

The issue is whether the conduct of defense counsel "unreasonably and vexatiously" multiplied the proceedings such that the Court should require defense counsel "to personally satisfy 'the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Penn v. Bengston*, No. 1:11cv1001 (TSE/JFA), 2013 U.S. Dist. LEXIS 190093, at *4-5 (E.D. Va. 2013). The burden to demonstrate sanctionable conduct and an entitlement to reasonable fees is on the moving party. *Sanford v. Commonwealth of Virginia*, 689 F. Supp. 2d 802, 805 (E.D. Va. 2010). Accusations devoid of evidentiary support and based on mischaracterizations and speculation will not warrant sanctions under Section 1927. *Robinson-Reeder v. Am. Council on Educ.*, 626 F. Supp. 2d 11, 2009 U.S. Dist. LEXIS 50683 (D.D.C. 2009). Where an attorney's reputation, livelihood, and ability to practice law are at stake, "a judge must analyze sanctionable conduct with specificity in imposing sanctions under 28 USCS § 1927… ." *Grider v. Keystone Health Plan Cent., Inc.,* 580 F.3d 119, 2009 U.S. App. LEXIS 19642 (3d Cir. 2009). Courts generally decline to impose sanctions for attorney's fees that would have been incurred regardless of the offending conduct. *Collum v. Charlotte-Mecklenburg Bd. of Educ.*, No. 3:07cv534, 2010 U.S. Dist. LEXIS 44696, 2010 WL 1838170, at *6 (W.D.N.C. Apr. 13, 2010) (Cayer, M.J.), *adopted by* 2010 U.S. Dist. LEXIS 44691, 2010 WL 1838091 (May 6, 2010).

Here, the facts alleged by Plaintiff do not rise to the level of misconduct required to justify an award under 28 U.S.C. § 1927. As with his Motion to Enforce, Plaintiff again ignores the facts

9

and events in this litigation, arguing that Gaston County, the BOCC, and their attorneys ███████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████ [DE 106-2, p. 12]. Plaintiff infers without support that

Gaston County ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

█████████████ [DE 106-2, p. 13]. However, the parties' actual settlement discussions directly

contradict Plaintiff's claims.

During the March 10, 2026 mediation, ████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

████████████████████████. (**Ex. B**, Lucchesi Declaration, ¶ 6). The parties adjourned mediation

without impasse late in the day after Plaintiff's counsel ██████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

█████████ (**Ex. B**, Lucchesi Declaration, ¶ 7). During a post-mediation discussion with mediator

Sarah Kromer ████████████████████████████████████████████████ ████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████ (**Ex. B**, Lucchesi

Declaration, ¶ 8).

Gaston County ████████████████████████████████████████████████████████ to

mediator Kromer and Plaintiff's counsel regarding ██████████████████████████████

██████████████████████████████ (**Ex. B**, Lucchesi Declaration, ¶ 16). Nonetheless, Gaston

County continued good faith settlement discussions, including █████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████ [DE 106-2, p. 4].

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████

In response to these very detailed demands, Gaston County ███████████████

███████████████   ████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

▪ RE: Reggie Bloom v. Gaston County et.al.

Lucchesi, Kathleen
To 'Julie Fosbinder'; Walker, Kelly; Sarah Kromer
Cc Jennifer B. Milak; jenny sharpe; LZampa@teaguecampbell.com; **+1 other**
4/29/2026

ⓘ Follow up. Start by Wednesday, July 8, 2026. Due by Wednesday, July 8, 2026.

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

Sharpe responded the next day, stating ████████████████████████████

████████████████████████████████████████████████████████████

From: jenny sharpe <sharpeattorney@gmail.com>
Sent: Thursday, April 30, 2026 1:05 PM
To: Lucchesi, Kathleen <KLucchesi@littler.com>
Cc: Julie Fosbinder <jhanfos2@gmail.com>; Jennifer B. Milak <jmilak@teaguecampbell.com>; Walker, Kelly
<KeWalker@littler.com>; Venable, Patricia <PVenable@littler.com>; lzampa@teaguecampbell.com
Subject: Re: Reggie Bloom v. Gaston County et.al.

Nevertheless, Plaintiff's counsel continued ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████    ████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████



Every offer conveyed by Gaston County either through the mediator or directly to Plaintiff's counsel included BOCC approval as a pre-condition to settlement. Defense counsel never conveyed they had the authority to settle Plaintiff's claims without a formal BOCC vote nor did they mislead Plaintiff's counsel ███████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████



13

When the parties agreed upon a proposed settlement, Plaintiff's counsel postponed the May 21, 2026 follow-up deposition of defense expert, Yaniero pending "[BOCC's] approval of the final settlement agreement:



The following day, Plaintiff's counsel again acknowledged that BOCC approval was necessary ███████████████ ████████████████████████████████████████

████████████



This email confirms Plaintiff's counsel understood that formal approval by the BOCC at its monthly meeting was required for the Agreement to be valid and enforceable. Defense counsel's response to Sharpe's email eliminates any doubt that defense counsel was transparent regarding the limits of her authority to bind Gaston County without formal BOCC approval:

14



RE: Bloom settlement agreement

Lucchesi, Kathleen
To 'jenny sharpe'
Cc Julie Fosbinder; Sarah Kromer; Jennifer B. Milak; Venable, Patricia

5/22/2026

Follow up. Start by Wednesday, June 10, 2026. Due by Wednesday, June 10, 2026.
This message is part of a tracked conversation. Click here to find all related messages or to open the original flagged message.

2026-05-21 Bloom Settlement Agreement (Bloom v. Gaston County).pdf
242 KB

2026-05-21 Bloom Settlement Agreement (Bloom v. Gaston County).docx
55 KB

Hi Jenny,

I've attached final settlement agreement in Word and PDF format for Capt. Bloom's signature. David Goldberg will present the agreement to the Board for consideration at Tuesday's meeting. I'm hopeful but cannot guarantee that we can report back with approval of the agreement. We'll keep you posted.

Thanks,
Kathi

Kathleen K. Lucchesi
Shareholder

Finally, Plaintiff tries to connect the BOCC's rejection of the settlement agreement to "discovery abuses in connection with the deposition of their expert, Michael Yaniero," arguing that the undersigned counsel made a "misrepresentation of fact" regarding Yaniero's response to a subpoena *duces tecum* which Plaintiff contends gave Defendants "a tactical advantage" over Plaintiff during settlement discussions because he was deprived of "a real opportunity to complete [Yaniero's] deposition within the discovery period." [DE 106-2, p. 15]. This argument again conveniently ignores the actual facts related to Yaniero's deposition.

Plaintiff's counsel claims the undersigned counsel misrepresented that Yaniero's subpoenaed documents were in the possession of her former law firm following her April 13, 2026 move to Littler Mendelson, P.C. [DE 106-1, pp. 8-9]. This was not a "misrepresentation" – the documents defense counsel had received from Yaniero had not yet been transferred to Littler. (**Ex. B**, Lucchesi Declaration, ¶¶ 18-19). Defendants produced Yaniero's complete file including his typewritten case notes on May 5, 2026. (**Ex. B**, Lucchesi Declaration, ¶ 20). Nevertheless, this delay in getting Yaniero's file to Plaintiff's counsel was not the result of bad faith conduct by the undersigned counsel nor did it multiply the proceedings unreasonably or vexatiously. Although

15

Plaintiff's counsel had Yaniero's full report and curriculum vitae, Plaintiff's counsel chose to adjourn Yaniero's May 1, 2026 deposition rather than push forward without his case file. [DE 106-1, pp. 44-52]. Ironically, Plaintiff's counsel did not produce Plaintiff's subpoenaed expert's file to defense counsel until after defense counsel completed the deposition of Plaintiff's expert.

To impose sanctions under Section 1927, a court must find that the attorney acted to multiply the proceedings unreasonably and vexatiously, acted in bad faith, and that there is a "causal link between wrongful conduct and an unreasonable and vexatious multiplication of proceedings." *Boshea v. Compass Mktg. Inc.*, No. ELH-21-309, 2025 U.S. Dist. LEXIS 213796, 2025 WL 3033933, at *14 (D. Md. Oct. 30, 2025) (quoting *Six,* 891 F.3d at 520.). Plaintiff offers no such evidence upon which this Court could find such a link. (**Ex. B**, Lucchesi Declaration).

Plaintiff's counsel attempts to link alleged misconduct related to the proposed settlement agreement to "discovery abuses" in connection with Yaniero's deposition. [DE 106-2, p. 15]. In her Affidavit, Plaintiff's counsel contends defense counsel did not provide them with dates for Yaniero's deposition after May 26, 2026. [DE 106-1, p. 10]. While technically correct, Plaintiff's counsel again disregards the actual timeline of events and communications between the parties. On June 5, 2026, the parties discussed one final weeklong extension of the Mediation Report deadline (to June 11, 2026) and the Dispositive Motions deadline (to June 29, 2026). (**Ex. C**, June 5 Extension Email). Plaintiff's counsel conditioned consent to the extension motion on Defendants' agreement to allow Plaintiff to complete depositions over the four weeks following the June 5 email. *Id.* Because the Dispositive Motions deadline was then set to expire before the end of that proposed four-week period, the undersigned counsel agreed to allow Plaintiff to complete the only outstanding deposition – that of Yaniero – over the two weeks following the email rather than the four weeks Plaintiff demanded. *Id.* On June 7, 2026, Plaintiff's counsel requested deposition dates for Yaniero for the first

16

time since Plaintiff's counsel postponed Yaniero's May 21, 2026 follow-up deposition. *Id.* The next day on June 8, 2026, Plaintiff's counsel notified defense counsel of their intent to file a motion for sanctions against defense counsel under 28 §U.S.C. § 1927 and a motion to enforce the settlement agreement. (**Ex. D**, June 8, 2026 Fosbinder Letter). Plaintiff's counsel also threatened to file a complaint against ███████████████████████████████████████████████████████

███████████████████████████  ███████████████████████████████

███████████████████████████████████████████████████████

███████. (**Ex. E**, June 11, 2026 Lucchesi Letter).

Plaintiff's mischaracterizations and speculation are insufficient to establish that defense counsel acted in a way that multiplied the proceedings unreasonably and vexatiously and that defense counsel acted in bad faith. *Harvey,* 48 F.4th at 276. As such, the Court should deny Plaintiff's Motion for Sanctions without a hearing.

### C. The Court Should Deny Plaintiff's Motions Without an Evidentiary Hearing.

Plaintiff Bloom requests that the Court hold an evidentiary hearing "requiring Defendants and their respective counsel to show cause why the Bloom Agreement should not be enforced and why sanctions should not be imposed." [DE 106]. However, Plaintiff fails to allege even the bare minimum of facts sufficient to warrant such a hearing on either Motion. *AMF Bowling Ctrs., Inc. v. Tanase*, 2025 U.S. App. LEXIS 19371, 2025 WL 2231843 (4th Cir. Aug. 1, 2025) ("We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.").

Moreover, the BOCC and Brown are entitled to legislative immunity as to their consideration of Plaintiff's proposed settlement agreement. "Legislative immunity provides legislators with the breathing room necessary to make [our toughest decisions] in the public

17

interest, in a way uninhibited by judicial interference and undistorted by the fear of personal liability." *EEOC v. Washington Suburban Sanitary Comm'n*, 631 F.3d 174, 181 (4th Cir. 2011). "Legislative privilege against compulsory evidentiary process exists to safeguard this legislative immunity and to further encourage the republican values it promotes." *Id.* "Because litigation costs do not fall on named parties alone, this privilege applies whether or not the legislators themselves have been sued." *Id.* "Consequently, if... private plaintiffs sought to compel information from legislative actors about their legislative activities, they would not need to comply." *Id.*

Conversely, a court may impose sanctions on a party, attorney, or a law firm for presenting a pleading that includes claims or other legal contentions that do not have or are likely not to have legal or evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(2). "A court may sanction an attorney who has violated Rule 11 (b) . . . on its own initiative." *Neal v. Frayer*, Civil Action No. BAH-24-778, 2025 U.S. Dist. LEXIS 225076, 2025 WL 3204710, at *14 (D. Md. Nov. 17, 2025) (quoting *Kruglyak v. Home Depot U.S.A., Inc.*, 774 F. Supp. 3d 767, 769 (W.D. Va. 2025)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 11(c)(3).

The purpose of Rule 11 is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers,… [thereby] avoid[ing] dela and unnecessary expense in litigation." *Sanders v. Tyco Elecs. Crop.*, 235 F.R.D. 315 (W.D.N.C. Apr. 12, 2006) To achieve these goals, Rule 11 requires attorneys to take responsibility for the claims and defenses they present. Attorneys must not present to the court a pleading, written motion or other paper that is presented for an improper purpose, such as to harass, cause unnecessary delay, or which needlessly increases the cost of litigation. See Fed. R. Civ. P. 11(b)(1). Litigants are required to "stop and think" before

18

making legal or factual contentions. *See* Fed. R. Civ. P. 11, (1993 Advisory Committee's notes); see also Wright and Miller, *Federal Practice and Procedure,* Section 1334.

The Court should deny Plaintiff's Motion for an evidentiary hearing and consider awarding Defendants and defense counsel their costs, including reasonable attorney's fees associated with responding to this frivolous Motion.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff Bloom's Motion to Enforce Settlement Agreement, Motion for Sanctions, and Motion for an Evidentiary Hearing to Show Cause Why Sanctions Should Not Be Imposed.

This 10th day of July, 2026.

**LITTLER MENDELSON P.C.**

*/s/ Kathleen K. Lucchesi*
Kathleen K. Lucchesi
N.C. State Bar No. 24386
Kelly A. Walker
N.C. State Bar No. 49535
620 S. Tryon Street, Ste. 950
Charlotte North Carolina 28202
Telephone: (704) 972-7011
Facsimile: (980) 943-4238
Email: kluccchesi@Littler.com
Email: kewalker@littler.com

*Attorneys for Defendants Gaston County,*
*North Carolina, Gaston County Board of*
*County Commissioners, and Stephen Zill*

19

<u>**PAGE COUNT CERTIFICATION**</u>

The undersigned counsel hereby certifies that the page count for Defendants' Response in Opposition to Plaintiffs' Motion to Enforce Settlement Agreement, Motion for Sanctions, and Motion for an Evidentiary Hearing to Show Cause Why Sanctions Should Not Be Imposed complies with the page-count limitation contained in the Local Rules, not including the case caption, signature block, or certificate of service.

<u>**NO USE OF ARTIFICIAL INTELLIGENCE CERTIFICATION**</u>

The undersigned counsel hereby certifies that no artificial intelligence was employed in connection with the research for preparation of this memorandum, with the exception of such artificial intelligence embedded in the standard online legal research sources Lexis, Westlaw, FastCase, and Bloomberg. Every statement and citation to an authority contained in this memorandum has been checked by an attorney in this case and/or a paralegal working at her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted this 10th day of July, 2026.

**LITTLER MENDELSON P.C.**

*/s/ Kathleen K. Lucchesi*
Kathleen K. Lucchesi
*Attorney for Defendants*

| | |
|---|---|
| **BRENT ROBERTS and REGINALD E. BLOOM, JR.,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**GASTON COUNTY, NORTH CAROLINA, GASTON COUNTY BOARD OF COUNTY COMMISSIONERS, in its official capacity, CHAD BROWN, in his individual capacity, and STEPHEN ZILL, in his individual capacity,**<br><br>    **Defendants.** | **CERTIFICATE OF SERVICE** |

I hereby certify that I have on this 10th day of July, filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify the following counsel of record:

| | | |
|---|---|---|
| Jenny L. Sharpe<br>**J SHARPE, PLLC**<br>15720 Brixham Hill Ave<br>Suite 300<br>Charlotte, NC 28277<br>T: (704) 944-3272<br>sharpeattorney@gmail.com<br><br>*Attorney for Plaintiff* | Julie H. Fosbinder<br>**FOSBINDER LAW OFFICE**<br>840 Seneca Place<br>Charlotte, NC 28210<br>T: (704) 560-8600<br>Jhanfos2@gmail.com<br><br>*Attorney for Plaintiff* | J. Matthew Little<br>Jennifer B. Milak<br>**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**<br>P.O. Box 19207<br>Raleigh, NC 27619-9207<br>T: (919) 719-4730<br>mlittle@teaguecampbell.com<br>jmilak@teaguecampbell.com<br><br>*Attorneys for Defendant Chad Brown* |

**LITTLER MENDELSON P.C.**

*/s/ Kathleen K. Lucchesi*
Kathleen K. Lucchesi
*Attorney for Defendants*

21