**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-0927-DCK**

| | |
|---|---|
| **BRENT ROBERTS and REGINALD E. BLOOM, JR.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GASTON COUNTY, NORTH CAROLINA, GASTON COUNTY BOARD OF COUNTY COMMISSIONERS, in its official capacity, CHAD BROWN, in his individual capacity, and STEPHEN ZILL, in his individual capacity,**<br><br>**Defendants.** | **DECLARATION OF KATHLEEN K. LUCCHESI** |

I, Kathleen K. Lucchesi, do hereby declare and state pursuant to 28 U.S.C. §1746 and under penalty of perjury the following:

1. I am a resident of Mecklenburg County, North Carolina and am over 18 years of age. I am also an attorney with Littler Mendelson, P.C., attorneys of record for Defendants Gaston County, North Carolina ("Gaston County"), Gaston County Board of County Commissioners ("BOCC"), and Stephen Zill ("Zill") (together, "Defendants").

2. I do not represent nor have I ever represented former Defendant Chad Brown in his individual capacity.

3. I am duly licensed to practice law before the state and federal courts of North Carolina and have been a lawyer in good standing in the State of North Carolina since August 1997.

1

4. As defense counsel, I have access to and maintain the communications, notices, filings, submissions and other documents in this matter which are kept and maintained in the ordinary course of business, at or near the time created or received. Except where otherwise indicated, all the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

5. Pursuant to the Court's Pretrial Order and Case Management Plan, the parties held a mediated settlement conference with mediator Sarah Kromer. Through mediator Kromer, I informed Plaintiffs' counsel ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████.

6. All settlement offers I conveyed to Plaintiffs through mediator Kromer were ██

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████.

7. The parties did not resolve Plaintiffs' claims during the mediation. ███████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████.

8. After Plaintiffs and representatives of Defendants left, Plaintiffs' counsel and defense counsel met with mediator Kromer to further discussion mediation. During that discussion, Plaintiff Bloom's counsel asked defense counsel ████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████ .

9.     Counsel for Gaston County and Plaintiffs' counsel continued to discuss possible settlement of each Plaintiff's claims until April 28, 2026, when Roberts and Gaston County reached a proposed settlement agreement that included the same Board Approval provision contained in Plaintiff Bloom's proposed settlement agreement and required ████████████ ████████████████████████████ Thereafter, Gaston County and Plaintiff Bloom continued settlement negotiations until reaching an impasse on June 11, 2026.

10.    During a call on April 8, 2026, Plaintiff's counsel stated that ████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████████ .

11.    On April 9, 2026, I conveyed to mediator Kromer █████████████████ ████████████████████████████

███████████████████████████████████████████████



12. It is my understanding that Kromer conveyed these settlement offers to Plaintiff's counsel.

13. I continued negotiations with Plaintiff's counsel following the settlement of Roberts' claims on April 28, 2026.

14. I spoke with Plaintiff's counsel on or about May 13, 2026 regarding Plaintiff Bloom's settlement demands. I told Plaintiff's counsel ███████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████.

15. On May 18, 2026, I also emailed Kromer regarding ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████:



**Bloom Settlement Follow-up**

Lucchesi, Kathleen
To ○ 'Sarah Kromer'
5/18/2026

ⓘ Follow up. Start by Wednesday, July 8, 2026. Due by Wednesday, July 8, 2026.

16. ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████.

17. ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████

18. I received Plaintiff's subpoena *duces tecum* for defense expert, Michael Yaniero on or about March 23, 2026. I spoke with Yaniero via telephone that same day regarding the subpoena. I did not provide him with a copy of the subpoena but did request that he provide his complete file to me. Prior to serving as an expert in this case, Yaniero had never served as an expert witness.

19. I left Jackson Lewis, PC on April 10, 2026, and joined Littler Mendelson, PC on April 13, 2026. Jackson Lewis did not transfer the client file to Littler until May 8, 2026:

6

From: Smith, Veronica
Sent: Friday, May 8, 2026 4:24 PM
To: Lucchesi, Kathleen <KLucchesi@littler.com>; Venable, Patricia <PVenable@littler.com>; Phan, Stephanie <SPhan@littler.com>
Subject: RE: Incoming Shareholder - Kathleen Lucchesi

Hi Team,
I want to provide an update. The zip for Gaston County is rather large and is taking *significant* time to unzip, so it will likely be Monday when the files are imported.

Thank you.

Veronica Smith
**Sr. Coordinator Compliance Operations - Practice Support**
+1 816.772.0660 direct, +1 816.223.7694 mobile
2301 McGee St, 7th Floor, Kansas City, MO 64108
VSmith@littler.com

20.     Yaniero provided his complete file to me including his typewritten case notes. I provided his case file to Plaintiff's counsel on May 5, 2026 and did not withhold any documents but did redact privileged discussions between me, Yaniero, and Gaston County Attorney David Goldberg.

21.     Following the April 28, 2026 resolution of Roberts' claims, I did not consult with attorney Jennifer Malik regarding settlement of Plaintiff Bloom's claims.

22.     At no time during the March 10, 2026 to June 11, 2026 settlement discussion period did I convey to Kromer or to Plaintiff's counsel that I had authority to approve the proposed settlements of Roberts or Plaintiff Bloom's claims without a formal vote of approval by the BOCC.

23.     Likewise, I did not convey, promise, or guarantee to Kromer or to Plaintiff's counsel that the BOCC would approve either Roberts' or Plaintiff Bloom's proposed settlement agreements.

24.     In addition to this case, I also represented Gaston County in claims brought by ████████████████████████████████████████████████████. Attorney Jenny Sharpe represented ████████████ in that case. The parties agreed upon a proposed settlement agreement which Gaston County submitted to the BOCC for approval. The BOCC voted to

approve ███████████████████████████████████████. Sharpe is well aware of the limitations to my authority to bind Gaston County to a settlement agreement without a formal BOCC vote approving such an agreement.

25.     Plaintiff's counsel provided me with a draft copy of Plaintiff's Motion to Enforce Settlement Agreement, Motion for Sanctions, and Motion for an Evidentiary Hearing ("Plaintiff's Motion"), in advance of filing same. In it, Plaintiff claims without any supporting evidence that during settlement negotiations, my conduct and that of Defendants amounted to bad faith.

26.     Throughout this litigation, Plaintiff has repeatedly engaged in a pattern of making false and inflammatory claims without factual support and without regard to the reputational damage caused to me and Defendants. I provided Plaintiff's counsel with a letter outlining why Plaintiff's Motion was not supported by the settlement communications between me and Plaintiff's counsel and encouraged them to review Rule of Civil Procedure 11 before filing Plaintiff's Motion as it was frivolous and not based in law or fact.

27.     For Plaintiff's counsel to now argue that formal BOCC approval of Plaintiff's proposed settlement agreement was not an agreed upon condition precedent to the agreement is disingenuous at best. But for Plaintiff to file the instant Motion claiming that my actions and those of Defendants "***appear*** to constitute objective bad faith" is in and of itself bad faith, sanctionable conduct that this Court should not let stand. [DE 106-1, p. 10].

28.     I declare under penalty of perjury on this 10th day of July, 2026, that the foregoing is true and correct.

*/s/ Kathleen K. Lucchesi*
Kathleen K. Lucchesi
N.C. State Bar No. 24386
LITTLER MENDELSON, P.C.
620 S. Tryon Street, Ste. 950

8

Charlotte North Carolina 28202
Telephone: (704) 972-7011
Facsimile: (980) 943-4238
Email: kluccchesi@Littler.com

*Attorney for Defendants Gaston County,*
*North Carolina, Gaston County Board of*
*County Commissioners, and Stephen Zill*

9