**FOSBINDER LAW OFFICES**
**840 Seneca Place**
**Charlotte, North Carolina 28210**

**(704) 560-8600**                                    **Jhanfos2@gmail.com**

June 8, 2026

Kathleen K. Lucchesi
Littler Mendelson, P.C.
620 S. College Street, Suite 905
Charlotte, North Carolina 28202
Email: KLucchesi@littler.com

Jennifer B. Milak
Teague Campbell Dennis & Gorham, LLP
Post Office Box 19207
Raleigh, North Carolina 27619-9207
Email: jmilak@teaguecampbell.com

**Re: Bloom v. Gaston County, NC, et al.**
No. 3:24-cv-0927(WDNC 2024)

Dear Counsel:

We write to notify you of our intent to file a motion for sanctions with the Court tomorrow, Tuesday, June 9th. We are available to discuss this motion with you today, this evening, or tomorrow before noon.

Our Motion is for Sanctions pursuant to 28 U.S.C. § 1927, which provides in relevant part: "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." The "[F]ederal courts have inherent authority to sanction," deriving from their "powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Six v. Generations Fed. Credit Union*, 891 F.3d 508 519 (4th Cir. 2018). *See also*, *Chambers v. NASCO*, 501 U.S. 32, 51 (1991) (the court's ". . . inherent power extends to a full range of litigation abuses."); *Hall v. Cole*, 412 U.S. 1, 5 (1973) ("It is unquestioned that a federal court may award counsel fees to a successful party [pursuant to its inherent authority] when his opponent has acted in bad faith vexatiously, wantonly, or for oppressive reasons.").

The factual basis for the motion include the protracted negotiations on behalf of Captain Bloom, which led to the Agreement reached on May 20th ; ███████████████████████ ████████████████████████████████████████████████████ We are asking the Court for an evidentiary hearing regarding ████████████████████ ██████████████████████████████████. We recognize, of course, that

1 | P a g e

Commissioner Brown was dismissed from this case but there is case authority for the Court to retain jurisdiction for the actions which took place before the dismissal was filed. We also have prepared a new Complaint against Brown ████████████████████████████████████ ██████████████████████████████████.

We will seek (i) an Order directing the Gaston County Director of Finance to certify the Bloom Agreement as required by N.C. Gen. Stat. § 159-28; and/or in the alternative (ii) an Order directing Chad Brown and his attorney, as well as the Defendants, Gaston County and its Board, and their counsel, to pay Bloom his reasonable attorneys' fees and costs associated with the negotiation of the Bloom Agreement, the filing of the motion, the deposition of expert, Michael Yaniero, and all mediator fees associated with Bloom's claims.

As stated we are happy to talk with you to resolve this motion for sanctions without court intervention. Thank you.

Very truly yours,

*Julie H. Fosbinder*
Julie H. Fosbinder

cc: Jenny L. Sharpe Attorney at Law
Reginald E. Bloom, Jr.