

**Littler Mendelson, P.C.**
620 South Tryon Street
Suite 950
Charlotte, NC 28202


Kathleen K. Lucchesi
Shareholder
704-972-7011 direct
704-972-7000 main
704-943-4238 fax
klucchesi@littler.com

**VIA E-MAIL ONLY**
Jenny Sharpe
J Sharpe, PLLC
15720 Brixham Hill Ave, Ste 300
Charlotte, NC 28277
sharpeattorney@gmail.com

Julie Fosbinder
Fosbinder Law Office
840 Seneca Place
Charlotte, NC 28210
jhanfos2@gmail.com

> **Re:** **Bloom v. Gaston County, North Carolina, et al**
> **WDNC Case No. 3:24-cv-00927-DCK**

Dear Jenny and Julie,

Thank you for sending over your proposed motions for our review. To be clear, Defendants do not consent to Plaintiff Bloom filing the motions and supporting documents whether it's done under seal or not.

The motions and supporting documents present arguments that are factually and legally false. Without addressing all objectionable arguments, several stand out. You argue that Captain Bloom's Settlement Agreement is a "complete agreement" which manifests an intent to resolve the litigation completely. Yet conveniently, you ignore the Paragraph 19 Board Approval provision contained in Paragraph 19 of the Agreement that specifically states: "The Parties acknowledge and agree that this Agreement will not be valid or enforceable without the approval of the Gaston County Board of County Commissioners. Without such approval by the Gaston County Board of County Commissioners, the Parties shall have no obligation to comply with the provisions contained in this Agreement."

You also claim - without factual or legal support - that I had actual authority to act and negotiate a final settlement on behalf of the Board. You argue that if I lacked the authority to bind Defendants, then I had not been candid with you about that lack of authority. Your prevarication is both shocking and easily refuted.

Both of you have been actively practicing law for several decades. You know that cities and counties in North Carolina must get board approval of settlements over a certain dollar amount. As a reminder, this is the third settlement agreement Jenny and I have negotiated involving Gaston County since 2023. The two settlement agreements preceding Captain Bloom's Agreement required Board approval to be valid and enforceable. For Jenny to now argue that she was unaware Board approval was required is disingenuous at best.

You may also remember that you prepared the first draft of Captain Bloom's agreement which included the Board Approval provision. I revised that provision to include the language noted above. It is difficult to imagine language more candid than this explicit statement regarding the Board's singular authority to approve Captain Bloom's Settlement Agreement.

Additionally, the emails, phone calls, and discussions between counsel and through mediator Sarah Kromer directly contradict your claims – documentary evidence you should have in your possession including your May 21, 2026 email:



This email alone confirms you understood that Board approval was required for the Agreement to be valid and enforceable. However, my May 22, 2026 response to your email eliminates all doubt that I was transparent with you regarding the limits to my authority to bind Defendants without Board approval:

2

RE: Bloom settlement agreement



Lucchesi, Kathleen

To  ○ 'jenny sharpe'
Cc  ○ Julie Fosbinder;  ○ Sarah Kromer;  ○ Jennifer B. Milak;
    ○ Venable, Patricia

5/22/2026

ⓘ Follow up.  Start by Wednesday, June 10, 2026.  Due by Wednesday, June 10, 2026.
This message is part of a tracked conversation. Click here to find all related messages or to open the original flagged message.

As I'm certain you know, there are more emails between the parties discussing possible settlement and reiterating that any potential settlement is subject to Board approval. Before you take any further action, I encourage you to review Fed. R. Civ. P. 11 which prohibits the filing of pleadings that are not reasonably based in law or fact. Neither Defendants nor defense counsel should have to defend against these frivolous claims, but we are prepared to do so if necessary.

Sincerely,

**LITTLER MENDELSON, P.C.**

*Kathi*

Kathleen K. Lucchesi

CC:    David Goldberg (via email)
       Jennifer Milak / Matt Little (via email)

3